**EXHIBIT B**

Westlaw.

Not Reported in F.Supp.2d
2002 WL 227079 (D.Del.)
**(Cite as: 2002 WL 227079 (D.Del.))**

Page 1

▷

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

Gary B. FILLER and Lawrence Perlman, Trustees of the TRA Rights Trust,
Plaintiffs,
v.
Jo LERNOUT, Pol Hauspie, Gaston Bastiaens, Carl Dammekens, Nico Willaert,
Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren, and Paul Behets, Defendants.
STONINGTON PARTNERS, INC., Stonington Capital Capital Appreciation 1994 Fund L.P., Stonington Holdings, L.L.C., Plaintiffs,
v.
Carl DAMMEKENS, Klynveld Peat Marwick Goerdeler Bedrijfsrevisoven, KPMG UK,
Paul Behets, KPMG International, KPMG LLP, Corporations A-Z, John Does 1-50,
Defendants.
Paul G. BAMBERG, Robert Roth, Paul G. Bamberg and Donald B. Fletcher, Jr., as
Trustees of the Paul G. Bamberg Trust u/a dated 8/18/89, as amended 10/20/93,
and Cherry F. Bamberg and Donald B. Fletcher, Jr., as Trustees of the Cherry F.
Bamberg Trust u/a dated 8/18/89, as amended 10/20/93, Plaintiffs,
v.
Jo LERNOUT, Pol Hauspie, Nico Willaert, Carl Dammekens, Dirk Cauwelier, Fernand Cloet, Jan Coene, Marc G.H. De Pauw, Hubert Detremmerie, Roel Pieper, Rvd Securities, N.V., Alex Vieux, Gerard Van Acker, Bernard Vergnes, Francis Vanderhoydonck, L & H Holding, N.V., L & H Holding, III, Oldco, N.V., L & H Investment Company, N.V., Leha, KPMG International, KPMG LLP, KPMG UK and KPMG Belgium, Defendants.
Janet BAKER and James Baker, Jkbaker LLC and Jmbaker LLC, Plaintiffs,
v.
KPMG LLP, KPMG International, KPMG Belgium, KPMG UK, Paul Behets, SG Cowen Securities Corporation, Jo Lernout, Pol Hauspie, Carl Dammekens, Nico Willaert,
Roel Pieper, and Corporations A-Z, and John Does 1-50, Defendants.

No. CIV.A.01-191-SLR, CIV.A.01-298-SLR, CIV.A.01-379-SLR, CIV.A.01-380-SLR.

Feb. 8, 2002.

MEMORANDUM ORDER

ROBINSON, District J.

I. INTRODUCTION

*1 Presently before the court are defendants' motions [FN1] to transfer pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motions will be granted.

> FN1. C.A. 01-379-SLR, D.I. 4; C.A. 01-380-SLR, D.I. 66; C.A. 01-191-SLR, D.I. 29. In C.A. 01-298-SLR, defendant Klynveld moved to dismiss under the common-law doctrine of *forum non conveniens* contending that the proper forum is Belgium and that the matter should be dismissed. (D.I.37)

II. BACKGROUND

The above captioned actions arise from a series of events related to security transactions involving Lernout & Hauspie Speech Products N.V. ("L & H"). L & H is a global speech recognition software company that offers products and services including automatic speech recognition, text-to-speech, digital speech and music compression and text-to-text translation. (C.A.01-191-SLR, D.I.1, ¶ 1)

Plaintiffs Janet Baker and James Baker [FN2] were majority owners of the shares of Dragon Systems, Inc. ("Dragon"), then a leading worldwide supplier of speech and language technology. L & H was a chief competitor of Dragon. On June 7, 2000, the Bakers purchased L & H [FN3] stock in an all-stock transaction whereby Dragon was merged into a U.S.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

subsidiary of L & H, known as L & H Holdings USA, Inc.. This transaction occurred pursuant to an Agreement and Plan of Merger among the Bakers, L & H, L & H Holdings USA Inc., Dragon Systems, Inc., and certain other principal shareholders of Dragon, dated March 27, 2000.

> FN2. Additional plaintiffs in C.A. 01-380-SLR are JK Baker LLC and JMBaker LLC. Plaintiffs claim damages, as a result of their exchange of their 51% interest in Dragon, worth hundreds of millions of dollars, for artificially inflated L & H stock.

> FN3. Defendant is a Belgium corporation.

Plaintiffs Gary B. Filler and Lawrence Perlman [FN4] represent Seagate, a world leader in storage technology for Internet, business and consumer applications. Seagate designed, manufactured and marketed products for storage, retrieval and management of data on computer systems, including disc drives, disc drive components, tape drives and software. (C.A. No. 01-191-SLR, D.I.1, ¶ 1) Seagate [FN5] alleges it sold its nearly $170 million interest in Dragon for L & H stock as part of the Agreement outlined above.

> FN4. Plaintiffs in C.A. No. 01-191-SLR, and trustees of the TRA Rights Trust.

> FN5. Gary B. Filler and Lawrence Perlman, plaintiffs in C.A. 01-191, are the former Co-Chairman of the Board of Seagate and currently the Trustees of the TRA Rights Trust, the sole successor in interest to Seagate for and on behalf of the stockholders of Seagate with respect to any and all claims and causes of action possessed by Seagate arising out of, in connection with, or relating to Seagate's acquisition or ownership of shares of, or holdings in L & H.

Plaintiffs Stonington Partners, Inc, Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings, L.L.C. [FN6] purchased L & H stock in a merger of Dictaphone Corporation into a subsidiary of L & H that was consummated in May 2000.

> FN6. Plaintiffs in C.A. 01-298.

Plaintiffs Paul F. Bamberg, Donald B. Fletcher, Jr., Donald B. Fletcher, J. and Cherry F. Bamberg and Donald B. Fletcher, Jr. [FN7] were shareholders of Dragon.

> FN7. Plaintiffs in C.A. 01-379.

In November, 2000, L & H announced it would have to restate its financial statements for 1998, 1999 and the first half of 2000 because of accounting irregularities. (C.A.01-380-SLR, D.I.1, ¶ 4) Subsequently, L & H filed for bankruptcy protection in the United States and Belgium, the NASDAQ Exchange delisted L & H stock and investigations followed. A wave of securities fraud actions followed brought by shareholders of L & H against, *inter alia*, L & H officers and directors, L & H auditors, and various investment bankers. (C.A.01-380, D.I.66)

Essentially, all of the above captioned plaintiffs assert L & H engaged in fraudulent transactions and accounting practices that enabled L & H to artificially inflate its revenues, earnings and the value of its stock. Similar lawsuits were first instituted in the United States District Court for the District of Massachusetts, *In re Lernout & Hauspie Securities Litigation,* Civil Action No. 00-CV-11589-PBS. [FN8]

> FN8. The class action complaint was filed on August 4, 2000. C.A. No. 01-380-SLR (D.I.69, Ex. A). It was subsequently consolidated with other cases in the District of Massachusetts as well as the Eastern District of Pennsylvania. *Id.* at Ex. D.

III. DISCUSSION

*2 More than fifty years ago, the Third Circuit Court of Appeals adopted the "first-filed rule" where "[i]n all cases of federal concurrent jurisdiction the court which first had possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir.1941) (quoting *Smith v. McIver,* 22 U.S. (9 Wheat.) 532 (1824)). Consequently, the second filed action should be stayed or transferred to the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3
2002 WL 227079 (D.Del.)
**(Cite as: 2002 WL 227079 (D.Del.))**

court where the first filed action is pending. *Peregrine Corp. v. Peregrine Indus., Inc.,* 769 F.Supp. 169, 171 (E.D. Pa 1991); *Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.,* Civil Action No. 01-532-GMS, 2001 WL 1414868 (D.Del.2001). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971 (3d Cir.1988). The decision to transfer or stay the second action is within the discretion of the trial court. *Id.,* at 972, 977. However,
> invocation of the rule will usually be the norm, not the exception. Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule.

*Id.* at 979.

The court finds the four cases involve the same set of facts, although not necessarily the same claims as those pending in the United States District Court for the District of Massachusetts. Since the shareholder actions in Massachusetts were filed first, transfer of these subsequently filed Delaware actions will promote judicial administration and consistency of results.

IV. CONCLUSION

For the reasons stated, at Wilmington, this 8th day of February, 2002, IT IS ORDERED that:

1. The motions to transfer [FN9] are granted.

>    FN9. C.A. 01-379-SLR, D.I. 4; C.A. 01-380-SLR, D.I. 66; C.A. 01-191- SLR, D.I. 29; 01-298-SLR D.I. 37.

2. The above-captioned actions shall be transferred to the United States District Court for the District of Massachusetts.

2002 WL 227079 (D.Del.)

Motions, Pleadings and Filings (Back to top)

- 1:01CV00379 (Docket) (Jun. 06, 2001)

- 1:01CV00380 (Docket) (Jun. 06, 2001)

- 1:01CV00298 (Docket) (May. 04, 2001)

- 1:01CV00191 (Docket) (Mar. 26, 2001)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.