**EXHIBIT D**

USBK/DE

```
                                    ┌─────────────────────────────┐
                                    │  F I L E D                  │
IN THE UNITED STATES DISTRICT COURT │                             │
FOR THE DISTRICT OF DELAWARE        │     JUL - 8 2003            │
                                    │                             │
                                    │   U.S. DISTRICT COURT       │
                                    │   DISTRICT OF DELAWARE      │
                                    └─────────────────────────────┘
```

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PSA, INC., and AFFILIATES, | ) | Bank. C.A. No. 00-3570 JCA |
| | ) | |
| Debtors. | ) | Adv. Pro. No. O2-5236 |
| _____ | ) | |
| PSA, INC., ETS PAYPHONES, INC. | ) | |
| PHOENIX TELECOM OF PUERTO | ) | |
| RICO, INC., and AFFILIATES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 02-1495-KAJ |
| v. | ) | |
| | ) | |
| PUERTO RICO TELEPHONE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion by Puerto Rico Telephone Company, Inc. ("PRTC") to Transfer Venue ("Motion") to the United States District Court for the District of Puerto Rico. (Bankruptcy Docket Item ["BK D.I."] 5.) On May 15, 2003, this Court held oral argument on the Motion. For the following reasons, PRTC's Motion is granted.

## I. BACKGROUND

On September 11, 2000, PSA, Inc., and Affiliates (the "Debtors") filed their Chapter 11 petitions and on November 14, 2001, the Bankruptcy Court confirmed the Debtors' Plan of Reorganization. On December 28, 2001, PRTC filed an administrative expense claim for utility services provided to the Debtors in Puerto Rico. (BK D.I.

2250.) On August 5, 2002, Debtors filed an objection to PRTC's claim (the "Objection"), along with a counterclaim seeking damages against PRTC. (BK D.I. 2401.) Pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure ("FRBP"), the filing of the Objection with a demand for affirmative relief automatically converts the contested matter into an adversary proceeding governed by Rule 7001 of the FRBP. On August 16, 2002, the Debtors filed the Complaint in this Adversary Action, placing their claims against PRTC at issue. (*See* ADV D.I. 1.) On September 18, 2002, PRTC filed a Motion to Transfer Venue.

Pursuant to 28 U.S.C § 1404(a), a court may transfer any civil action to any federal court where the action might have been brought originally, if such transfer is for the convenience of the parties and witnesses, and in the interest of justice. PRTC contends that it conducts substantial business in Puerto Rico and has its principal place of business in Puerto Rico. (BK D.I. 5 ¶ 5.) Additionally, PRTC asserts that numerous sources of proof, documents as well as witnesses, are located in Puerto Rico. Further, because the Debtors are seeking, in addition to money damages, permanent injunctive relief, PRTC argues that maintaining the action here would require the Court to monitor compliance in Puerto Rico. (*Id.* at ¶¶ 10,12 and 13.) The Debtors oppose the Motion, contending that there is a strong presumption to keep the case where the bankruptcy is pending and that PRTC's argument of inconvenience is not sufficient to overcome that presumption. (BK D.I. 8 at 5.)

## II.    DISCUSSION

The general transfer statute, 28 U.S.C.A. § 1404 (a) states that:

2

> For the convenience of parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division
> where it might have been brought.

In the Third Circuit, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, provides a list of both

public as well as private interests that may be considered when analyzing the

"convenience of parties and witnesses" and the "interest of justice" under 28 U.S.C.A. §

1404 (a).

The private interests include: (1) plaintiff's forum preference as manifested in the

original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4)

the convenience of the parties as indicated by their relative physical and financial

condition; (5) the convenience of the witnesses but only to the extent that the witnesses

may actually be unavailable for trial in one of the fora; and (6) location of books and

records (similarly limited to the extent that the files could not be produced in the

alternative forum). *Id.*

The public interests include: (1) the enforceability of the judgment; (2) practical

considerations that could make the trial easy, expeditious or inexpensive; (3) the

relative administrative difficulty in the two fora resulting from court congestion; (4) the

local interests in deciding local controversies at home; (5) the public policies of the fora;

and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.*

The bankruptcy plan in this case is now confirmed. Therefore, Debtors'

argument that the case should remain here because of the bankruptcy proceedings is

non-persuasive. The claim is for behavior occurring entirely in Puerto Rico. Debtors'

3

complaint includes allegations that: (1) PRTC was too slow to install, repair, and/or disconnect telephone lines in Puerto Rico; (2) PRTC charged too much for telephone lines in Puerto Rico; (3) PRTC failed to carry out its regulatory duties in Puerto Rico; (4) PRTC violated both the Sherman Act and the Puerto Rico Monopoly Act in Puerto Rico; (5) PRTC interfered with Debtors' contractual rights to payphone sites in Puerto Rico; and (6) PRTC behaved inequitably in Puerto Rico.  (BK D.I. 10 at ¶¶ 30, 73-92, and 117-119.)  Further, Debtors have not successfully countered PRTC's argument of inconvenience.  The private interests concerning the convenience of the parties and witnesses favors transfer to Puerto Rico because the company, as well as potentially relevant officers, employees, witnesses and documents, are located in Puerto Rico. The equitable relief sought by Debtors would necessarily require implementation and monitoring in Puerto Rico.  Additionally, the language difference between the parties is a practical consideration which would affect the administration of the judgment and counsels in favor of transfer.  In short, the balancing of the 29 U.S.C.A. § 1404(a) requirements and the potential public and private interests in this case weigh in favor of transfer.

## III.  CONCLUSION

Therefore, it is hereby ORDERED that PRTC's Motion to Transfer Venue to the United States District Court for the District of Puerto Rico (BK D.I. 5) is GRANTED.


UNITED STATES DISTRICT JUDGE

DATE:   July 8, 2003
Wilmington, Delaware

4