## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE | ) | |
| OF THE LERNOUT & HAUSPIE SPEECH | ) | |
| PRODUCTS N.V. LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP and KLYNFELD PEAT MARWICK | ) | |
| GOERDELER BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPENING BRIEF IN SUPPORT OF KPMG LLP'S MOTION TO
## TRANSFER THE ACTION TO THE DISTRICT OF MASSACHUSETTS

Dated:  October 4, 2004

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile:  (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com
Attorneys for KPMG LLP

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS.................................................................................ii,iii

SUMMARY OF THE ARGUMENT .............................................................. 1

NATURE AND STAGE OF PROCEEDINGS................................................ 2

STATEMENT OF THE FACTS ..................................................................... 3

    A.   The Actions Pending in the Massachusetts District Court ............................. 3

    B.   Discovery and Scheduling in the Massachusetts Actions................................ 5

LEGAL STANDARD...................................................................................... 5

ARGUMENT ................................................................................................. 6

CONCLUSION .............................................................................................. 10

TMH/103194-0002/1046034/1

## TABLE OF CITATIONS

### Cases

**Page**

In re A.R.E. Mfg. Co., 124 B.R. 912 (Bankr. M.D. Fla. 1991)........................... 5

In re Centennial Coal, Inc., 282 B.R. 140 (Bankr. D.Del. 2002) .......................... 5,6,8

In re DVI Inc., No. 03-12656 MFW, Civ. A. 04-170 JJF,
    2004 WL 1498593 (D.Del. June 23, 2004) ........................................ 6

Davox Corp. v. Digital Sys. Int'l, 846 F. Supp. 144 (D. Mass. 1993) ..................... 7,9

E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3d Cir. 1988) ..................... 8

In re Emerson Radio Corp., 52 F.3d 50 (3d Cir. 1995) ................................... 6

Ferens v. John Deere Co., 494 U.S. 516 (1990)......................................... 7,9

Filler v. Lernout, 2002 WL 227079 (D.Del. Feb. 8, 2002).............................. 3,7,8

HLI Creditor Trust v. Keller Rigging Constr. (In re Hayes
    Lemmerz Int'l.), 2004 WL 1673061 (Bankr. D.Del. July 20, 2004) ................. 6

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995) ............................ 6

In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Aug. 19, 2002) ........... 2

In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Nov. 18, 2002) ........... 2

Nisselson v. Lernout, No. 03-10843 (D. Mass. Aug. 9, 2004) ........................... 2

PSA, Inc. v. Puerto Rico Telephone Company, Inc. (In Re PSA,
    Inc.), Civil Action No. 02-1495-KAJ, Jordan, J. (D. Del. July 8, 2003) ............. 8

Pursuit Athletic Footwear, Inc. v. Save Power Ltd., No. Civ. A. 96-40-MMS,
    1996 WL 328596 (D.Del. June 7, 1996) ....................................... 8,9,10

In re Thomson McKinnon Sec. Inc., 126 B.R. 833 (Bankr. S.D.N.Y. 1991) ............... 5

Van Dusen v. Barrack, 376 U.S. 612 (1964)............................................ 7

TMH/103194-0002/1046033/1

## Statutes & Rules

28 U.S.C. § 1404 ................................................................................................ 6,7

28 U.S.C. § 1404(a) .......................................................................................... 1,7

28 U.S.C. § 1412 ............................................................................................... 1,5

Fed. Bankr. R. 7087 .......................................................................................... 1,5

TMH/103194-0002/1046033/1

Defendant KPMG LLP ("KPMG US") respectfully submits this memorandum of law in support of its motion to transfer this action from the United States Bankruptcy Court for the District of Delaware to the United States District Court of Massachusetts (the "Massachusetts District Court") pursuant to 28 U.S.C. Sections 1404(a) and 1412 and Federal Rule of Bankruptcy Procedure 7087.[1]

## SUMMARY OF THE ARGUMENT

The Litigation Trustee of Lernout & Hauspie Speech Products N.V. ("L&H") Litigation Trust (the "Plaintiff" or the "L&H Litigation Trust") has commenced this adversary proceeding against Klynfeld Peat Marwick Goerdeler Bedrijfrevisoren ("KPMG Belgium") and KPMG US in this Court under 28 U.S.C. Section 1334(b). (Compl. ¶ 19.)[2] Plaintiff is the post-confirmation successor-in-interest to L&H created by a confirmed plan of reorganization for L&H, a Belgian Company with U.S. offices in Massachusetts. (Compl. ¶ 26.) Plaintiff brings this action standing in the shoes of L&H and alleges various Massachusetts state law claims against KPMG US and KPMG Belgium.

The gravamen of Plaintiff's Complaint is that L&H's management (the so-called "Breaching Managers") falsely inflated the Company's revenues and earnings, with the alleged assistance of KPMG Belgium and KPMG US. Plaintiff alleges that, as a result of the alleged fraud by the Breaching Managers, L&H incurred $340 million in debt that it could not repay in connection with its acquisition of two companies, namely Dragon Systems, Inc. ("Dragon") and

---

[1] Pursuant to the parties' agreement set forth in a letter dated September 30, 2004, KPMG US's time to move to dismiss or otherwise respond to the Complaint has been extended until forty-five (45) days after KPMG Belgium has been served with the Complaint in order to permit a coordinated briefing schedule. This transfer motion is made without waiver of or prejudice to any and all defenses, including those set forth in Fed. R. Civ. P. 12(b). A copy of the September 30, 2004 letter is attached hereto as Exhibit A to the accompanying Declaration of Douglas N. Candeub (the "Candeub Decl." or "Candeub Declaration").

[2] Citations hereto to the Complaint are in the form "Compl. ¶ __."

Dictaphone Corporation ("Dictaphone").  Plaintiff also alleges that "Massachusetts [is] the 'center of gravity'" of the alleged misconduct at issue.  (Compl. ¶ 97.)

Virtually all of the factual and legal issues surrounding Plaintiff's claims against KPMG US and KPMG Belgium have been the subject of litigation pending for several years in the Massachusetts District Court. (Saris J.)  Judge Saris has presided over six different cases naming KPMG US and KPMG Belgium and has issued numerous written opinions, some extremely lengthy.[3]  These cases concern the exact same issues presented here -- for example, the factual issues surrounding the collapse of L&H, the analysis of alleged misrepresentations related to the Dictaphone and Dragon transactions, the role of, and services performed by, KPMG Belgium and KPMG US, the discovery and jurisdictional issues related to KPMG Belgium, third-party discovery of literally hundreds of persons and entities who have relevant information regarding the collapse of L&H, as well as scores of other factual and legal issues.  Given the Massachusetts District Court's familiarity with matters related to L&H's collapse, numerous cases filed elsewhere have previously been transferred to the Massachusetts District Court, including cases related to L&H's acquisition of Dictaphone and Dragon that were originally filed in the District Court in Delaware.  In addition, the causes of action alleged will each require the application of Massachusetts state law, with which the Massachusetts District Court is well-versed.

For these reasons, and those set forth below, KPMG US respectfully requests that this case be transferred to the Massachusetts District Court.

## NATURE AND STAGE OF PROCEEDINGS

The L&H Litigation Trust filed this action on August 2, 2004, and named two

---

[3]  See, e.g., Nisselson v. Lernout, No. 03-10843 (D. Mass. Aug. 9, 2004); In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Nov. 18, 2002); In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Aug. 19, 2002).  In addition to the decisions by Judge Saris, Magistrate Judge Collings has rendered opinions on numerous discovery motions, involving issues that would be duplicative of those that may arise in this case (such as the applicability of the Belgium secrecy laws to KPMG Belgium's documents and the date-cut off applicable to discoverable documents).

2

defendants, KPMG US and KPMG Belgium. KPMG US and KPMG Belgium are scheduled to

respond to the Complaint on November 15, 2004. No proceedings with respect to the case have

occurred to date.

Plaintiff asserts three claims against KPMG US and KPMG Belgium: (1) Violation of

Mass. Gen. L.C. 93A; (2) aiding and abetting breach of fiduciary duties owed by L&H's

management; and (3) malpractice.

## STATEMENT OF FACTS

### A.    The Actions Pending in the Massachusetts District Court

Since 2000, a series of cases (including the first-filed case) alleging substantially similar

facts and legal theories have been brought against L&H directors and officers, KPMG Belgium,

KPMG US and others in the Massachusetts District Court (or have been transferred to

Massachusetts) (collectively, the "Massachusetts Actions").[4] Indeed, Plaintiff in this case has

taken portions of the complaints in the Massachusetts Actions and re-alleged them here. Plaintiff

has also asserted a claim under Massachusetts statutory law, specifically Mass. Gen. L.C. 93A.

Four cases involving the Dragon and Dictaphone transactions, which are at the heart of

the instant action, previously transferred from the District of Delaware to the Massachusetts

District Court (collectively, the "Transaction Cases").[5] Many of the witnesses (both parties and

---

[4] KPMG US and KPMG Belgium have been named as defendants in the following L&H-related actions currently pending in Massachusetts (collectively, the "Massachusetts Actions"): (1) a consolidated class action entitled In re Lernout & Hauspie Securities Litigation, No. 00-CV-11589 (PBS); (2) four separate actions brought by former shareholders of Dragon and Dictaphone, see infra.; and (3) an action entitled Nisselson v. Lernout et al., No. Civ. A. 03-10843 (PBS), commenced by the Litigation Trustee of the Litigation Trust of Dictaphone (which had also filed for Chapter 11 bankruptcy in Delaware).

[5] The Transaction Cases transferred from the District of Delaware to the District of Massachusetts are: Filler v. Lernout, et al., Case No. 02-10302 (D. Mass.) (originally Case No. 01-191-SLR); Stonington Partners v. Dammekens, et al., Case No. 02-10303 (D. Mass.) (originally Case No. 01-298-SLR); Paul G. Bamberg Trust v. KPMG LLP, et al., Case No. 02-10304 (D. Mass.) (originally Case No. 01-379-SLR); and Baker v. KPMG LLP, et al., Case No. 02-10305 (D. Mass.). The decision transferring the four actions that were filed in Delaware to Massachusetts is reported at Filler v. Lernout, 2002 WL 227079 (D.Del. Feb. 8, 2002). A copy of the court's opinion is attached hereto as Exhibit B to the Candeub Declaration.

3

non-parties) and document discovery in the Massachusetts Actions and Transaction Cases will be the same in this case.  Moreover, the Breaching Managers, whom KPMG US and KPMG Belgium allegedly assisted in allegedly breaching their fiduciary duties to L&H, are defendants in the Massachusetts Actions and depositions of those witnesses (among other witnesses who would overlap with those in this case) have been noticed to take place in Massachusetts.

The Massachusetts District Court has already overseen substantial motion practice both on the merits and on discovery issues of the Massachusetts Actions, which have been consolidated for pre-trial purposes.  All of the Massachusetts Actions are pending before one judge, and a federal Magistrate Judge in Massachusetts has been assigned to oversee the discovery process and any disputes that may arise.

The factual allegations and legal theories in the Complaint are virtually identical to those in the Massachusetts Actions.[6]  The Massachusetts Actions are based upon the same allegations of improper revenue recognition practices at L&H, pertain to the same 1998 and 1999 L&H financial statements, quote the same documents and make the same allegation that KPMG US and KPMG Belgium actively participated in L&H's improper recognition of revenue.[7]

---

[6] Plaintiff's Complaint, along with the complaints filed in the In re L&H Securities Litigation, Stonington, Filler, Baker and Bamberg actions are attached hereto as Exhibits C-1. C-2, C-3, C-4, C-5 and C-6 respectively to the Candeub Declaration.

[7] Notice, for example, the similarities in Plaintiff's allegations referencing U.S. GAAP (Compare Compl. ¶¶ 18, 46, 70, 97 and 106 with Stonington Compl. ¶¶ 315-28; Filler Compl. ¶¶ 6, 69-73; Bamberg Compl. ¶¶ 84-92; Baker Compl. ¶¶ 3-10, 86-95; Class Compl. ¶¶12, 353-386); Plaintiff's allegations referencing a series of articles published in The Wall Street Journal (Compare Compl. ¶¶ 58, 78, 81, 93, 102, 112 and 120 with Stonington Compl. ¶¶ 6, 179, 222, 226, 310; Filler Compl. ¶¶ 5, 95, 99, 150; Bamberg Compl. ¶¶ 171, 368, 369; Baker Compl. ¶¶ 191, 192, 196, 199, 211, 239, 241, 242, 246-51, 254, 255, 260, 266, 285, 304, 314, 324, 369; Class Compl. ¶¶ 8, 413, 422, 424); Plaintiff's allegations referencing KPMG Belgium's certification of L&H's financial statements at issue (Compare Compl. ¶¶ 46, 60, 69-82, 85, 87, 92, 94, 97, 101, 103, 106, 113 and 121 with Stonington Compl. ¶ 3; Filler Compl. ¶¶ 143, 187; Bamberg Compl. ¶ 8; Baker Compl. ¶¶ 3, 297; Class Compl. 44, 235, 236, 243, 525); and Plaintiff's allegations referencing various purported communications between representatives of L&H and representatives of KPMG US or KPMG Belgium.  (Compare Compl. ¶¶ 44, 45, 47, 48, 50, 51, 54, 57, 61, 63-65, and 75 with Stonington Compl. ¶¶ 155. 166, 172, 180, 266; Filler Compl. ¶ 67, 147, 148, 150; Bamberg Compl. ¶¶ 163, 164, 172; Baker Compl. ¶¶ 123-30; Class Compl. ¶¶ 259, 262, 266, 275, 291); and Plaintiff's allegations referencing various purported communications between representatives of L&H and representatives of KPMG US or

4

**B.    Discovery and Scheduling in the Massachusetts Actions**

The parties in the Massachusetts Actions have served extensive discovery requests on

each other, including document requests, interrogatories and requests for admission.  These

requests cover information and documents related to the alleged fraud at L&H and L&H's

resulting collapse and include all aspects of L&H's acquisition of Dragon and Dictaphone.  All

of these subjects are expected to be the subject of discovery in this case.  In addition, the parties

in the Massachusetts Actions have engaged in extensive motion practice before the

Massachusetts District Court.  As a result, the Massachusetts District Court is already intimately

familiar with discovery and other issues that will, to the extent this action proceeds, be germane

to the case.

## LEGAL STANDARD

Federal Bankruptcy Rule 7087 provides that this Court "may transfer an adversary

proceeding . . . to another district court pursuant to 28 U.S.C. § 1412."  Fed. Bankr. R. Pro. 7087.

Pursuant to 28 U.S.C. Section 1412, a case may be transferred to a district court for another

district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412; see,

e.g., In re Centennial Coal, Inc., 282 B.R. 140, 144 (Bankr. D.Del. 2002) (bankruptcy court

transferred adversary proceeding to District Court for Western District of Kentucky); In re

Thomson McKinnon Sec. Inc., 126 B.R. 833, 835 (Bankr. S.D.N.Y. 1991);  In re A.R.E. Mfg.

Co., Inc., 124 B.R. 912 (Bankr. M.D. Fla. 1991).  Similarly, 28 U.S.C. Section 1404 reflects the

fact that transfer is appropriate "[f]or the convenience of parties and witnesses, in the interest of

justice."[8]

---

KPMG Belgium (Compare Compl. ¶¶ 44, 45, 47, 48, 50, 51, 54, 57, 61, 63-65, and 75 with Stonington Compl. ¶¶
155. 166, 172, 180, 266; Filler Compl. ¶ 67, 147, 148, 150; Bamberg Compl. ¶¶ 163, 164, 172; Baker Compl. ¶¶
123-30; Class Compl. ¶¶ 259, 262, 266, 275, 291).

[8] "In the Third Circuit, the considerations used to determine whether a transfer is appropriate are the same

5

In determining whether transfer is appropriate, courts consider all relevant factors in determining whether transfer of the litigation will proceed more conveniently and will better serve the interests of justice. See, e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). These factors include: (1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of books and records and/or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses – especially to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the court's dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home. See HLI Creditor Trust v. Keller Rigging Constr. (In re Hayes Lemmerz Int'l.), 2004 WL 1673061, at *1 (Bankr. D.Del. July 20, 2004); Centennial Coal, 282 B.R. at 144; see also Jumara, 55 F.3d at 879-80 (describing the first six factors as "private interests" and the latter six factors as "public interests").

## ARGUMENT

## THIS ACTION SHOULD BE TRANSFERRED
## TO THE MASSACHUSETTS DISTRICT COURT

Transfer of this action to the Massachusetts District Court would serve the "interest of justice" and the "convenience of the witnesses and parties" for the following reasons:

1.      As an initial matter, the factual and legal overlap between the L&H Litigation

---

under either Section 1404(a) or Section 1412, . . . with the exception that Section 1412 does not require that the action could have been brought in the transferee district." In re DVI Inc., No. 03-12656 MFW, Civ. A. 04-170 JJF, 2004 WL 1498593, *2 (D.Del. June 23, 2004), citing In re Emerson Radio Corp., 52 F.3d 50, 55 (3d Cir. 1995).

6

Trust's Complaint and the complaints in the Massachusetts Actions are significant. The same alleged accounting fraud at a now-bankrupt Belgian company (L&H) giving rise to alleged misstatements in the Company's 1998 and 1999 financial statements is central to all of the cases. L&H's demise is alleged to be the proximate cause of the plaintiffs' harm in all of the cases. In addition, plaintiffs in each of these cases allege that KPMG US and KPMG Belgium provided substantial assistance to L&H in connection with such alleged misstatements. Under these circumstances, the documentary evidence, written discovery, fact depositions and other discovery will be largely identical.

2.      Courts have overwhelmingly adopted the view that it is most efficient if cases with substantially similar facts and legal theories are adjudicated in the same forum. See, e.g., Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) ("We have made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" (citation omitted)); Davox Corp. v. Digital Sys. Int'l, 846 F. Supp. 144, 149 (D. Mass 1993). Transfer is favored where, as in this case, judicial resources will be conserved. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

3.      It was for these reasons that a number of cases originally commenced in districts outside of Massachusetts, namely Delaware and Pennsylvania,[9] were transferred to the Massachusetts District Court to promote judicial efficiency and consistency of results. Filler v. Lernout, 2002 WL 227079, at *2 (D.Del. Feb. 8, 2002) (transferring four Transaction Cases to

---

[9] The cases transferred to the Massachusetts District Court from the United States District Court for the Eastern District of Pennsylvania are: Maskaleris v. Lernout & Hauspie, Case No. 00-CV-12548-PBS (D. Mass.) (originally Case No. 00-CV-04019); Piven v. Lernout & Hauspie, Case No. 00-CV-12552-PBS (D. Mass.) (originally Case No. 00-CV-04047); Kofman v. Lernout & Hauspie, Case No. 00-CV-12561-PBS (D. Mass.) (originally Case No. 00-CV-04271); Cammann v. Lernout & Hauspie, Case No. 00-CV-12555-PBS (D. Mass.) (originally Case No. 00-CV-04890); Godfrey v. Lernout & Hauspie, Case No. 00-CV-12561-PBS (D. Mass.) (originally Case No. 00-CV-05009).

7

the Massachusetts District Court) (Candeub Decl. Ex. C).  Additionally, because the first-filed

case related to this litigation was filed in the Massachusetts District Court, the Delaware District

Court concluded that subsequently filed actions involving the same parties and the same issues

should be transferred to the court in which the earlier filed action is pending.  Id.; see also

E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 979 (3d Cir. 1988) (holding first-filed rule

"will usually be the norm, not the exception").

      4.    Although Plaintiff filed this action in bankruptcy court rather than district court,

the same reasons warrant transfer of this action to the Massachusetts District Court.  The L&H

bankruptcy plan is now confirmed, and nothing in the Complaint requires resolution of issues

related to that Plan.  See, e.g., In re Centennial Coal, Inc., 282 B.R. 140, 144-145 (Bankr. D.Del.

2002); PSA, Inc. v. Puerto Rico Telephone Company, Inc. (In Re PSA, Inc.), Civil Action No.

02-1495-KAJ, Jordan, J. (D. Del. July 8, 2003) ("The Bankruptcy plan in this case is now

confirmed.  Therefore, Debtor's argument that the case should remain here because of the

bankruptcy proceedings is non-persuasive.") (Candeub Decl. Ex. E); Pursuit Athletic Footwear,

Inc. v. Save Power Ltd., No. Civ. A. 96-40-MMS, 1996 WL 328596, at *9-*10 (D. Del. June 7,

1996) (transferring venue due to the absence of connections with Delaware) (Candeub Decl. Ex.

F).  In Nisselson v. Lernout et al., No. Civ. A. 03-10843 (PBS), the plaintiff, trustee of the

Dictaphone Litigation Trust, similarly alleged improper revenue recognition practices against

KPMG US and KPMG Belgium, among other defendants.  However, because the only

connection to the Delaware forum in that case was the underlying bankruptcy action and the state

of incorporation of Dictaphone, plaintiff appropriately filed his action in the Massachusetts

District Court.  Here, too, Plaintiff's claim is merely an attempt to liquidate a cause of action

having no connection with Delaware.

      5.    The allegations and claims asserted in the Complaint here underscore the

8

appropriateness of the resolution of the legal and factual issues by the Massachusetts District Court. The Complaint alleges that Massachusetts is "the center of gravity" of the alleged misconduct at issue here. (Compl. ¶ 97.) Additionally, the Complaint alleges that L&H's U.S. presence was in Massachusetts and that the alleged negligent "auditing functions" occurred in Boston. (Compl. ¶ 97.) Indeed, Plaintiff itself has invoked a Massachusetts consumer protection statute, namely Mass. Gen. L.C. 93A, and other claims requiring the application of Massachusetts state law.

6.      The claims asserted here relate to the same underlying transactions that are the subject of the cases that have been pending in the Massachusetts District Court. Because that court has already delved into, and will continue to delve into, factual and legal issues relating to the present action, judicial economy weighs in favor of transfer. See Ferens, 494 U.S. at 531; Davox Corp., 846 F. Supp. at 149. If these cases were to proceed in separate districts, duplicative discovery and motion practice would ensue, wasting valuable judicial resources by requiring multiple judges to become familiar with the underlying facts here. Moreover, the possibility of inconsistent rulings and results becomes more likely when multiple courts are adjudicating the same issues.

7.      Transfer of this action to the Massachusetts District Court would also be more convenient to the parties and witnesses involved. Because of the ongoing litigation in Massachusetts, discovery has been coordinated in one forum, preventing witnesses from being subjected to multiple depositions in multiple jurisdictions. In Pursuit Athletic Footwear, Inc., the District Court for the District of Delaware gave great weight to the convenience of witnesses in transferring an adversary proceeding to the Northern District of Texas. 1996 WL 328596, at *10. Because the only connection to Delaware was the underlying bankruptcy case, the court found transfer of the action appropriate. Id. at *6-7. Here, too, Plaintiff's choice of forum has

9

no direct relation to the operative, underlying facts of the case. In contrast, virtually all of the

factual and legal issues surrounding Plaintiff's claims against KPMG US and KPMG Belgium

have been the subject of litigation pending for several years in the Massachusetts District Court.

Accordingly, transfer of this action to Massachusetts will prove more convenient to the parties

and witnesses involved and preserve the precious judicial resources at stake.

## **CONCLUSION**

For all the foregoing reasons KPMG US respectfully requests that this Court enter an

Order transferring this action to the Massachusetts District Court.


Dated:  October 4, 2004

MORRIS, JAMES, HITCHENS & WILLIAMS LLP


OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com

Attorneys for KPMG LLP

10