IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT L. BAENA, LITIGATION | ) | |
| TRUSTEE OF THE LERNOUT & | ) | |
| HAUSPIE SPEECH PRODUCTS N.V. | ) | |
| LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP AND KLYNFELD PEAT | ) | |
| MARWICK GOERDELER | ) | |
| BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**LITIGATION TRUSTEE'S MOTION TO EXTEND DEADLINE
TO FILE RESPONSE TO KPMG LLP'S MOTION TO TRANSFER
THE ACTION TO THE DISTRICT OF MASSACHUSETTS**

Scott L. Baena, as Litigation Trustee of the Lernout & Hauspie Speech Products NV Litigation Trust and plaintiff in the above-captioned adversary proceeding, by and through undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9006(b) and Local Rule 9006-2, moves for entry of an order extending the deadline to file an objection to KPMG LLP's Motion to Transfer Action to the District of Massachusetts (the "Motion to Transfer"), and in support thereof states:

## BACKGROUND

1. The Litigation Trustee commenced this action on August 2, 2004, by filing a Complaint asserting various claims for relief against Defendants KPMG LLP and Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG Belgium").

2. KPMG LLP was served on August 2, 2004. At the request of counsel for KPMG LLP, the Litigation Trustee agreed to extend KPMG LLP's deadline to respond to the Complaint to October 1, 2004.

3. After some discussion with the Litigation Trustee's counsel, KPMG LLP filed the Motion to Transfer on October 4, 2004. The Motion to Transfer seeks to transfer the venue of this adversary proceeding to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1404(a) and 1412, and Federal Rule of Bankruptcy Procedure 7087.

4. Pursuant to the applicable local rule of procedure, the Litigation Trustee's deadline to file and serve a response to the Motion to Transfer is October 15, 2004 – 10 days after service of the Motion to Transfer.

## RELIEF REQUESTED

5. The Litigation Trustee seeks entry of an Order, pursuant to Federal Rule of Bankruptcy Procedure 9006(b) and Local Rule 9006-2, extending the deadline to file a response to the Motion to Transfer.

6. Bankruptcy Rule 9006(b) provides in pertinent part that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

\75808\19960\ # 697328 v 1

7.  Local Rule 9006-2 provides:

> If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District Court Rules, or Court Order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

Local Bankruptcy Rule 9006-2.

8.  The Litigation Trustee believes that good cause exists for the requested extension. Specifically, the attorneys primarily responsible for this adversary proceeding for the Litigation Trustee engaged in discussions with counsel for KPMG Belgium in which an agreement was reached to extend KPMG Belgium's deadline to respond to the Complaint to November 15, 2004. Counsel for the Litigation Trustee also engaged in discussions with counsel for KPMG LLP regarding the Complaint and the Motion to Transfer. Counsel for KPMG LLP requested a further extension to file its substantive response to the Complaint to November 15, 2004, and the Litigation Trustee agreed in order to consolidate his preparation of responses to the substantive motions of KPMG LLP and KPMG Belgium and the Motion to Transfer. This appeared to be particularly appropriate since any decision on the Motion to Transfer should consider the position and submissions by KPMG Belgium that are due on November 15, 2004.

9.  Counsel for KPMG LLP recently informed Litigation Trustee's counsel that KPMG LLP does not, and will not, agree to extend the date for response to the Motion to Transfer as set forth above. Based upon the Litigation Trustee's counsel's misunderstanding regarding the agreement as to the response date to the Motion to Transfer, a response has not yet been prepared. The attorneys for the Litigation Trustee primarily responsible for this adversary proceeding will be out of town on October 15, 2004, the date that a response to the Motion to Transfer would otherwise be due.

\75808\19960\ # 697328 v 1

10. Based upon the recently discovered misunderstanding and the schedules of the primary counsel, the Litigation Trustee requests an extension of the deadline to respond to the Motion to Transfer.

11. Counsel for the Litigation Trustee still believes that the originally described arrangement permitting the filing of the Trustee's responses to both the substantive motions directed to the Complaint and to the Motion to Transfer at the same time is appropriate

12. Accordingly, the Litigation Trustee requests such an extension from this Court. In the event the Court believes such an extension to be unreasonable, the Trustee requests that the deadline for his response to the Motion to Transfer be set at November 9, 2004.

13. This extension is not sought for the purpose of delay and will not prejudice Defendant KPMG LLP.

WHERFORE, for the foregoing reasons, the Litigation Trustee respectfully requests that the Court enter an order, a proposed form of which is attached hereto for the Court's convenience, extending the deadline for the Litigation Trustee to respond the Motion to Transfer, and granting such other and further relief as the Court seems just and proper.

Dated: Wilmington, Delaware
October 15, 2004

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
David W. Trench, Esq. (admitted *pro hac vice*)
Nathan G. Mancuso, Esq. (admitted *pro hac vice*)
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

- and -

\75808\19960\ # 697328 v 1

**FERRY JOSEPH & PEARCE, P.A.**

  /s/ Lisa L. Coggins
Theodore J. Tacconelli (Bar Id No. 2678)
Lisa L. Coggins (Bar Id No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
Telephone:  (302) 575-1555
Facsimile:  (302) 575-1714

Co-Counsel for Scott L. Baena, as Litigation Trustee of Lernout & Hauspie Speech Products N.V. Litigation Trust