IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE | ) | |
| OF THE LERNOUT & HAUSPIE SPEECH | ) | |
| PRODUCTS N.V. LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP and KLYNFELD PEAT MARWICK | ) | |
| GOERDELER BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT KPMG LLP'S OPPOSITION TO LITIGATION TRUSTEE'S MOTION
TO EXTEND DEADLINE TO FILE RESPONSE TO TRANSFER MOTION AND
CROSS-MOTION FOR EXPEDITED CONSIDERATION OF TRANSFER MOTION
AND FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com
Attorneys for KPMG LLP

Dated: October 18, 2004

**DEFENDANT KPMG LLP'S OPPOSITION TO LITIGATION TRUSTEE'S MOTION TO EXTEND DEADLINE TO FILE RESPONSE TO TRANSFER MOTION AND CROSS-MOTION FOR EXPEDITED CONSIDERATION OF TRANSFER MOTION AND FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

Defendant KPMG LLP ("KPMG US") respectfully submits this memorandum (1) in opposition to Plaintiff Litigation Trustee's motion[1] to extend the deadline for responding to KPMG US's motion to transfer this action to the District of Massachusetts (the "Transfer Motion"), and (2) in support of its cross-motion for an order deferring the filing or consideration of KPMG US's motion to dismiss until after the Court addresses the Transfer Motion.

## NATURE AND STAGE OF PROCEEDINGS

The L&H Litigation Trust filed this action on August 2, 2004, and named two defendants, KPMG US and Klynveld Peat Marwick Goerdeler Bedrijfrevisoren ("KPMG Belgium"). On October 4, 2004, KPMG US filed a ten page motion to transfer this action to the District of Massachusetts, where six different L&H-related cases naming KPMG US and KPMG Belgium (as well as other defendants) are currently pending, after several years of litigation, before Judge Saris.[2] (A copy of that Transfer Motion is attached as Exhibit E to the Nguyen Declaration.) Any response to the Transfer Motion is currently due on October 19, 2004 (10 business days after the filing and service of the Transfer Motion, excluding the Columbus Day Holiday). To date, no response has been filed to the Transfer Motion.

---

[1] References to the "Litigation Trustee's Motion to Extend the Deadline to File Response to KPMG LLP's Motion to Transfer the Action to the District of Massachusetts" dated October 15, 2004 will be in the form "Trustee Motion." References herein to the accompanying Declaration of Suong Nguyen will be in the form "Nguyen Declaration" or "Nguyen Decl."

[2] At a status conference on September 27, counsel for KPMG US informed Judge Saris of the Litigation Trustee's Complaint and indicated that it may be transferred to the District Court of Massachusetts. (Nguyen Decl. ¶ 7.)

On October 15, 2004, the Litigation Trustee filed a motion to extend the deadline for responding to the Transfer Motion until he files a response to KPMG US's motion to dismiss, or alternatively until November 9 (i.e. three weeks after it is currently due). As stated in that Transfer Motion, KPMG US and KPMG Belgium were scheduled to respond to the Complaint on November 15, 2004. No proceedings with respect to the case have occurred to date.

## SUMMARY OF ARGUMENT

KPMG US has no objection to extending for a reasonable time the Litigation Trustee's response to the Transfer Motion, and counsel for KPMG US has conveyed that message to counsel for the Litigation Trustee. (Nguyen Decl. ¶ 10.) KPMG US does object, however, to the Litigation Trustee's efforts to force it, as well as the Court, to address a motion to dismiss the Complaint before addressing the Transfer Motion. If the Court grants the Transfer Motion, which it should for the reasons set forth in the motion, it will be for the District Court in Massachusetts to address KPMG US's motion to dismiss. The entire purpose of the Transfer Motion is to move promptly for transfer of this case to Massachusetts where the District Court is intimately familiar with the relevant facts and applicable Massachusetts law, prior to any substantive response to the Complaint. It makes little sense to force KPMG US to file its motion to dismiss in this Court prior to a decision as to whether the case will remain in this Court.

The Litigation Trustee's effort to tie its response to the Transfer Motion to its response to KPMG US's motion to dismiss is a transparent attempt to preview KPMG US's arguments against the Complaint prior to responding to the Transfer Motion and is contrary to the very purpose of the Transfer Motion and the understanding of the parties. It reflects a change in strategy by the Litigation Trustee, and it would be inefficient, inappropriate and illogical to adopt the Litigation Trustee's new strategy. Counsel for the Litigation Trustee and KPMG US had

2

initially agreed that transfer of this case to Massachusetts made sense. The Litigation Trustee's counsel indicated the Litigation Trustee would consent to the transfer subject to certain conditions and that KPMG US's response to the Complaint would occur after the transfer and be made to the District Court in Massachusetts. (Nguyen Decl. Ex. B.) KPMG US and the Litigation Trustee later agreed to extend the response date to the Complaint to November 15, 2004. (Nguyen Decl. Ex. D.) KPMG US agreed because it believed that this date allowed for sufficient time for the Transfer Motion to be decided. Having now had second thoughts about the transfer, the Litigation Trustee no longer wants the Transfer Motion decided prior to the filing of a motion to dismiss. While the Trustee has the right to change his mind, his new strategy cannot force the parties and the Court to adopt a process that makes no sense.

For these reasons, and those more fully set forth below, KPMG US respectfully requests that this Court deny the Litigation Trustee's motion and grant KPMG US's cross-motion for an order deferring the filing or consideration of KPMG US's motion to dismiss until after the Court addresses the Transfer Motion.

## STATEMENT OF FACTS

On September 23, 2004, counsel for the Litigation Trustee had offered to consent to (or not object to) the Transfer Motion, subject to certain conditions. (Nguyen Decl. Ex. B.) Before KPMG US and KPMG Belgium could accept that offer, counsel for the Litigation Trustee stated on September 28 that he wanted to first see the Transfer Motion and then decide on whether or not that offer still stood.

After numerous meet and confers, on September 30 and as set forth in a letter that same date, KPMG US and the Litigation Trust agreed that (i) KPMG US would file its Transfer Motion by October 4; (ii) that the filing of the Transfer Motion did not waive any defenses to the

3

claims asserted or any responses to the Complaint; (iii) KPMG US's time to respond to the Complaint would be extended to 45 days after KPMG Belgium was served with the Complaint (i.e. until November 15); and (iv) that the Litigation Trust would get back to KPMG US regarding its position on transfer during the week of October 4. (Nguyen Decl. Exs. C & D.)

On October 8, counsel for the Litigation Trustee informed KPMG US that he would object to the Transfer Motion and stated for the first time that the Litigation Trustee would file his opposition to the Transfer Motion at the same time as his opposition to KPMG US's anticipated motion to dismiss. The parties disagreed about whether such an extension was ever agreed to. Whereupon, KPMG US informed counsel for the Litigation Trustee that it would not object to a short extension of time for the Litigation Trustee to file his objection to the Transfer Motion but that KPMG US could not agree to delay his time to respond until after the motion to dismiss was filed. Counsel for the Litigation Trustee thereupon purported to withdraw his prior agreement extending KPMG US's time to respond until November 15 and required KPMG US to move to dismiss by Friday, October 22.

Counsel for the Litigation Trustee never asked KPMG US for any short extension of time to respond to the Transfer Motion, which is otherwise due on October 19.[3] Instead, the Litigation Trustee filed on Friday, October 15 (the date he thought the opposition to the Transfer Motion was due) a motion to extend his time to respond to the Transfer Motion to either (1) the same time he files an opposition to the anticipated motions to dismiss; or alternatively, (2) November 9 (i.e. by three weeks). Both requests are too long and should be denied.

---

[3] The Litigation Trustee incorrectly states in his motion that the time to respond to the Transfer Motion is October 15. (Trustee Motion ¶ 4.) However, it is customary in this District to follow the District Court rules with respect to briefing deadlines. Such rules contemplate that the Federal Rules of Civil Procedure govern the counting of days, not the Bankruptcy Rules. Accordingly, the Transfer Motion was filed on October 4. Ten days from October 4, excluding Columbus Day, is October 19 under the Federal Rules.

## ARGUMENT

I. **THIS COURT SHOULD CONSIDER THE TRANSFER MOTION AND DECIDE THAT MOTION BEFORE ANY MOTIONS TO DISMISS**

KPMG US respectfully requests that this Court deny the Litigation Trustee's requested extension and order that briefing and decision on the Transfer Motion conclude before requiring the parties to brief any motions to dismiss.

First, the Transfer Motion should be decided first because that decision may obviate the need for this Court to decide any motion to dismiss. To the extent this Court grants the motion to transfer, the District of Massachusetts would be the appropriate Court to hear the motions to dismiss. A timely decision on the Transfer Motion would also permit either this Court or the District of Massachusetts to decide the motions to dismiss.

Second, the Transfer Motion was filed on October 4 and it is the only substantive motion pending in this case at this time, and there is no need to delay briefing on that motion by several months until after KPMG US files its motion to dismiss. KPMG US's motion to dismiss is currently due on Friday, October 22 because the Litigation Trustee has purported to unilaterally withdrawn his prior agreement to extend that deadline to November 15. The only reason given by the Litigation Trustee for the extension is so that he could consolidate his responses to the Transfer Motion and the motions to dismiss to be filed by KPMG US and KPMG Belgium. (Trustee Motion ¶ 8.) According to the Litigation Trustee, any decision on the Transfer Motion should consider the submissions by KPMG Belgium that are due on November 15. (Trustee Motion ¶ 8.) However, counsel for KPMG Belgium informed counsel for the Litigation Trustee on September 21 that KPMG Belgium does not take any position on the Transfer Motion (and would not seek transfer of the case back to this Court if it were transferred to the District of

5

Massachusetts). (Nguyen Decl. Ex. A.) Moreover, KPMG Belgium's motion to dismiss is due on November 15 (not any submission related to the Transfer Motion).

This Court should decide the Transfer Motion first and therefore deny the Litigation Trustee's requested extension of time to file his response to that motion.

## II. THE COURT SHOULD GRANT KPMG US'S REQUEST TO ENLARGE ITS TIME TO RESPOND TO THE COMPLAINT

Lastly, by its cross-motion, KPMG US respectfully requests that this Court extend KPMG US's time to respond to the Complaint until ten (10) business days after decision on the Transfer Motion because it would eliminate the need to brief certain arguments if this Court were to transfer this case to the District of Massachusetts. Specifically, if this case were to remain in this Court, KPMG US intends to move to dismiss on the ground (among other things) that this Court lacks subject matter jurisdiction because KPMG US is entitled to a jury trial on the claims asserted by plaintiffs. This subject matter jurisdiction argument would not be necessary if this case were pending in the District Court of Massachusetts rather than the Delaware Bankruptcy Court. Therefore, extending KPMG US's time to move to dismiss until after this Court decides the Transfer Motion would avoid requiring KPMG US to brief arguments that may potentially be unnecessary.

In the alternative, KPMG US requests that this Court extend KPMG US's time to respond to the Complaint until November 15 (the date that the Litigation Trust had originally agreed to give KPMG US and the same date that KPMG Belgium is scheduled to move to dismiss). It is anticipated that KPMG US and KPMG Belgium will have largely similarly arguments for dismissal of the Complaint, including arguments that the claims are barred by the statute of limitation.

## CONCLUSION

For the foregoing reasons, KPMG US respectfully requests that the Court deny the Litigation Trustee's motion to extend the deadline to file his response to KPMG US's motion to transfer the action to the District of Massachusetts and grant KPMG US's cross-motion for an order deferring the filing or consideration of KPMG US's motion to dismiss until after the Court addresses the Transfer Motion.

Dated: October 18, 2004

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_/s/ Brett D. Fallon_

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com
Attorneys for KPMG LLP