## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE | ) | |
| OF THE LERNOUT & HAUSPIE SPEECH | ) | |
| PRODUCTS N.V. LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP and KLYNFELD PEAT MARWICK | ) | |
| GOERDELER BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF SUONG T. NGUYEN IN SUPPORT OF DEFENDANT
KPMG LLP'S OPPOSITION TO LITIGATION TRUSTEE'S MOTION TO EXTEND
DEADLINE TO FILE RESPONSE TO TRANSFER MOTION AND CROSS-MOTION
FOR EXPEDITED CONSIDERATION OF TRANSFER MOTION AND
FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

I, Suong T. Nguyen, hereby declare the following to be true and correct:

1.     I am an associate at the law firm of Davis Polk & Wardwell, counsel for KPMG LLP ("KPMG US"). Based on my knowledge as counsel in this action, I submit this declaration in support of KPMG LLP's Opposition To Litigation Trustee's Motion To Extend Deadline To File Response To Transfer Motion And Cross-Motion To Enlarge Time To Respond To The Complaint Until After Decision On Transfer Motion.

2.    The L&H Trust Litigation filed this action on August 2, 2004, and named two defendants, KPMG US and Klynveld Peat Marwick Goerdeler Bedrijfrevisoren ("KPMG Belgium").

3.    On September 17, 2004, I informed counsel for the Litigation Trustee that KPMG US would be filing a motion to transfer this action to the District of Massachusetts (the "Transfer Motion"), where six different L&H-related cases naming KPMG US and KPMG Belgium are currently pending after several years of litigation before Judge Saris.

4.    In a letter dated September 21, 2004, counsel for KPMG Belgium informed counsel for the Litigation Trustee that KPMG Belgium did not take any position on the Transfer Motion and would not seek to have the action transferred back to the District of Delaware if it were transferred to the District of Massachusetts.  A true and correct copy of the Letter from KPMG Belgium's Counsel to Litigation Trustee's Counsel dated September 21, 2004 is attached as Exhibit A.

5.    In a letter dated September 23, 2004, counsel for the Litigation Trustee offered to consent to (or not object to) the Transfer Motion, subject to certain conditions.  A true and correct copy of the Letter from Litigation Trustee's Counsel to KPMG LLP's Counsel dated September 23, 2004 is attached as Exhibit B.

6.    Before KPMG and KPMG Belgium could accept the offer set forth in the September 23 letter, counsel for the Litigation Trustee stated on September 28, 2004 that he wanted to first see the Transfer Motion and then decide on whether or not the offer still stood.

7.    On September 27, 2004, at a status conference before Judge Saris in the District Court of Massachusetts, I informed that Court of the Litigation Trustee's Complaint and indicated that it may be transferred to the District Court of Massachusetts.

8.    After numerous meet and confers, on September 30, 2004, as set forth in a letter

that same date, KPMG US and the Litigation Trust agreed that (i) KPMG US would file its

Transfer Motion by October 4; (ii) the filing of the Transfer Motion did not waive any defenses

to the claims asserted or any responses to the Complaint; (iii) that KPMG US's time to respond

to the Complaint would be extended to 45-days after KPMG Belgium was served with the

Complaint; and (iv) that the Litigation Trust would get back to KPMG US regarding its position

on transfer the week of October 4, 2004. A true and correct copy of the Letter from KPMG

LLP's Counsel to Litigation Trustee's Counsel dated September 28, 2004 is attached as Exhibit

C. A true and correct copy of the Letter from KPMG LLP's Counsel to Litigation Trustee's

Counsel dated September 30, 2004 is attached as Exhibit D.

9.    On October 4, 2004, KPMG US filed the Transfer Motion. A true and correct

copy of KPMG LLP's Motion to Transfer the Action the District of Massachusetts dated October

4, 2004, along with the Opening Brief in support of that motion, is attached as Exhibit E.

10.    On October 8, 2004, counsel for the Litigation Trustee informed me by e-mail

that the Litigation Trustee would be objecting to the Transfer Motion and stated for the first time

that the Litigation Trustee would file his opposition to the Transfer Motion at the same time as

his opposition to KPMG US's anticipated motion to dismiss. The parties disagree about whether

such an extension was ever agreed to.

11.    On October 11 and 12, 2004, I informed counsel for the Litigation Trustee that

KPMG US did not object to giving the Litigation Trustee a short extension to file a response to

the Transfer Motion but that KPMG US could not agree to delay his time to respond until after

the motion to dismiss. Counsel for the Litigation Trustee thereupon purported to withdrew his

prior agreement extending KPMG US's time to respond to the Complaint until November 15 and required KPMG US to move to dismiss by Friday, October 22, 2004.

12.    On October 15, 2004, the Litigation Trustee filed a motion to extend his time to respond to the Transfer Motion to either (1) the same time he files an opposition to the anticipated motions to dismiss or (2) November 9, 2004.

13.    Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York this 18th day of October 2004.

Suong T. Nguyen

4

# Exhibit A

# HOGAN & HARTSON
### L.L.P.

GEORGE A. SALTER
PARTNER
(212) 918-3521
GASALTER@HHLAW.COM

875 THIRD AVENUE
NEW YORK, NEW YORK 10022
TEL (212) 918-3000
FAX (212) 918-3100
WWW.HHLAW.COM

September 21, 2004

<u>BY TELECOPY</u>

David W. Trench, Esq.
Bilzin Sumberg Baena Price & Alexrod LLP
200 South Biscayne Boulevard
Suite 2500
Miami, FL  33131-5340
Fax: (305) 374-7593

Re:    **In re: Lernout & Hauspie Speech Products (Bankr. D. Del. 00-4397)**
       **<u>Baena v. KPMG Bedrijfsrevisoren (Adv. Proc. 02-6914)</u>**

Dear David:

This letter will confirm that we spoke yesterday about the fact that plaintiff and KPMG LLP were considering a transfer of the above referenced action to the U.S. District Court for the District of Massachusetts.  Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG-B") has not been served with a complaint in the action and it takes no position regarding the proposed transfer.  If KPMG-B is served with the complaint and the action has been transferred to Massachusetts, KPMG-B will not seek to have the action transferred to the U.S. District Court for the District of Delaware.

You have agreed that KPMG-B's statement of intent is without prejudice to any defense KPMG-B has in the action, if served with the complaint, including without limitation, personal jurisdiction and *forum non conveniens*.

Very truly yours,

George A. Salter /NC

George A. Salter

WASHINGTON, DC

BERLIN  BRUSSELS  LONDON  PARIS  BUDAPEST  PRAGUE  WARSAW  MOSCOW  TOKYO
NEW YORK  BALTIMORE  McLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES

# Exhibit B

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS
200 SOUTH BISCAYNE BOULEVARD, SUITE 2500 • MIAMI, FLORIDA 33131-5340
TELEPHONE: (305) 374-7580 • FAX: (305) 374-7593
E-MAIL: INFO@BILZIN.COM • WWW.BILZIN.COM

ROBERT W. TURKEN, ESQ.
Direct Line: (305) 350-2381
Direct Facsimile: (305) 351-2262
E-Mail: rturken@bilzin.com

September 23, 2004

Suong Nguyen, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

RE:    Baena v. KPMG LLP et al

Dear Suong:

Further to our telephone conversation today, the following sets forth the conditions under which the L&H Litigation Trustee (the "Trustee") is willing to consent (or not object) to KPMG LLP's anticipated motion to transfer the referenced action from the Bankruptcy Court for the District of Delaware to the District Court for the District of Massachusetts (Judge Saris):

1.    KPMG LLP files a written motion to transfer before Judge Wizmur by October 1, 2004 setting forth valid grounds for the transfer;

2.    KPMG LLP's motion to transfer will be without prejudice to it later filing (by motion or answer), within five days after KPMG LLP's counsel's receipt of Judge Wizmur's Order on the motion to transfer, any defenses which KPMG LLP believes are available to it, including any defenses provided under Fed. R.Civ. P. 12(b), other than improper venue or forum non conveniens;

3.    KPMG Belgium confirms in a written submission to Judge Wizmur that it has no objection to KPMG LLP's motion to transfer by the later of 5 days after service of the Complaint or October 8, 2004;

4.    KPMG Belgium's consent, or agreement not to object, to KPMG LLP's motion to transfer will not be deemed in any fashion to constitute an acknowledgment of or submission to the personal jurisdiction of the Delaware Bankruptcy Court or the Massachusetts District Court, and thus will be without prejudice to KPMG Belgium later filing (by motion or answer), within the later of five days after KPMG Belgium's counsel's receipt of Judge Wizmur's Order on the motion to transfer or thirty days after KPMG Belgium is served with the Complaint, any defenses which KPMG Belgium believes are available to it, including any defenses provided under Fed. R.Civ. P. 12(b), other than improper venue or forum non conveniens;

BILZIN SUMBERG BAENA PRICE & AXELROD LLP

Suong Nguyen, Esq.
September 23, 2004
Page 2

     5.    The Trustee is provided immediate access to all documents and other discovery that have been produced or otherwise made available by KPMG LLP and KPMG Belgium in any of the actions related to L&H that are currently pending before Judge Saris (the "Saris Actions");

     6.    With respect to the documents and discovery referred to in paragraph 5 above, the Trustee agrees to be bound by any applicable confidentiality orders or stipulations issued or entered into in the Saris Actions to the same extent as if he were a party to the Saris Actions or stipulation as the case may be;

     7.    Notwithstanding the foregoing, in the event of the failure of any of the conditions set forth in paragraphs 1, 3, or 5 above, then (i) the Trustee will be free to respond to KPMG LLP's motion to transfer in any manner he deems appropriate, (ii) KPMG LLP will be required to assert whatever additional defenses it believes are available to it (by motion or answer) by October 15, 2004, and (iii) KPMG Belgium will be required to file its response to the Complaint within thirty days of service.

     If the foregoing is consistent with your understanding of our conversation and is otherwise acceptable to KPMG LLP and KPMG Belgium, please confirm your agreement by signing, and having KPMG Belgium's counsel sign, in the places indicated below.

Sincerely,

Robert W. Turken

RWT/asm


AGREED:

By: _____
    Suong Nguyen


By: _____
    As Counsel for KPMG Belgium

\75543\21123\ # 694622 v 1

# Exhibit C

# DAVIS POLK & WARDWELL

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15. AVENUE MATIGNON
75008 PARIS

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

WRITER'S DIRECT

212 450 4309

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

I-6-I ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

September 28, 2004

Re:     **Baena v. KPMG LLP et al.**

**BY FAX AND U.S. MAIL**
Robert W. Turken, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336

Dear Bob:

    We write to confirm our discussions today in which it was agreed as follows:

    1.     On October 1, 2004, KPMG LLP ("KPMG US") will file its motion to transfer the above-reference matter to the United States District Court for the District of Massachusetts, where a number of L&H-related matters are currently pending before Judge Saris.

    2.     You and the L&H Litigation Trust understand that the filing of the transfer motion by KPMG LLP is not, and should not be construed as, a waiver by KPMG US of any defenses to the claims asserted or any responses to the complaint and that all defenses and responses are expressly preserved, including any and all defenses set forth in Fed. R. Civ. P. 12(b). Accordingly, you agreed that the Litigation Trust will not assert or argue that KPMG US has waived any defenses as a result of the filing of the transfer motion or the entry of an order effectuating the transfer.

    3.     KPMG US's time to move to dismiss or otherwise respond to the L&H Litigation Trust Complaint dated August 2, 2004 (the "Complaint") is extended to forty-five (45) days after service of the Complaint on Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG Belgium"). It is our understanding that KPMG Belgium has to date not been served. We would appreciate your informing us when such service has been effected.

Robert W. Turken, Esq.                    2                    September 28, 2004

    Lastly, you stated that, after review of the motion to transfer, the L&H Litigation Trust may be agreeable to consent to (or not object to) the transfer and that you will get back to us during the week of October 4.

    We would be happy to discuss any of the above with you.

Very truly yours,

Suong Nguyen

# Exhibit D

# DAVIS POLK & WARDWELL

<table>
<tr><td>

1300 I STREET, N.W.<br>
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL<br>
MENLO PARK, CA 94025

99 GRESHAM STREET<br>
LONDON EC2V 7NG

15, AVENUE MATIGNON<br>
75008 PARIS

</td><td>

450 LEXINGTON AVENUE<br>
NEW YORK, N.Y. 10017<br>
212 450 4000<br>
FAX 212 450 3800

WRITER'S DIRECT

212 450 4309

</td><td>

MESSETURM<br>
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2<br>
28004 MADRID

I-6-I ROPPONGI<br>
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD<br>
HONG KONG

</td></tr>
</table>

September 30, 2004

Re:    **Baena v. KPMG LLP et al.**

**BY FAX AND U.S. MAIL**
Robert W. Turken, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2336

Dear Bob:

     We write to confirm our discussions today in which it was agreed as follows:

     1.    On Monday, October 4, 2004, KPMG LLP ("KPMG US") will file its motion to transfer the above-reference matter to the United States District Court for the District of Massachusetts, where a number of L&H-related matters are currently pending before Judge Saris.

     2.    You and the L&H Litigation Trust understand that the filing of the transfer motion by KPMG LLP is not, and should not be construed as, a waiver by KPMG US of any defenses to the claims asserted or any responses to the complaint and that all defenses and responses are expressly preserved, including any and all defenses set forth in Fed. R. Civ. P. 12(b). Accordingly, you agreed that the Litigation Trust will not assert or argue that KPMG US has waived any defenses as a result of the filing of the transfer motion.

     3.    KPMG US's time to move to dismiss or otherwise respond to the L&H Litigation Trust Complaint dated August 2, 2004 (the "Complaint") is extended to forty-five (45) days after service of the Complaint on Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG Belgium"). You informed me on the call that KPMG Belgium had been served with the Complaint yesterday.

Robert W. Turken, Esq.                2                    September 30, 2004

    As stated previously, after you have reviewed the transfer motion, you will let us know during that week of October 4 whether or not the L&H Litigation Trust will be opposing transfer.

    We would be happy to discuss any of the above with you.


                Very truly yours,


                Suong Nguyen

# Exhibit E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE | ) | |
| OF THE LERNOUT & HAUSPIE SPEECH | ) | |
| PRODUCTS N.V. LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP and KLYNFELD PEAT MARWICK | ) | |
| GOERDELER BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**KPMG LLP'S MOTION TO TRANSFER THE ACTION**
**TO THE DISTRICT OF MASSACHUSETTS**

Defendant KPMG LLP ("KPMG US" or "Defendant") by its undersigned counsel,

hereby moves this Court for a transfer of the venue of this adversary proceeding to the United

States District Court for District of Massachusetts, pursuant to 28 U.S.C. § 1404(a), 28 U.S.C. §

1412, and Federal Rule of Bankruptcy Procedure 7087.

This is an action brought on behalf of the debtor's estate against KPMG US and Klynfeld

Peat Marwick Goerdeler Bedrijfrevisoren ("KPMG Belgium"), alleging accounting malpractice.

The allegations in the Complaint overlap with those made in numerous shareholder and other

actions against KPMG US and KPMG Belgium, which are presently pending in federal court in

the District of Massachusetts. These and other grounds for this motion are further detailed in the

accompanying Opening Brief.

TMH/103194-0002/1046032/1

WHEREFORE, KPMG US respectfully requests this Court to transfer this adversary proceeding to the United States District Court for the District of Massachusetts.

Dated: October 4, 2004    MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com
Attorneys for Defendant KPMG LLP

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

2

TMH/103194-0002/1046032/1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE | ) | |
| OF THE LERNOUT & HAUSPIE SPEECH | ) | |
| PRODUCTS N.V. LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP and KLYNFELD PEAT MARWICK | ) | |
| GOERDELER BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPENING BRIEF IN SUPPORT OF KPMG LLP'S MOTION TO
## TRANSFER THE ACTION TO THE DISTRICT OF MASSACHUSETTS

Dated: October 4, 2004

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com
Attorneys for KPMG LLP

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

TMH/103194-0002/1046032/1

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS..............................................................................................ii,iii

SUMMARY OF THE ARGUMENT ...................................................................... 1

NATURE AND STAGE OF PROCEEDINGS ....................................................... 2

STATEMENT OF THE FACTS ............................................................................ 3

    A.   The Actions Pending in the Massachusetts District Court ..................................... 3

    B.   Discovery and Scheduling in the Massachusetts Actions.................................. 5

LEGAL STANDARD.......................................................................................... 5

ARGUMENT ...................................................................................................... 6

CONCLUSION ................................................................................................... 10

TMH/103194-0002/1046034/1

**TABLE OF CITATIONS**

### Cases

                                                                                    **Page**

In re A.R.E. Mfg. Co., 124 B.R. 912 (Bankr. M.D. Fla. 1991)...................................5

In re Centennial Coal, Inc., 282 B.R. 140 (Bankr. D. Del. 2002) ...........................5,6,8

In re DVI Inc., No. 03-12656 MFW, Civ. A. 04-170 JJF,
    2004 WL 1498593 (D.Del. June 23, 2004) ...............................................6

Davox Corp. v. Digital Sys. Int'l, 846 F. Supp. 144 (D. Mass. 1993)......................7,9

E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3d Cir. 1988) .......................8

In re Emerson Radio Corp., 52 F.3d 50 (3d Cir. 1995) ...................................6

Ferens v. John Deere Co., 494 U.S. 516 (1990)..........................................7,9

Filler v. Lernout, 2002 WL 227079 (D.Del. Feb. 8, 2002)...............................3,7,8

HLI Creditor Trust v. Keller Rigging Constr. (In re Hayes
    Lemmerz Int'l.), 2004 WL 1673061 (Bankr. D.Del. July 20, 2004) ....................6

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995) ...............................6

In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Aug. 19, 2002) ...........2

In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Nov. 18, 2002) ............2

Nisselson v. Lernout, No. 03-10843 (D. Mass. Aug. 9, 2004) ...............................2

PSA, Inc. v. Puerto Rico Telephone Company, Inc. (In Re PSA,
    Inc.), Civil Action No. 02-1495-KAJ, Jordan, J. (D. Del. July 8, 2003) ...................8

Pursuit Athletic Footwear, Inc. v. Save Power Ltd., No. Civ. A. 96-40-MMS,
    1996 WL 328596 (D.Del. June 7, 1996) .........................................8,9,10

In re Thomson McKinnon Sec. Inc., 126 B.R. 833 (Bankr. S.D.N.Y. 1991) ...................5

Van Dusen v. Barrack, 376 U.S. 612 (1964)............................................7

ii

## Statutes & Rules

28 U.S.C. § 1404 ................................................................................ 6,7

28 U.S.C. § 1404(a) .......................................................................... 1,7

28 U.S.C. § 1412 .............................................................................. 1,5

Fed. Bankr. R. 7087 .......................................................................... 1,5

TMH/103194-0002/1046033/1

Defendant KPMG LLP ("KPMG US") respectfully submits this memorandum of law in support of its motion to transfer this action from the United States Bankruptcy Court for the District of Delaware to the United States District Court of Massachusetts (the "Massachusetts District Court") pursuant to 28 U.S.C. Sections 1404(a) and 1412 and Federal Rule of Bankruptcy Procedure 7087.[1]

## SUMMARY OF THE ARGUMENT

The Litigation Trustee of Lernout & Hauspie Speech Products N.V. ("L&H") Litigation Trust (the "Plaintiff" or the "L&H Litigation Trust") has commenced this adversary proceeding against Klynfeld Peat Marwick Goerdeler Bedrijfrevisoren ("KPMG Belgium") and KPMG US in this Court under 28 U.S.C. Section 1334(b). (Compl. ¶ 19.)[2] Plaintiff is the post-confirmation successor-in-interest to L&H created by a confirmed plan of reorganization for L&H, a Belgian Company with U.S. offices in Massachusetts. (Compl. ¶ 26.) Plaintiff brings this action standing in the shoes of L&H and alleges various Massachusetts state law claims against KPMG US and KPMG Belgium.

The gravamen of Plaintiff's Complaint is that L&H's management (the so-called "Breaching Managers") falsely inflated the Company's revenues and earnings, with the alleged assistance of KPMG Belgium and KPMG US. Plaintiff alleges that, as a result of the alleged fraud by the Breaching Managers, L&H incurred $340 million in debt that it could not repay in connection with its acquisition of two companies, namely Dragon Systems, Inc. ("Dragon") and

---

[1] Pursuant to the parties' agreement set forth in a letter dated September 30, 2004, KPMG US's time to move to dismiss or otherwise respond to the Complaint has been extended until forty-five (45) days after KPMG Belgium has been served with the Complaint in order to permit a coordinated briefing schedule. This transfer motion is made without waiver of or prejudice to any and all defenses, including those set forth in Fed. R. Civ. P. 12(b). A copy of the September 30, 2004 letter is attached hereto as Exhibit A to the accompanying Declaration of Douglas N. Candeub (the "Candeub Decl." or "Candeub Declaration").

[2] Citations hereto to the Complaint are in the form "Compl. ¶ __."

Dictaphone Corporation ("Dictaphone"). Plaintiff also alleges that "Massachusetts [is] the 'center of gravity'" of the alleged misconduct at issue. (Compl. ¶ 97.)

Virtually all of the factual and legal issues surrounding Plaintiff's claims against KPMG US and KPMG Belgium have been the subject of litigation pending for several years in the Massachusetts District Court. (Saris J.) Judge Saris has presided over six different cases naming KPMG US and KPMG Belgium and has issued numerous written opinions, some extremely lengthy.[3] These cases concern the exact same issues presented here -- for example, the factual issues surrounding the collapse of L&H, the analysis of alleged misrepresentations related to the Dictaphone and Dragon transactions, the role of, and services performed by, KPMG Belgium and KPMG US, the discovery and jurisdictional issues related to KPMG Belgium, third-party discovery of literally hundreds of persons and entities who have relevant information regarding the collapse of L&H, as well as scores of other factual and legal issues. Given the Massachusetts District Court's familiarity with matters related to L&H's collapse, numerous cases filed elsewhere have previously been transferred to the Massachusetts District Court, including cases related to L&H's acquisition of Dictaphone and Dragon that were originally filed in the District Court in Delaware. In addition, the causes of action alleged will each require the application of Massachusetts state law, with which the Massachusetts District Court is well-versed.

For these reasons, and those set forth below, KPMG US respectfully requests that this case be transferred to the Massachusetts District Court.

## NATURE AND STAGE OF PROCEEDINGS

The L&H Litigation Trust filed this action on August 2, 2004, and named two

---

[3] See, e.g., Nisselson v. Lernout, No. 03-10843 (D. Mass. Aug. 9, 2004); In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Nov. 18, 2002); In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass. Aug. 19, 2002). In addition to the decisions by Judge Saris, Magistrate Judge Collings has rendered opinions on numerous discovery motions, involving issues that would be duplicative of those that may arise in this case (such as the applicability of the Belgium secrecy laws to KPMG Belgium's documents and the date-cut off applicable to discoverable documents).

2

defendants, KPMG US and KPMG Belgium.  KPMG US and KPMG Belgium are scheduled to respond to the Complaint on November 15, 2004.  No proceedings with respect to the case have occurred to date.

Plaintiff asserts three claims against KPMG US and KPMG Belgium:  (1) Violation of Mass. Gen. L.C. 93A; (2) aiding and abetting breach of fiduciary duties owed by L&H's management; and (3) malpractice.

## STATEMENT OF FACTS

**A.**    **The Actions Pending in the Massachusetts District Court**

Since 2000, a series of cases (including the first-filed case) alleging substantially similar facts and legal theories have been brought against L&H directors and officers, KPMG Belgium, KPMG US and others in the Massachusetts District Court (or have been transferred to Massachusetts) (collectively, the "Massachusetts Actions").[4]  Indeed, Plaintiff in this case has taken portions of the complaints in the Massachusetts Actions and re-alleged them here.  Plaintiff has also asserted a claim under Massachusetts statutory law, specifically Mass. Gen. L.C. 93A.

Four cases involving the Dragon and Dictaphone transactions, which are at the heart of the instant action, previously transferred from the District of Delaware to the Massachusetts District Court (collectively, the "Transaction Cases").[5]  Many of the witnesses (both parties and

---

[4] KPMG US and KPMG Belgium have been named as defendants in the following L&H-related actions currently pending in Massachusetts (collectively, the "Massachusetts Actions"): (1) a consolidated class action entitled In re Lernout & Hauspie Securities Litigation, No. 00-CV-11589 (PBS); (2) four separate actions brought by former shareholders of Dragon and Dictaphone, see infra.; and (3) an action entitled Nisselson v. Lernout et al., No. Civ. A. 03-10843 (PBS), commenced by the Litigation Trustee of the Litigation Trust of Dictaphone (which had also filed for Chapter 11 bankruptcy in Delaware).

[5] The Transaction Cases transferred from the District of Delaware to the District of Massachusetts are: Filler v. Lernout, et al., Case No. 02-10302 (D. Mass.) (originally Case No. 01-191-SLR); Stonington Partners v. Dammekens, et al., Case No. 02-10303 (D. Mass.) (originally Case No. 01-298-SLR); Paul G. Bamberg Trust v. KPMG LLP, et al., Case No. 02-10304 (D. Mass.) (originally Case No. 01-379-SLR); and Baker v. KPMG LLP, et al., Case No. 02-10305 (D. Mass.).  The decision transferring the four actions that were filed in Delaware to Massachusetts is reported at Filler v. Lernout, 2002 WL 227079 (D.Del. Feb. 8, 2002).  A copy of the court's opinion is attached hereto as Exhibit B to the Candeub Declaration.

3

non-parties) and document discovery in the Massachusetts Actions and Transaction Cases will be the same in this case. Moreover, the Breaching Managers, whom KPMG US and KPMG Belgium allegedly assisted in allegedly breaching their fiduciary duties to L&H, are defendants in the Massachusetts Actions and depositions of those witnesses (among other witnesses who would overlap with those in this case) have been noticed to take place in Massachusetts.

The Massachusetts District Court has already overseen substantial motion practice both on the merits and on discovery issues of the Massachusetts Actions, which have been consolidated for pre-trial purposes. All of the Massachusetts Actions are pending before one judge, and a federal Magistrate Judge in Massachusetts has been assigned to oversee the discovery process and any disputes that may arise.

The factual allegations and legal theories in the Complaint are virtually identical to those in the Massachusetts Actions.[6] The Massachusetts Actions are based upon the same allegations of improper revenue recognition practices at L&H, pertain to the same 1998 and 1999 L&H financial statements, quote the same documents and make the same allegation that KPMG US and KPMG Belgium actively participated in L&H's improper recognition of revenue.[7]

---

[6] Plaintiff's Complaint, along with the complaints filed in the In re L&H Securities Litigation, Stonington, Filler, Baker and Bamberg actions are attached hereto as Exhibits C-1, C-2, C-3, C-4, C-5 and C-6 respectively to the Candeub Declaration.

[7] Notice, for example, the similarities in Plaintiff's allegations referencing U.S. GAAP (Compare Compl. ¶¶ 18, 46, 70, 97 and 106 with Stonington Compl. ¶¶ 315-28; Filler Compl. ¶¶ 6, 69-73; Bamberg Compl. ¶¶ 84-92; Baker Compl. ¶¶ 3-10, 86-95; Class Compl. ¶¶12, 353-386). Plaintiff's allegations referencing a series of articles published in The Wall Street Journal (Compare Compl. ¶¶ 58, 78, 81, 93, 102, 112 and 120 with Stonington Compl. ¶¶ 6, 179, 222, 226, 310; Filler Compl. ¶¶ 5, 95, 99, 150; Bamberg Compl. ¶¶ 171, 368, 369; Baker Compl. ¶¶ 191, 192, 196, 199, 211, 239, 241, 242, 246-51, 254, 255, 260, 266, 285, 304, 314, 324, 369; Class Compl. ¶¶ 8, 413, 422, 424); Plaintiff's allegations referencing KPMG Belgium's certification of L&H's financial statements at issue (Compare Compl. ¶¶ 46, 60, 69-82, 85, 87, 92, 94, 97, 101, 103, 106, 113 and 121 with Stonington Compl. ¶ 3; Filler Compl. ¶¶ 143, 187; Bamberg Compl. ¶ 8; Baker Compl. ¶¶ 3, 297; Class Compl. 44, 235, 236, 243, 525); and Plaintiff's allegations referencing various purported communications between representatives of L&H and representatives of KPMG US or KPMG Belgium. (Compare Compl. ¶¶ 44, 45, 47, 48, 50, 51, 54, 57, 61, 63-65, and 75 with Stonington Compl. ¶¶ 155, 166, 172, 180, 266; Filler Compl. ¶ 67, 147, 148, 150; Bamberg Compl. ¶¶ 163, 164, 172; Baker Compl. ¶¶ 123-30; Class Compl. ¶¶ 259, 262, 266, 275, 291); and Plaintiff's allegations referencing various purported communications between representatives of L&H and representatives of KPMG US or

4

B.    **Discovery and Scheduling in the Massachusetts Actions**

The parties in the Massachusetts Actions have served extensive discovery requests on each other, including document requests, interrogatories and requests for admission. These requests cover information and documents related to the alleged fraud at L&H and L&H's resulting collapse and include all aspects of L&H's acquisition of Dragon and Dictaphone. All of these subjects are expected to be the subject of discovery in this case. In addition, the parties in the Massachusetts Actions have engaged in extensive motion practice before the Massachusetts District Court. As a result, the Massachusetts District Court is already intimately familiar with discovery and other issues that will, to the extent this action proceeds, be germane to the case.

## LEGAL STANDARD

Federal Bankruptcy Rule 7087 provides that this Court "may transfer an adversary proceeding . . . to another district court pursuant to 28 U.S.C. § 1412." Fed. Bankr. R. Pro. 7087. Pursuant to 28 U.S.C. Section 1412, a case may be transferred to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; see, e.g., In re Centennial Coal, Inc., 282 B.R. 140, 144 (Bankr. D.Del. 2002) (bankruptcy court transferred adversary proceeding to District Court for Western District of Kentucky); In re Thomson McKinnon Sec. Inc., 126 B.R. 833, 835 (Bankr. S.D.N.Y. 1991); In re A.R.E. Mfg. Co., Inc., 124 B.R. 912 (Bankr. M.D. Fla. 1991). Similarly, 28 U.S.C. Section 1404 reflects the fact that transfer is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice."[8]

---

KPMG Belgium (Compare Compl. ¶¶ 44, 45, 47, 48, 50, 51, 54, 57, 61, 63-65, and 75 with Stonington Compl. ¶¶ 155. 166, 172, 180, 266; Filler Compl. ¶ 67, 147, 148, 150; Bamberg Compl. ¶¶ 163, 164, 172; Baker Compl. ¶¶ 123-30; Class Compl. ¶¶ 259, 262, 266, 275, 291).

[8] "In the Third Circuit, the considerations used to determine whether a transfer is appropriate are the same

5

In determining whether transfer is appropriate, courts consider all relevant factors in determining whether transfer of the litigation will proceed more conveniently and will better serve the interests of justice. See, e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). These factors include: (1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of books and records and/or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses – especially to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the court's dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home. See HLI Creditor Trust v. Keller Rigging Constr. (In re Hayes Lemmerz Int'l.), 2004 WL 1673061, at *1 (Bankr. D.Del. July 20, 2004); Centennial Coal, 282 B.R. at 144; see also Jumara, 55 F.3d at 879-80 (describing the first six factors as "private interests" and the latter six factors as "public interests").

## ARGUMENT

### THIS ACTION SHOULD BE TRANSFERRED
### TO THE MASSACHUSETTS DISTRICT COURT

Transfer of this action to the Massachusetts District Court would serve the "interest of justice" and the "convenience of the witnesses and parties" for the following reasons:

1.      As an initial matter, the factual and legal overlap between the L&H Litigation

---

under either Section 1404(a) or Section 1412, . . . with the exception that Section 1412 does not require that the action could have been brought in the transferee district." In re DVI Inc., No. 03-12656 MFW, Civ. A. 04-170 JJF, 2004 WL 1498593, *2 (D.Del. June 23, 2004), citing In re Emerson Radio Corp., 52 F.3d 50, 55 (3d Cir. 1995).

6

Trust's Complaint and the complaints in the Massachusetts Actions are significant. The same alleged accounting fraud at a now-bankrupt Belgian company (L&H) giving rise to alleged misstatements in the Company's 1998 and 1999 financial statements is central to all of the cases. L&H's demise is alleged to be the proximate cause of the plaintiffs' harm in all of the cases. In addition, plaintiffs in each of these cases allege that KPMG US and KPMG Belgium provided substantial assistance to L&H in connection with such alleged misstatements. Under these circumstances, the documentary evidence, written discovery, fact depositions and other discovery will be largely identical.

      2.    Courts have overwhelmingly adopted the view that it is most efficient if cases with substantially similar facts and legal theories are adjudicated in the same forum. See, e.g., Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) ("We have made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" (citation omitted)); Davox Corp. v. Digital Sys. Int'l, 846 F. Supp. 144, 149 (D. Mass 1993). Transfer is favored where, as in this case, judicial resources will be conserved. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

      3.    It was for these reasons that a number of cases originally commenced in districts outside of Massachusetts, namely Delaware and Pennsylvania,[9] were transferred to the Massachusetts District Court to promote judicial efficiency and consistency of results. Filler v. Lernout, 2002 WL 227079, at *2 (D.Del. Feb. 8, 2002) (transferring four Transaction Cases to

---

[9] The cases transferred to the Massachusetts District Court from the United States District Court for the Eastern District of Pennsylvania are: Maskaleris v. Lernout & Hauspie, Case No. 00-CV-12548-PBS (D. Mass.) (originally Case No. 00-CV-04019); Piven v. Lernout & Hauspie, Case No. 00-CV-12552-PBS (D. Mass.) (originally Case No. 00-CV-04047); Kofman v. Lernout & Hauspie, Case No. 00-CV-12561-PBS (D. Mass.) (originally Case No. 00-CV-04271); Cammann v. Lernout & Hauspie, Case No. 00-CV-12555-PBS (D. Mass.) (originally Case No. 00-CV-04890); Godfrey v. Lernout & Hauspie, Case No. 00-CV-12561-PBS (D. Mass.) (originally Case No. 00-CV-05009).

7

the Massachusetts District Court) (Candeub Decl. Ex. C). Additionally, because the first-filed

case related to this litigation was filed in the Massachusetts District Court, the Delaware District

Court concluded that subsequently filed actions involving the same parties and the same issues

should be transferred to the court in which the earlier filed action is pending. Id.; see also

E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 979 (3d Cir. 1988) (holding first-filed rule

"will usually be the norm, not the exception").

     4.    Although Plaintiff filed this action in bankruptcy court rather than district court,

the same reasons warrant transfer of this action to the Massachusetts District Court. The L&H

bankruptcy plan is now confirmed, and nothing in the Complaint requires resolution of issues

related to that Plan. See, e.g., In re Centennial Coal, Inc., 282 B.R. 140, 144-145 (Bankr. D.Del.

2002); PSA, Inc. v. Puerto Rico Telephone Company, Inc. (In Re PSA, Inc.), Civil Action No.

02-1495-KAJ, Jordan, J. (D. Del. July 8, 2003) ("The Bankruptcy plan in this case is now

confirmed. Therefore, Debtor's argument that the case should remain here because of the

bankruptcy proceedings is non-persuasive.") (Candeub Decl. Ex. E); Pursuit Athletic Footwear,

Inc. v. Save Power Ltd., No. Civ. A. 96-40-MMS, 1996 WL 328596, at *9-*10 (D. Del. June 7,

1996) (transferring venue due to the absence of connections with Delaware) (Candeub Decl. Ex.

F). In Nisselson v. Lernout et al., No. Civ. A. 03-10843 (PBS), the plaintiff, trustee of the

Dictaphone Litigation Trust, similarly alleged improper revenue recognition practices against

KPMG US and KPMG Belgium, among other defendants. However, because the only

connection to the Delaware forum in that case was the underlying bankruptcy action and the state

of incorporation of Dictaphone, plaintiff appropriately filed his action in the Massachusetts

District Court. Here, too, Plaintiff's claim is merely an attempt to liquidate a cause of action

having no connection with Delaware.

     5.    The allegations and claims asserted in the Complaint here underscore the

8

appropriateness of the resolution of the legal and factual issues by the Massachusetts District Court. The Complaint alleges that Massachusetts is "the center of gravity" of the alleged misconduct at issue here. (Compl. ¶ 97.) Additionally, the Complaint alleges that L&H's U.S. presence was in Massachusetts and that the alleged negligent "auditing functions" occurred in Boston. (Compl. ¶ 97.) Indeed, Plaintiff itself has invoked a Massachusetts consumer protection statute, namely Mass. Gen. L.C. 93A, and other claims requiring the application of Massachusetts state law.

      6.    The claims asserted here relate to the same underlying transactions that are the subject of the cases that have been pending in the Massachusetts District Court. Because that court has already delved into, and will continue to delve into, factual and legal issues relating to the present action, judicial economy weighs in favor of transfer. See Ferens, 494 U.S. at 531; Davox Corp., 846 F. Supp. at 149. If these cases were to proceed in separate districts, duplicative discovery and motion practice would ensue, wasting valuable judicial resources by requiring multiple judges to become familiar with the underlying facts here. Moreover, the possibility of inconsistent rulings and results becomes more likely when multiple courts are adjudicating the same issues.

      7.    Transfer of this action to the Massachusetts District Court would also be more convenient to the parties and witnesses involved. Because of the ongoing litigation in Massachusetts, discovery has been coordinated in one forum, preventing witnesses from being subjected to multiple depositions in multiple jurisdictions. In Pursuit Athletic Footwear, Inc., the District Court for the District of Delaware gave great weight to the convenience of witnesses in transferring an adversary proceeding to the Northern District of Texas. 1996 WL 328596, at *10. Because the only connection to Delaware was the underlying bankruptcy case, the court found transfer of the action appropriate. Id. at *6-7. Here, too, Plaintiff's choice of forum has

9

no direct relation to the operative, underlying facts of the case. In contrast, virtually all of the factual and legal issues surrounding Plaintiff's claims against KPMG US and KPMG Belgium have been the subject of litigation pending for several years in the Massachusetts District Court. Accordingly, transfer of this action to Massachusetts will prove more convenient to the parties and witnesses involved and preserve the precious judicial resources at stake.

## CONCLUSION

For all the foregoing reasons KPMG US respectfully requests that this Court enter an Order transferring this action to the Massachusetts District Court.

Dated: October 4, 2004

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com

Attorneys for KPMG LLP

10

TMH/103194-0002/1046032/1