IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V., | ) ) ) | Case No. 00-4398 (JHW) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE OF THE LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. LITIGATION TRUST, | ) ) ) ) ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP AND KLYNFELD PEAT MARWICK GOERDELER BEDRIJFREVISOREN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**LITIGATION TRUSTEE'S REPLY TO DEFENDANT KPMG LLP'S
OPPOSITION TO LITIGATION TRUSTEE'S MOTION TO EXTEND DEADLINE
TO FILE RESPONSE TO TRANSFER MOTION**

Plaintiff, Scott L. Baena, Litigation Trustee of the Lernout & Hauspie Speech Products NV Litigation Trust (the "Trustee"), submits this memorandum in reply to Defendant KPMG LLP's ("KPMG") opposition to the Trustee's motion to extend his deadline to respond to KPMG's transfer motion.

KPMG also filed a Cross-Motion for Expedited Consideration of Transfer Motion and for Enlargement of Time to Respond to Complaint together with its opposition. The Trustee's response to that motion is not now due. It will be filed separately when it is due under the customary briefing rules.

## **PRELIMINARY STATEMENT**

In its opposition papers, KPMG mischaracterizes the Trustee's extension request, and then attacks that mischaracterization as a process that is "inefficient, inappropriate and illogical." In so doing, KPMG presents itself as a reasonable party seeking only what is best for the process of justice, and portrays the Trustee as quick to concede the merit of its transfer motion and arbitrary in withdrawing his agreement on deadlines. KPMG has filled its opposition with a sub text designed to imply improper tactics by the Trustee and the absence of any valid reason to oppose the transfer motion. In fact, both the Trustee's extension request and his actions are valid and appropriate, and the complaints asserted by KPMG (particularly the ad hominem attacks on the Trustee's counsel) are unnecessary and unworthy.

It is important for the Court to note that, while both KPMG and Klynfeld Peat Marwich Goerdeler Bedrijfrevisoren ("KPMG Belgium") now have been served with the complaint, neither has filed a substantive response. By agreement, the response of KPMG Belgium is due on November 15, 2004. KPMG's response was extended by agreement to October 1, 2004, but only its motion to transfer has been filed.

The Court now is being urged to rule on the transfer of this case before any filing by KPMG Belgium. That is not appropriate. KPMG Belgium is a party to this case and its position must be stated, and dealt with. At this point, both Defendants still retain the right to file Rule 12(b) motions, regardless of whether the transfer motion is granted. Since those motions can include challenges to subject matter jurisdiction, in personam jurisdiction and venue, the Trustee and this Court could be faced with additional forum related challenges even after the transfer motion is decided. That would be both inefficient and improper. The chance of it happening would be reduced, or avoided, by granting the Trustee's extension request.

\75543\21648\ # 697888 v 1

-2-

**ARGUMENT**

A. **The Motion for Transfer Requires This Court to Consider the Position of All Parties Regarding All Venue Related Issues.**

It is important first to correctly understand the Trustee's request before it is evaluated. The Trustee is asking the Court to extend the date for his response to the transfer motion to the date he must respond to both KPMG's and KPMG Belgium's substantive responses to the complaint. KPMG's reply to the Trustee's response would be due thereafter and, upon completion of briefing, the motion to transfer would be set for hearing.

Consideration of the motion to transfer should not be undertaken lightly, nor should it occur before KPMG Belgium files its response to the complaint. Having both Defendants' substantive responses filed before the Trustee responds to the motion to transfer will place before the Court the entire panorama of venue related issues that can be raised so that only one decision on these issues will be necessary.

KPMG states that "KPMG Belgium takes no position on the transfer motion (and would not seek a transfer back to this Court if it were transferred to the District of Massachusetts)" and attaches a letter to that effect. This representation is meaningless at best. Certainly, KPMG Belgium is not conceding that this Court is the proper forum for this action. Indeed, the Trustee fully expects that KPMG Belgium will file papers asserting not only that this action should not be prosecuted in this Court, but also that is should not be heard in the District of Massachusetts.[1] There is no reason to deal with such matters in series. If all substantive motions are filed, this Court can view the whole panorama of issues raised by Defendants, and, depending upon what is raised, this Court - not KPMG - can determine what matters are appropriate and efficient to be heard and considered together.

---

[1] KPMG Belgium has already filed a motion to dismiss for lack of personal jurisdiction in the preference action against it.

\75543\21648\ # 697888 v 1

**B.     The Trustee's Extension Request is Protective of the Court's Resources and Does Not Prejudice KPMG.**

Under the protocol requested by the Trustee, he will have before him the positions of both Defendants on all venue and related issues when he prepares his response. This will allow a comprehensive filing that will help avoid similar issues being considered in seriatim, either by this Court or by some other court.

This procedure will not require this Court to prematurely or unnecessarily rule on any motion. Nor will it require significant additional effort on the part of KPMG. KPMG will have to file its substantive response to the complaint at some point regardless of how, and when, this Court rules on the transfer motion. Moreover, considering the fact that this Court's subject matter jurisdiction is identical to the Massachusetts District Court, the Trustee can only assume that whatever "subject matter jurisdiction" arguments KPMG might have would be equally applicable in either court.[2]

KPMG calls the Trustee's extension request is "a transparent attempt to preview' KPMG's arguments against the complaint," as if that were sinister or inappropriate. It is not. To the contrary, seeing all of the Defendants arguments against the complaint is entirely appropriate here and will be of benefit both the Trustee in preparing his response and the Court in its consideration of transfer related issues.

KPMG also spends substantial time covering excerpts of what was discussed and agreed to, or not, among counsel regarding the issue of transfer. Those excerpts do not fairly represent the full scope of the discussions involved, but it is not productive at this point to go through an extended recitation of what was said and why. Suffice it to say there it appears to be a

---

[2] Perhaps KPMG is confusing subject matter jurisdiction with withdrawal of the reference when it suggests it would be forced to make an unnecessary argument if it filed its substantive response in this Court. If that is the case, it can be dealt with when, and if, it is raised.

\75543\21648\ # 697888 v 1

misunderstanding of the conditions under which Trustee's counsel believed a transfer could advance this case to issue and avoid extended procedural wrangling.

As can be seen from the letter from the Trustee's counsel that KPMG attached to its opposition, those conditions included a written motion setting forth valid grounds for transfer. As it turned out, even that threshold condition was not met. Although the Trustee will set forth in full detail all such issues in his response, it can now be noted that, not only are the grounds legally insufficient for transfer, but also KPMG has been less than candid in its presentation of the facts.

KPMG describes at some length numerous "L&H related" cases it has been litigating in Massachusetts, and states that many of the witnesses and document discovery in those Massachusetts cases "will be the same in this case." KPMG's transfer motion presents the prospect of it being required to defend nearly identical claims in two different jurisdictions at the same time with a duplication of discovery and the possibility of inconsistent discovery rulings. The truth, however, is quite different.

KPMG failed to mention two important facts. First, it <u>settled all of the Massachusetts cases</u> a few weeks <u>before</u> it filed its motion to transfer. There are <u>no claims</u> now pending against it in any of those cases in Massachusetts. In fact, the only "L&H related" case against KPMG is this case, brought by the Trustee in this Court.

Second, the discovery in what remains of the Massachusetts cases <u>closes on November 15, 2004</u>, little more than three weeks from the date of this reply. As a result, there can be no duplicate discovery, no inconsistent discovery rulings and no duplicate effort by KPMG.

KPMG states in a footnote that, at a status conference at which Trustee's counsel was not present, it informed Judge Saris, the Massachusetts District Court Judge before whom the other

KPMG related case were pending (before KPMG settled them), that this case may be transferred to her. Others in attendance have confirmed KPMG's statement. However, rather than supporting a transfer, the Trustee submits that KPMG's presentation of "information" to Judge Saris about this case – when the Trustee's counsel was not present – is among the many reasons why this case should not be transferred.

## CONCLUSION

The Trustee's request to extend his time to respond to KPMG's motion to transfer is both reasonable and beneficial to the administration of justice in this case. Contrary to KPMG's protestations, there is nothing sinister about the request. It creates no hardship on the Defendants and places no unnecessary burden on the Court. Any delay in considering the motion to transfer is offset by the contemporaneous filing and briefing of Defendants' substantive motions. Most importantly, the resulting schedule will allow all forum related arguments to be viewed together and help avoid any inappropriate or inefficient result.

For the reasons set forth above, the Trustee requests that he be granted an extension to respond to the motion to transfer until after the Defendants' substantive motions are filed and all the issues to be raised by them are put before this Court.

Dated:  Wilmington, Delaware
          October 25, 2004

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
David W. Trench, Esq. (admitted *pro hac vice*)
Nathan G. Mancuso, Esq. (admitted *pro hac vice*)
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580
Facsimile:  (305) 374-7593

- and -

-7-

**FERRY JOSEPH & PEARCE, P.A.**

<u>/s/ Theodore J. Tacconelli</u>
Theodore J. Tacconelli (Bar Id No. 2678)
Lisa L. Coggins (Bar ID No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE  19899
Telephone:  (302) 575-1555
Facsimile:  (302) 575-1714

Co-Counsel for Scott L. Baena, as Litigation Trustee of Lernout & Hauspie Speech Products N.V. Litigation Trust