IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V., | ) ) | Case No. 00-4398 (JHW) |
| | ) | |
| Debtor. | ) | |
| —————————————— | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE OF THE LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. LITIGATION TRUST, | ) ) ) ) ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP AND KLYNFELD PEAT MARWICK GOERDELER BEDRIJFREVISOREN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| —————————————— | ) | |

**LITIGATION TRUSTEE'S OPPOSITION TO DEFENDANT KPMG LLP'S
MOTION TO TRANSFER AND MEMORANDUM OF LAW**

Plaintiff, Scott L. Baena, Litigation Trustee of the Lernout & Hauspie Speech Products NV Litigation Trust (the "Trustee"), submits this response in opposition to Defendant, KPMG LLP's ("KPMG"), Motion to Transfer the Action to the District of Massachusetts ("Transfer Motion") and the Opening Brief in Support of KPMG LLP's Motion to Transfer the Action to the District of Massachusetts ("Opening Brief").

**I. PRELIMINARY STATEMENT**

The Trustee has sued KPMG and Klynfeld Peat Marwick Goerdeler Bedrijfrevisoren ("KPMG Belgium") in this case for $340,000,000 in damages resulting from their failures as accountants and auditors for L&H Speech Products NV ("L&H"), their former client. The

Trustee brings these claims as successor to L&H, putting him in the position of the Defendants' former client.

KPMG asks this Court to transfer this case from this Court to the District of Massachusetts. KPMG claims that this transfer will serve the "interests of justice" and promote the "convenience of the witnesses and parties." (Opening Brief, p.6.) In fact, the transfer will do no such thing, and the Transfer Motion should be denied because it is without foundation in fact or law.

As the basis for its Transfer Motion, KPMG asserts that "virtually all of the factual and legal issues surrounding Plaintiff's claims against KPMG" are the subject of six different cases, all pending before one District Court Judge in the District of Massachusetts. KPMG argues that these "Massachusetts Actions," several of which were transferred from the District of Delaware pursuant to the "first-filed" rule, concern "the exact same issues" presented in this case and also involve the same parties, including the KPMG and KPMG Belgium. KPMG goes on to say that many of the witnesses and much of the documentary discovery relevant to the Massachusetts Actions "will be the same in this case," and that the transfer will avoid the necessity for multiple depositions of witnesses that "have been noticed to take place in Massachusetts."

KPMG cites authority for the commonly accepted proposition that it would be wasteful to allow two cases "involving precisely the same issues" to be "simultaneously pending" in different District Courts. (Opening Brief, p.7.) Indeed, the Opening Brief gives the reader the inescapable impression that if this case is not transferred to the District of Massachusetts, KPMG will be forced to defend essentially the same claims in two different jurisdictions at the same time, unfairly burdening it, the witnesses and the court system with the risk of inconsistent rulings and duplications of all kind.

There is a fundamental flaw in this presentation, however. Virtually every thing that KPMG says regarding the purported identity of this case with the Massachusetts Actions is, at best, misleading, and for the most part completely false. Indeed, as we show below, (i) both KPMG and KPMG Belgium have settled all of the claims asserted against them in the Massachusetts Actions, and, as a result, there is no identity (or even overlap) of parties between this case and the Massachusetts Actions; (ii) there is no identity or overlap of claims or legal theories between this case and the Massachusetts Actions, and (iii) discovery in the Massachusetts Actions has effectively closed and there thus cannot possibly be any benefits that will be derived by consolidating the discovery in this case with the Massachusetts Actions.

We will leave it to KPMG to explain why it has so grossly misrepresented the Massachusetts Actions. The true status of the matters, however, leaves no basis to disturb the Trustee's choice of forum and transfer this case to Massachusetts. For these reasons, KPMG's Transfer Motion should be denied in all aspects.

## II. ARGUMENT

### A. Legal Standard

The Transfer Motion is brought pursuant to both 28 U.S.C §1404(a) and §1412. Section 1404(a) is the general transfer statute, and it provides that "[f]or the convenience of the parties and the witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Section 1412 regards the transfer of bankruptcy matters and similarly provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

As KPMG correctly states, the decision to transfer under either section turns on the same

issues. *In re Emerson Radio Corp.,* 52 F.3d 50, 55 (3d Cir. 1995) ("[S]ection 1412 largely include[s] the same criteria for transfer of cases as section 1404(a), *i.e.,* 'the interest of justice' or 'the convenience of the parties' ...."). However, under both statutes, the burden of establishing the need for a transfer rests with the movant. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Indeed, the party seeking the transfer bears the burden of demonstrating by a preponderance of the evidence that a transfer of venue is strongly favored under the circumstances. *Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Del., Inc.),* 296 B.R. 323, 325 (Bankr.D.Del.2003).

KPMG also correctly sets forth the non-exclusive list of twelve factors identified by the Third Circuit as relevant to the determination of whether to transfer an action. *Jumara v. State Farm Ins. Co.,* 55 F.3d at 879-80. However, contrary to KPMG's suggestion, these factors are not equally weighted. The starting point in the analysis is the recognition that the plaintiff's choice of forum is deserving of paramount consideration and should not be lightly disturbed. *Schutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The deference accorded plaintiff's choice of forum will apply as long as the selection is for a legitimate reason. *Guidant Corporation v. St. Jude Medical, Inc.*, 2004 WL 1925466 (D.Del.) at *2.

In this case, the Trustee has chosen to litigate this claim - the largest remaining asset of the estate - in the same forum where the bankruptcy case is proceeding – an entirely legitimate basis for Plaintiff's choice. Indeed, with regard to transfers of bankruptcy proceedings under §§1404(a) and 1412, there is "a strong presumption of maintaining venue where the bankruptcy case is pending." *HLI Creditor Trust v. Keller Rigging Constr.(In re Hayes Lemmerz Int'l Inc.)* 312 B.R. 44, 46 (Bankr.D.Del.2004), *quoting* *Southwinds Assocs., Ltd. v. Reedy (In re Southwinds Assocs. Ltd.),* 115 B.R. 857, 862 (Bankr.W.D.Pa.1990).

KPMG would have this Court believe that the confirmation of the Plan in this case somehow diminishes the presumption in favor of the Trustee's selection of this forum. Nothing could be further from the truth. To the contrary, as demonstrated by the very cases that KPMG cites in support of this proposition, the presumption will be preserved unless the party seeking the transfer can demonstrate that the transfer will significantly enhance an efficient, expeditious and cost effective resolution of the adversary proceeding.

It is precisely for this reason that KPMG has gone to the lengths that it has to portray this case as virtually identical to the Massachusetts Actions. The facts, however, speak for themselves.

**B. KPMG's Representations of The "Virtual Identity" of This Case With The Massachusetts Actions are Completely False.**

As discussed above, KPMG's Transfer Motion is founded on the proposition that there is a series of cases currently pending against KPMG and KPMG Belgium in Massachusetts District Court that are "virtually identical" in every respect to this case; that unless this case is transferred to Massachusetts, discovery will be duplicated, inconsistent legal rulings may occur, judicial labor will be wasted and witnesses will be exposed to multiple depositions. Frankly, if the cases were as identical as KPMG claims, and if proposed transfer could achieve the goals that KPMG asserts, the Trustee might be receptive to KPMG's Transfer Motion. The truth, however, is that the purported benefits of the transfer are as illusory as KPMG's characterization of the "virtual identity" of the actions is false.

KPMG correctly states that when a case is pending in another District that involves the same parties and the same issues as a subsequently filed case, a court can use the "first-filed" rule to either dismiss or stay a later-filed case, or to transfer the second case to be consolidated in the court where the first-filed case is pending. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969,

971 (3d Cir. 1988); *see also*, *Liu v. Cargo Transporter, Inc.*, 2003 WL 21659254 at *1 (E.D.Pa.)(first-filed rule articulated in *E.E.O.C. v. Univ. of Penn.* does not apply when the parties to the related actions are not the same); *Oakley, Inc. v. Dynex Sport Optics, Inc.*, 1989 WL 101550 (D.N.J.) at *8(same).

    Relying on this authority, KPMG asserts that:

- Virtually all of the factual and legal issues surrounding Plaintiff's claims against KPMG US and KPMG Belgium have been the subject of litigation pending for several years in the Massachusetts District Court. (Opening Brief, p.2);

- The factual allegations and legal theories in the Complaint are virtually identical to those in the Massachusetts Actions. (*Id*., p. 4);

- These cases concern . . . third-party discovery of literally hundreds of persons and entities who have relevant information regarding the collapse of L&H, as well as scores of other factual and legal issues. (*Id*., p. 2);

- Many of the witnesses (both parties and non-parties) and document discovery in the Massachusetts Actions and Transaction Cases will be the same in this case. (*Id*., p. 3-4);

- Because of the ongoing litigation in Massachusetts, discovery has been coordinated in one forum, preventing witnesses from being subjected to multiple depositions in multiple jurisdictions. (*Id*., p. 9);

- The claims asserted here relate to the same underlying transactions that are the subject of the cases that have been pending in the Massachusetts District Court. Because that court has already delved into, and will continue to delve into, factual and legal issues relating to the present action, judicial economy weighs in favor of transfer. (*Id*., p.9); and

- If these cases were to proceed in separate districts, duplicative discovery and motion practice would ensue, wasting valuable judicial resources by requiring multiple judges to become familiar with the underlying facts here. (*Id*., p. 9).

In point of fact, none of these statements is correct. Indeed, the statements are so transparently lacking in any support or foundation that it is almost inexplicable that KPMG

would have the temerity to make them.

As a threshold matter, there is no identity of the parties between this case and the Massachusetts Actions. Indeed, with the conclusion of KPMG and KPMG Belgium's settlements of the Massachusetts Actions, there is not a single party - plaintiff or defendant - that is common to both this case and any of the Massachusetts Actions.

The importance of this fact cannot be overstated. The Trustee has not been able to discover a single reported decision where the first-filed rule has been relied on or even suggested as a basis, to transfer a case when the parties to the actions are completely different. Apparently, KPMG has not been able to find any support for a transfer under these circumstances either. How else can KPMG explain its failure to admit the absence of common parties to this Court or its pretense to the Court of just the opposite? More disturbingly, how can KPMG justify its representations of commonality to this Court both in its Transfer Motion and its argument in open court at the hearing on the Trustee's motion to extend the briefing schedule, when (i) both KPMG and KPMG Belgium had already negotiated the complete settlement of all claims against them in the Massachusetts Actions, and (ii) KPMG and KPMG Belgium were arguing before the Massachusetts court that these settlements should insulate them from any further litigation responsibilities in the Massachusetts Actions?

In fact, after the Transfer Motion was filed, KPMG filed a motion in the Massachusetts Actions seeking protection to *avoid* the efforts of the remaining parties from taking discovery of KPMG. As it stated in its motion: "Indeed, having settled, KPMG [LLP] is now effectively a non-party who should be protected from the overreaching and tardy discovery efforts of the Non-Settling Defendants." (KPMG LLP'S Memorandum of Law in Opposition to SG Cowen's Motion to Compel and In Support of Cross-Motion for Protective Order, dated October 12, 2004,

at p. 2, *see also*, p. 10, attached as Exhibit "1,"). KPMG's counsel reiterated that stance at the October 19, 2004 motion when she stated to Massachusetts Magistrate Judge Robert B. Collings, "Our position is that we are not parties in this case." (Transcript from October 12, 2004 Hearing before Magistrate Judge Robert B. Collings, *In re Lernout & Hauspie Securities Litigation*, consolidated Civil Action Nos. 00-11589, 02-10303, 02-10304, and 02-10305, attached as Exhibit "2," p. 45).

KPMG Belgium took a similar position in moving for its own protective order, stating: "KPMG [Belgium], as a result of settlement, *will no longer be defending the actions in this Court*." ([KPMB Belgium]'s Surreply Memo In Further Opposition To SG Cowen's Motion To Compel And In Support Of [KPMG-Belgium]'s Motion For A Protective Order, dated October 18, 2004, *In re Lernout & Hauspie Securities Litigation*, consolidated Civil Action Nos. 00-11589, 02-10303, 02-10304, and 02-10305, Exhibit 1).

KPMG's deception about the common parties between this case and the Massachusetts Actions is, if anything, eclipsed by its outright misrepresentations regarding the discovery benefits that the transfer would supposedly provide. KPMG recognizes that discovery efficiency, particularly in terms of avoiding multiple depositions, is critical to establishing the foundation to transfer an action away from a plaintiff's selected forum. Accordingly, KPMG repeatedly argues how extensive the discovery in the Massachusetts Actions has been, how many depositions have already occurred and are scheduled to occur, and how "discovery has been coordinated in one forum, preventing witnesses from being subjected to multiple depositions in multiple jurisdictions." (Opening Brief, p. 9).

What KPMG has conspicuously avoided telling this Court is that all discovery in the Massachusetts Actions formally ends on November 15, 2004. In fact, when KPMG filed its

Transfer Motion, the discovery cut-off was actually October 31, 2004. What KPMG has also omitted from its representations to this Court is that, as a condition of their settlement with the plaintiffs in the Massachusetts Actions, both KPMG and KPMG Belgium expressly prohibited the settling plaintiffs from providing <u>any</u> cooperation to the Trustee, even in the form of translations of Belgian documents.

The import of what KPMG has avoided telling this Court cannot be overstated. Because all of the discovery in the Massachusetts Actions - including all depositions - will have been concluded before the Trustee could possibly participate, it will have precisely the same result regardless of whether this action remains in this forum or is transferred to Massachusetts. In either case, the ability of the Trustee to obtain the discovery will be the same; he will have to request production of the discovery from KPMG or KPMG Belgium, and he will have to subpoena the discovery if it is from anyone else - including the Massachusetts plaintiffs who KPMG prohibited from cooperating with the Trustee.

Moreover, to the extent that the interrogatory answers, responses to requests for admissions and deposition testimony are from KPMG or KPMG Belgium, and are useful to the Trustee's case, they will be equally admissible as admissions of party opponents, whether in this Court or in the District Court of Massachusetts. To the extent that the discovery is from other parties to the Massachusetts Actions, and is useful to the Trustee's case, it will be equally inadmissible in this Court or in Massachusetts, except as may be provided under the Fed.R.Civ.P. and Fed.R.Evid.

With specific respect to the depositions that will have been taken in the Massachusetts Actions, the inability of the Trustee to have participated will invariably require him to re-depose many of the witnesses, again regardless of whether the case remains in this Court or is

transferred to Massachusetts. The Trustee obviously cannot rely on depositions taken by other litigants with other claims and agendas (even assuming, of course, that they would be admissible at all), and he thus will have to question the witnesses on the issues that are related to his case.

Perhaps because KPMG cannot identify a single common party between this case and the Massachusetts Actions, and perhaps because KPMG cannot point to a single actual benefit that the transfer would provide in respect of the discovery in this case, KPMG devotes the better part of its Transfer Motion to what it contends are the identity of legal issues between this case and the Massachusetts Actions. KPMG's contention is nothing short of remarkable.

First and foremost, despite KPMG's claim that "[t]he factual allegations and legal issues in this case are the virtually identical to those in the Massachusetts Actions," the Trustee has not alleged a single cause of action that was asserted, let alone ruled on by Judge Saris, in any of the Massachusetts Actions. The Trustee's complaint alleges claims against KPMG and KPMG Belgium for professional malpractice, aiding and abetting breach of fiduciary duty, and violation of the provisions of the Massachusetts Consumer Protection Act applicable to professional services provided for a client. None of these claims was ever asserted in the Massachusetts Actions; nor could they possibly have been because each of the Trustee's claims could only be maintained by or on behalf of L&H.

By contrast, the vast majority of the claims alleged in the Massachusetts Actions (whether against KPMG, KPMG Belgium or the myriad of any other defendants not parties to this case) were claims for securities fraud under Sections 10(b) and 20(a) of the Securities Act. These claims were predicated on alleged misrepresentations that the plaintiffs in the L&H class action suit asserted had induced their purchase of L&H stock, and that the plaintiffs security holders in the Dragon and Dictaphone cases asserted had induced their sale of Dragon and

Dictaphone stock. Moreover, of the claims asserted by the plaintiffs in the Massachusetts Actions that did not arise under federal securities laws, they all were predicated on one or more species of fraud or misrepresentation again associated with the alleged inducement to sell or purchase securities.

The closest any of the plaintiffs in the Massachusetts Actions came to asserting any of the causes of actions alleged by the Trustee in this case was the Dictaphone Trustee in *Nisselson v. Lernout, et al.*, No. Civ. A 03-10843(PBS), who also asserted claims arising under the Massachusetts Consumer Protection Act. However, unlike the Trustee in this case, the Dictaphone Trustee's claims were based on the consumer fraud portions of the Act. Moreover, in her order dismissing the Dictaphone Trustee's action, Judge Saris never even reached this claim because of her determination that the Dictaphone Trustee lacked standing to assert any of his claims.

In short, like KPMG's pretenses about the common parties in this case and the Massachusetts Actions, and its proclamation of the discovery benefits that the transfer would produce, its contention of the "virtually identical" legal issues between this case and the Massachusetts Actions is made up out of whole cloth. For this reason as well, KPMG's reliance on the Massachusetts Actions to justify its Transfer Motion is completely unfounded.

C. **Judge Saris Familiarity With the Facts Alleged in the Massachusetts Actions is Not a Basis for Transfer.**

With all of the reasons to transfer based on "pending actions" with the "same parties" involving the "same legal issues" and offering "consolidated discovery benefits" gone, nothing is left but the suggestion that Judge Saris' residual familiarity with the facts alleged in the Massachusetts Actions somehow would make her adjudication of this case more efficient. This suggestion is without merit.

In the first place, Judge Saris has never been called upon to decide any facts in the Massachusetts Actions; indeed, the furthest she proceeded "on the merits" was to rule on the motions to dismiss. Nonetheless, to the extent that KPMG is correct in its assertions that the facts of this case overlap with the facts at issue in the Massachusetts Actions, and that Judge Saris "has already delved into, and will continue to delve into" these facts, her familiarity with these facts cannot be a basis to transfer this case, and may, in and of itself, be reason not to transfer the case.

According to KPMG, Judge Saris' four year tenure with the Massachusetts Actions has allowed her to make at least preliminary determinations regarding those actions that would facilitate her ruling in this case and provide better judicial efficiency than if a different judge were to view this case anew. There is a fundamental problem with this argument, however. The Trustee has not been a party to any of the Massachusetts Actions and, as a result, has not had any say in Judge Saris' prior determinations of these issues.

Lest there be any doubt, the Trustee has nothing but the greatest respect for Judge Saris, and takes great comfort in her rulings that factual allegations, which KPMG states are virtually identical to the allegations in this case, were sufficient to state a claim for securities fraud against both KPMG and KPMG Belgium under section 10(b) of the Securities Act. The Trustee also takes great comfort in Judge Saris' determinations (i) rejecting KPMG Belgium's attempt to remove the Massachusetts Actions to Belgium on *forum non conveniens* grounds, and (ii) rejecting KPMG Belgium's attempt to shield its L&H work papers from discovery, even without consideration of L&H's consent to the disclosure of those documents. Finally, the Trustee is encouraged by the fact that Judge Saris has been asked to approve the class action plaintiffs' $115 million settlement of its claims against KPMG and KPMG Belgium, claims that the Trustee

believes are not nearly as strong as his claims in this case.

Nevertheless, the Trustee cannot countenance an argument that, in essence, uses the term "familiarity" as a code word for prejudgment. This action represents the single largest asset of a bankruptcy estate that at this point is only expected to pay its creditors pennies on the dollar. At a minimum, the Trustee should be entitled to an impartial consideration of his claims. *See, Codex Corp. v Milgo Electronic Corp.,* 553 F.2d 735, 739 (1st Cir. 1977) (Court's prior determination of facts in respect of one party would militate against transfer of case involving similar facts in respect of another party)

KPMG's misrepresentations to this Court of the "virtual identity" of this case to the Massachusetts Actions in an effort to shoehorn this action into the first-filed rule is bad enough. Its attempt to buttress this invalid argument with the contention that Judge Saris' familiarity a/k/a prejudgment of the facts will promote judicial efficiency crosses the line. The Trustee acknowledges a significant overlap of the facts of this case with the facts at issue in the Massachusetts Actions. However, this factual overlap without common parties or legal theories of recovery or prospects for consolidated discovery cannot justify the transfer of this case to Massachusetts.

**D. KPMG Has Failed To Present Any Other Basis for Requiring a Transfer to Massachusetts**

Almost as a footnote, KPMG states in paragraph 5 of its Opening Brief that the transfer of this case is warranted because the complaint alleges that L&H's former U.S. headquarters were in Massachusetts and that the center of gravity of KPMG's misconduct that forms the basis of the claims occurred in Massachusetts. KPMG also argues in the same paragraph that the Trustee "has invoked a Massachusetts consumer protection statute, namely Mass. Gen. L.C. 93A, and other claims requiring the application of Massachusetts state law." Finally KPMG claims in

the final substantive paragraph of its Opening Brief that the case should transferred because the Massachusetts District Court would be "more convenient to the parties and witnesses."

The weakness of these arguments is consistent with the half-hearted effort that KPMG has given to them. First, with respect to the convenience of the witnesses and parties that would purportedly ensue from the transfer of this case to Massachusetts, the only basis KPMG can offer to support its conclusions is its well-worn and totally inaccurate mantra regarding the virtual identity of this case and the Massachusetts Actions and the fact that "[b]ecause of the ongoing litigation in Massachusetts, discovery has been coordinated in one forum, preventing witnesses from being subjected to multiple depositions in multiple jurisdictions."

The Trustee has already demonstrated the speciousness of this argument. Suffice it to say that, as a Delaware Limited Liability Partnership, KPMG should not be heard to complain about being sued in its home state any more than it can be heard to argue the discovery benefits of joining this case with actions where discovery has been closed and with respect to which the Trustee has not had a chance to participate.

With regard to the "center of gravity" of KPMG and KPMG Belgium's conduct occurring in Massachusetts, the Trustee acknowledges that this fact should be considered for purposes of the Transfer Motion, primarily as it relates to the presence of witnesses and potential witnesses in Massachusetts. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 200 (D.Del.1998). Nevertheless based on the Trustee's investigation of the facts in this case and the location of both potential party and non-party witnesses, the number of witnesses that now reside in Massachusetts appears to be relatively small. By way of example, while certain KPMG witnesses may reside in Massachusetts, critical KPMG and KPMG Belgium witnesses are resident of Houston, Atlanta, New York and Belgium respectively. Accordingly, and

particularly in the absence of any evidentiary showing by KPMG to the contrary, KPMG cannot rely on the fact that the center of gravity of KPMG and KPMG Belgium's misconduct was in Massachusetts to compel the transfer of this case.

For similar reasons, KPMG's reference to the Trustee's claims as arising under Massachusetts state law also cannot justify the transfer of this case to Massachusetts. Bankruptcy Courts routinely decide matters that require the application of state law, and KPMG has offered nothing to suggest that the Massachusetts state law issues raised by the complaint are in any way unsettled, novel or complex. To the contrary, there is a well-developed body of case law interpreting both the statutory and common law claims alleged in the complaint. For example, § 93A by its terms is interpreted in accordance with the Federal Trade Commission's construction of that Act. *Ciardi v. Hoffman-LaRoche, LTD*, 2000 WL 33162197 at *4 *citing* G.L.c. 93A § 2. This Court is thus as well equipped to review the statute and supporting case law as is the Massachusetts Court.

### E. Prospects for Expeditious Resolution of this Case Favor Denial of the Transfer Motion

Another well recognized rational basis for forum preference is the desire for a speedier resolution. *Affymetrix, Inc.*, 28 F.Supp.2d at 200(collecting cases). The Trustee has chosen this forum in part because of the pace at which such matters are adjudicated. Cases move with deliberate speed in Bankruptcy Court. The Massachusetts Actions, on the other hand, were filed over four years ago and have not yet been tried. Indeed, a KPMG motion to dismiss took almost eleven months to be decided. A review of the most recent docket information for Judge Saris available online with the United States Court Office of Administration indicates that the median time for case resolution through trial for the twelve-month period ending March 31, 2004 was thirty-one months. (*See* Table C-5, attached as Exhibit "3".) Accordingly, this factor also favors

denial of the Transfer Motion.

The foregoing demonstrates that there are no factors sufficient to support a ruling that this case should be transferred. It would be antithetical to the policies of justice and economy that underlie transfers to send this case to a jurisdiction where it is likely to take longer to get to trial based on the argument that the Defendants' activities were centered there over four years ago.

## CONCLUSION

As the Trustee has demonstrated in this memorandum, KPMG has utterly failed to carry its burden to establish that this case should be transferred from this Court to the District of Massachusetts. To the contrary, a review of the criteria the Court must consider in deciding a motion to transfer unqualifiedly supports the retention of this case in this forum. No case can be cited which justifies a transfer under even remotely similar circumstances. Accordingly, based on the arguments and authorities set forth above, the Trustee respectfully requests that this Court deny the Transfer Motion.


Dated: Wilmington, Delaware
         November 8, 2004

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
David W. Trench, Esq. (admitted *pro hac vice*)
Nathan G. Mancuso, Esq. (admitted *pro hac vice*)
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2336
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

- and -

**FERRY JOSEPH & PEARCE, P.A.**

  /s/ Lisa L. Coggins
Theodore J. Tacconelli (Bar Id No. 2678)
Lisa L. Coggins (Bar Id No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555
Facsimile: (302) 575-1714

Co-Counsel for Scott L. Baena, as Litigation Trustee of Lernout & Hauspie Speech Products