UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE LERNOUT & HAUSPIE<br>SECURITIES LITIGATION ) | Civil Action No. 00-CV-11589 (PBS) |
| FILLER, et al.,<br>      Plaintiffs,<br>      v.<br>LERNOUT, et al.<br>      Defendants. ) | Civil Action No. 02-CV-10302 (PBS) |
| STONINGTON PARTNERS, INC.,<br>et al.,<br>      Plaintiffs,<br>      v.<br>DAMMEKENS et al.,<br>      Defendants. ) | Civil Action No. 02-CV-10303 (PBS) |
| BAMBERG, et al.,<br>      Plaintiffs,<br>      v.<br>LERNOUT, et al.,<br>      Defendants. ) | Civil Action No. 02-CV-10304 (PBS)<br><br>CONSOLIDATED WITH |
| BAKER, et al.,<br>      Plaintiffs,<br>      v.<br>KPMG LLP, et al.,<br>      Defendants. ) | Civil Action No. 02-CV-10305 (PBS) |

**KPMG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO SG COWEN'S MOTION
TO COMPEL AND IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 3 |
| ARGUMENT | 4 |
| I. THE DEPOSITION NOTICES AND DISCOVERY SERVED ON KPMG US AFTER SEPTEMBER 23, 2004 SHOULD BE BARRED AS OUTSIDE OF THE TIME PERIOD SET BY THIS COURT | 4 |
| II. THE DISCOVERY SOUGHT IS FAR TOO BROAD AND SHOULD BE LIMITED | 7 |
| III. THE 30(B)(6) DEPOSITION NOTICES SHOULD ALSO BE QUASHED BECAUSE THE FIFTEEN TOPICS ARE UNDULY BURDENSOME, HARASSING AND NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THIS CASE | 11 |
| IV. CONCLUSION | 15 |

# TABLE OF AUTHORITIES

## Cases

Page

Addamax Corp. v. Open Software Found., Inc.,
    148 F.R.D. 462 (D. Mass. 1993) ........................................................... 10

Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,
    244 F.3d 189 (1st Cir. 2001) ............................................................... 9, 12

Blount Int'l, Ltd. v. Schuylkill Energy Res. Inc.,
    124 F.R.D. 523 (D. Mass. 1989) ........................................................... 10

Bottaro v. Hatton Assocs.,
    96 F.R.D. 158 (E.D.N.Y. 1982) ........................................................... 13, 14

Centillion Data Sys., Inc. v. Ameritech,
    193 F.R.D. 550 (S.D. Ind. 1999) ........................................................... 14

Doe v. Methacton Sch. Dist.,
    164 F.R.D. 175 (E.D. Pa. 1995) ........................................................... 13

FDIC v. Becker,
    166 F.R.D. 14 (D. Md. 1996) ........................................................... 10

Fidelity Fed. Sav. & Loan Ass'n v. Felicetti,
    148 F.R.D. 532 (E.D. Pa. 1993) ........................................................... 13

Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,
    333 F.3d 38 (1st Cir. 2003) ........................................................... 12

Lesal Interiors, Inc. v. Resolution Trust Corp.,
    153 F.R.D. 552 (D.N.J. 1994) ........................................................... 13

Mathewson Corp. v. Allied Marine Industries, Inc.,
    827 F.2d 850 (1st Cir. 1987) ........................................................... 2

McInnis v. A.M.F., Inc.,
    765 F.2d 240 (1st Cir. 1985) ........................................................... 13

Morse/Deisel Inc. v. Trinity Indus., Inc.,
    142 F.R.D. 80 (S.D.N.Y. 1992) ........................................................... 13

Penobscot Indian Nation v. Key Bank of Maine,
   112 F.3d 538 (1st Cir. 1997) ................................................................ 2

Poliquin v. Garden Way, Inc.,
   989 F.2d 527 (1st Cir. 1993) ................................................................ 9

Santiago v. Fenton,
   891 F.2d 373 (1st Cir. 1989) ................................................................ 9

Seattle Times v. Rhinehart,
   467 U.S. 20 (1984) .............................................................................. 9

Steil v. Humana Kansas City, Inc.,
   197 F.R.D. 442 (D. Kan. 2000) .......................................................... 13

## Statutes & Rules

FED. R. CIV. P. 1 .................................................................................... 9

FED. R. CIV. P. 26(b) .............................................................................. 13

FED. R. CIV. P. 26(b)(2) .......................................................................... 10

FED. R. CIV. P. 26(c) .............................................................................. 1, 9

FED. R. CIV. P. 30(b)(6) .......................................................................... *passim*

FED. R. CIV. P. 30(d)(2) .......................................................................... 2

FED. R. CIV. P. 45 .................................................................................. 1, 9

FED. R. CIV. P. 45(c)(1) .......................................................................... 10

FED. R. CIV. P. 45(c)(3)(a)(iv) ................................................................ 10

## KPMG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO SG COWEN'S MOTION TO COMPEL AND IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER

Defendant KPMG LLP ("KPMG US"), by its undersigned counsel, respectfully submits this memorandum of law (1) in opposition to SG Cowen's Emergency Motion for an Order Compelling the Production of Deposition Witnesses by the KPMG Defendants ("SG Cowen Motion" or "SG Cowen Br."); and (2) in support of KPMG US's cross-motion for a protective order pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure barring or, alternatively, limiting discovery served on KPMG US by Defendants SG Cowen, Gaston Bastiaens ("Bastiaens") and the L&H Director Defendants (namely, RVD Securities, N.V., Erwin Vandendiessche, Dirk Cauwelier and Marc DePauw), collectively, the "Non-Settling Defendants."

### PRELIMINARY STATEMENT

Between September 28 and October 6, 2004, the Non-Settling Defendants bombarded KPMG US with deposition notices and discovery requests. These deposition notices and discovery requests are late, the Court having set September 23, 2004 as the deadline for serving non-expert discovery.

Not only are the requests late, they are abusive and duplicative. This case has been pending for over four years, and the discovery deadlines have been extended on several prior occasions. During that time, eight KPMG US witnesses have testified in this case.[1] Not once over these four years has a single Non-Settling Defendant sought discovery of any type from KPMG US; not once has a Non-Settling Defendant asked a KPMG US witness a single question

---

[1] The names and dates of the KPMG US witnesses who have been deposed in this case are: (i) Craig Crawford, November 7, 2003; (ii) Thomas Grogan, November 17, 2003; (iii) David Dietzler, February 23, 2004; (iv) Jerald Richards, February 25, 2004; (v) Shyanne Bell, July 27, 2004; (vi) Lina Amador, August 27, 2004; (vii) Digby Wirtz, August 27, 2004; and (viii) Kaveh Varjavand, September 9-10, 2004. Besides these depositions, KPMG US has produced approximately 125,000 pages of documents and answered numerous interrogatories

at a deposition noticed by one of the plaintiffs. Now, after having announced settlements in

principle with the Class and Plaintiffs in the Filler, Stonington, Baker and Bamberg actions

(collectively, the "Transactional Plaintiffs"), KPMG US has suddenly become "critical" to the

Non-Settling Defendants' case. For the first time, those defendants now demand eight additional

depositions of KPMG US witnesses, as well as a 30(b)(6) witness on fifteen topics, to occur over

the last two weeks of October. KPMG US's decision to settle with the Class and the

Transactional Plaintiffs cannot be used as weapon against it or as a reason to extend discovery of

it beyond the deadlines set by the Court. See, e.g., Penobscot Indian Nation v. Key Bank of

Maine, 112 F.3d 538, 558 (1st Cir. 1997) (noting strong policy favoring settlement); Mathewson

Corp. v. Allied Marine Industries, Inc., 827 F.2d 850, 852 (1st Cir. 1987) (same).

Indeed, having settled, KPMG US is now effectively a non-party who should be

protected from the overreaching and tardy discovery efforts of the Non-Settling Defendants. As

a non-party, even were the discovery timely propounded (which it is not), KPMG US should not

have to produce eight more witnesses and designate 30(b)(6) witnesses on 15 incredibly broad

topics, including matters concerning KPMG US's settlement with the Transactional Plaintiffs.

At most, were the discovery requests timely in the first place, KPMG US should have to produce

one or two witnesses for one-day depositions at a mutually convenient time and place. See Fed.

R. Civ. P. 30(d)(2). Notwithstanding the lateness, among other things, of the deposition notices

and other discovery requests, KPMG US indicated to the Non-Settling Defendants that it would

be willing to produce two witnesses for one-day depositions on dates, depending on the witness,

in late-October to mid-November. The Non-Settling Defendants have refused, thus leaving

KPMG US no choice now but to move for a protective order to enforce this Court's discovery

order and prevent the Non-Settling Defendants from engaging in abusive discovery tactics.

## FACTUAL BACKGROUND

On September 27, 2004, this Court held a status conference in which the parties informed the Court, among other things, that KPMG US and Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG Belgium") had reached a settlement in principle with not only the Class (which previously had been announced at a hearing on August 6), but also with the Transaction Plaintiffs.

Prior to that time, no defendant had noticed the deposition of any KPMG US witnesses, even though this case has been pending for over four years, and the discovery deadlines were extended several times (the last extension set a September 23 deadline to serve non-experts discovery). See infra. Point II.

The Non-Settling Defendants in this case waited until September 28, October 1, October 4 and October 6 to serve serial and duplicative deposition notices of a total of eight KPMG US witnesses (namely, Robert McLamb, Richard Breslow, John Guinan, James Boyer, Jason Kneeland, Michael Maschio, Paul Sisson and Digby Wirtz).[2] Bastiaens and the L&H Director Defendants also noticed separate 30(b)(6) depositions on KPMG US, designating a total of fifteen (15) wide-ranging topics on which the witness would be expected to testify (collectively, the "Deposition Notices"). All of these depositions were noticed by defendants to take place (i) in Boston, Massachusetts (even though a number of these witnesses are located across the country, including Texas, New York, New Jersey and Vermont); (ii) during the last two weeks of October; and (iii) in McLamb's case, over the course of three days.

---

[2] On September 28 and October 4, Bastiaens and the L&H Director Defendants each served the same set of deposition notices on KPMG US. On October 1, SG Cowen served a deposition notice of one KPMG US witness (Robert McLamb). On October 6, Bastiaens served a revised 30(b)(6) deposition notice on KPMG US, adding additional topics of testimony. Copies of the numerous deposition notices served by SG Cowen, Bastiaens and the L&H Director Defendants are attached hereto as Exhibits 4 through 23 to the accompanying Declaration of Suong T Nguyen (the "Nguyen Declaration" or "Nguyen Decl.") Bastiaens' counsel subsequently served KPMG US with subpoenas for the deposition of its witnesses. Copies of those subpoenas are attached as Exhibits 22 through 30 to the Nguyen Declaration.

In addition to the deposition notices and despite the announced settlements, Bastiaens also served KPMG US on October 6 with a First Requests for Admission, containing 140 separate requests for admission (see Nguyen Decl. Ex. 31) and a First Request for Production of Documents (see Nguyen Decl. Ex. 32).[3] These discovery requests, like the deposition notices, come far too late.

**ARGUMENT**

I.    **THE DEPOSITION NOTICES AND DISCOVERY REQUESTS SERVED ON KPMG US AFTER SEPTEMBER 23, 2004 SHOULD BE BARRED AS OUTSIDE OF THE TIME PERIOD SET BY THIS COURT**

All of the Non-Settling Defendants' deposition notices of KPMG US witnesses and discovery requests should be barred as outside the discovery deadlines set by this Court. More than a year ago, this Court had set a fact discovery deadline of April 30, 2004. See 2/26/03 Scheduling Order (Nguyen Decl. Ex. 1). Magistrate Judge Collings subsequently amended that Scheduling Order on April 2, 2004, and added a two stage fact-discovery cut-off that required non-expert merits discovery to be filed and/or served a little more than a month before the fact-discovery cut-off. See 4/2/04 Amended Scheduling Order (Nguyen Decl. Ex. 2). This two-staged discovery cut-off was intended to permit parties sufficient time to resolve discovery disputes with the Court, or to schedule depositions that would accommodate witnesses' schedules within the discovery deadlines. The discovery deadlines were extended a third-time, for another month, pursuant to a Further Amended Scheduling Order dated June 28, 2004 (setting a cut-off of August 23, 2004 to serve discovery, and a September 30, 2004 deadline to complete all discovery). See 6/28/04 Further Amended Scheduling Order (Nguyen Decl. Ex. 3).

---

[3] While on the one hand serving onerous discovery on KPMG US, Bastiaens has on the other hand claimed "the fullest possible protection of the Fifth Amendment" throughout this litigation with respect to discovery propounded on him. See, e.g., Defendant Gaston Bastiaens' Response to Plaintiffs' First Set of Requests for Documents and Things ¶ 16 (Nguyen Decl. Ex. 33).

After a status conference held on August 6, 2004, it appeared that the deadlines in the Further Amended Scheduling Order were extended by another month (but no scheduling order was entered amending that schedule). In other words, before the announced settlements, the parties proceeded with the understanding that non-expert merits discovery was to be filed and/or served by September 23, 2004, and fact discovery was to be completed by October 30, 2004.

Having had over a year since the first discovery schedule was established in order to notice and take depositions in this case, the Non-Settling Defendants should not be heard to complain about suffering "irreparable prejudice if . . . denied the opportunity to take these depositions." (SG Cowen Br. at 2.) While SG Cowen now claims, on the eve of the fact discovery cut-off, that McLamb's deposition is "critical to SG Cowen's defense" (SG Cowen Br. at 6), SG Cowen (and indeed all of the Non-Settling Defendants in this case) did nothing prior to serving the belated deposition notices at issue to preserve their right to depose any KPMG US witnesses. Instead, the only deposition notices of KPMG US witnesses pending as of September 23, 2004 (the deadline prior to the September 27 status conference at which the transactional settlement was announced), were those noticed by the Transactional Plaintiffs. Neither SG Cowen, nor any of the other Non-Settling Defendants, cross-noticed those depositions to allocate time for any defendants to ask questions (much less to reserve three days, which the Non-Settling Defendants now collectively claim they need, to question McLamb). Prior to the announcement of the settlements with the Transactional Plaintiffs, SG Cowen and the other Non-Settling Defendants never sought discovery of any kind from KPMG US. Having chosen that course, the Non-Settling Defendants should not be permitted to serve late discovery requests and deposition notices for over eight KPMG US witnesses on dates that they have unilaterally set. To date, eight KPMG US witnesses have already testified in this case. One of those witnesses (Digby Wirtz) was even recently noticed for testimony a second time by Bastiaens and the L&H

5

Director Defendants (who failed to attend Mr. Wirtz's deposition in this case the first time around). Simply put, the claimed "emergency" in this case was caused by the Non-Settling Defendants' inactivity over the course of several years in failing to notice the depositions of KPMG US witnesses and to serve discovery that they now claim is critical to their case.

The belated deposition notices, and this latest emergency motion, is a tactical ploy by the Non-Settling Defendants to seek a further extension of an already protracted case schedule. At the September 27 status conference, Judge Saris made clear that, since this litigation has been pending for several years, it was time to set a trial date. The Court entered an Order, that same day, which accelerated the schedule set in the Further Amended Scheduling Order (Nguyen Decl. Ex. 3) by: (i) requiring summary judgment motions to be filed by the first week in November, (ii) scheduling January 13, 2005 as the summary judgment hearing date, and (iii) setting a trial date of March 7, 2005 for certain defendants.[4] See Nguyen Decl. Ex. 34. In numerous letter requests since the entry of that Order, counsel for the Non-Settling Defendants have asked the Court to set a later discovery cut-off date (November 13) or to revise the summary judgment deadlines to permit depositions that only recently had been noticed for the first time by such defendants.[5] See 9/30/04 Letter from Bastiaens' Counsel to Judge Saris (Nguyen Decl. Ex. 35)[6]; 9/29/04 Letter from Audit Committee Directors' Counsel to Judge Saris

---

[4] The Court also noted on the docket: "[t]wo weeks added to existing discovery schedule." See Nguyen Decl Ex. 34. In order to be consistent with the Court's holding that summary judgment motions must be filed by the first week of November, the best reading of this extension is to add two weeks to the discovery cut-off dates in the Further Amended Scheduling Order dated June 28, 2004. See Nguyen Decl. Ex. 3. In any event, this is an issue currently before the Court pursuant to the numerous letter requests from plaintiffs and the Non-Settling Defendants.

[5] Although no defendant had noticed any deposition of any KPMG US witnesses prior to the discovery deadline of September 23, 2004, certain defendants disingenuously mischaracterize these new notices as "re-notices." See 9/30/04 Letter (Nguyen Decl. Ex. 35).

[6] In his letter to Judge Saris on September 30, 2004, Bastiaens' counsel lists numerous KPMG US depositions recently noticed by the Non-Settling Defendants. That list includes the deposition of a KPMG US witness, Mr. Edward Sullivan for November 11, 2004, but that deposition had originally been noticed by the Transaction Plaintiffs and adjourned. The Non-Settling Defendants have not separately noticed Mr Sullivan's deposition.

(Nguyen Decl. Ex. 36); 10/4/04 Letter from SG Cowen's Counsel to Judge Saris (Nguyen Decl. Ex. 37); see also 10/6/04 Letter from Bastiaens' Counsel to Nguyen (Nguyen Decl. Ex. 38) (insisting on taking the McLamb deposition as noticed, and stating, "[h]owever, should you wish to ask the Court to extend the date for fact discovery to allow Mr. McLamb or other KPMG employees to be deposed in November or December, we will not oppose such a motion").

Whether or not the Court grants these various letter requests, KPMG US respectfully requests that this Court bar as untimely the recent deposition notices of KPMG US witnesses, as well as the Requests to Admit and Document Requests, served by the Non-Settling Defendants on KPMG US after September 23, 2004. KPMG US should not be penalized for the Non-Settling Defendants' years of inactivity with respect to KPMG US, especially since the discovery deadlines already have been extended several times.

## II.    THE DISCOVERY SOUGHT IS FAR TOO BROAD AND SHOULD BE LIMITED

Eight KPMG US witnesses have already testified in this case. In the past few weeks since the September 27 status conference (and the lapsing of the September 23 cut-off to serve discovery), the Non-Settling Defendants have served a total of nineteen 19 separate deposition notices of (i) eight additional KPMG US witnesses and (ii) one 30(b)(6) KPMG US witness, seeking testimony on numerous topics. The deposition notices served by Bastiaens and the L&H Director Defendants are wholly duplicative. Underscoring the abusiveness of the discovery recently propounded in the wake of the announcement of settlements between plaintiffs and KPMG US and KPMG Belgium, the Non-Settling Defendants seek the deposition of a witness who already has testified in this case. Specifically, Bastiaens and the L&H Director Defendants noticed the deposition of KPMG US witness Digby Wirtz. See Nguyen Decl. Exs. 11 & 21. Mr. Wirtz testified in this case on August 27, 2004 pursuant to a notice served by the Transactional Plaintiffs, and all parties were permitted to question Mr. Wirtz at that time. Only after KPMG

US brought this fact to the attention of counsel for Bastiaens and the L&H Director Defendants,
see 10/1/04 Letter (Nguyen Decl. Ex. 39), did Bastiaens' counsel agree to withdraw that
deposition notice. See 10/1/04 Letter (Nguyen Decl. Ex. 40). In contrast, the L&H Director
Defendants (who had also failed to attend Wirtz's deposition in this case) inexplicably have not
withdrawn their notice.

Limiting the depositions of KPMG US witnesses to two witnesses for one day each is
particularly appropriate here, where many of the KPMG US witnesses noticed by the Non-
Settling Defendants have provided extensive testimony to both the SEC and the Belgian
authorities. The SEC Transcripts were produced in this case over a year ago, and Belgian
transcripts were produced in July 2004. See KPMGUS 106572-112014; KPMGUS 122419-
124236. Among the KPMG US witnesses noticed by the Non-Settling Defendants, only two
(McLamb and Boyer) had substantial involvement on the L&H matter. Moreover, both
Kneeland and Maschio worked under Mr. Boyer and are no longer at KPMG US.

It was for these reasons (and in an attempt to resolve this dispute without Court-
intervention) that KPMG US proposed that the Non-Settling Defendants coordinate with each
other and limit the number of KPMG US depositions to two witnesses. See 10/4/04 Letter
(Nguyen Decl. Ex. 41); 10/4/04 Letter (Nguyen Decl. Ex. 42). KPMG US also informed the
Non-Settling Defendants that Mr. McLamb was out of the country on business and as a result of
prior commitments would not be available for a deposition until mid-November 2004. KPMG
US further reminded the Non-Settling Defendants of the discovery limits set by the Federal
Rules and this Court at the February 13, 2003 scheduling conference. See Fed. R. Civ. P.
30(d)(2); 2/13/03 Transcript, at 32 (Nguyen Decl. Ex. 43) (limiting depositions to, at most, two
days per side).

By letter dated October 6, counsel for Bastiaens refused to agree to KPMG US's

compromise proposal, stating simply "it is too early to make that decision." See 10/6/04 Letter

(Nguyen Decl. Ex. 38). Such a response evidences no effort to minimize the burden and expense

on KPMG US (which is no longer a party in this case), particularly when the Non-Settling

Defendants have had copies of transcripts of testimony provided by KPMG US witnesses to the

SEC and the Belgian authorities since October 2003 and July 2004, respectively.

In any event, to the extent that the Non-Settling Defendants' failure to comply with this

Court's discovery order is excused at all (which we submit it should not be), as a non-party,

KPMG US should not be subjected to the broad and overreaching discovery the Non-Settling

Defendants now seek. The number of depositions should be reasonable; KPMG US respectfully

would request that this Court adopt the compromise proposed by KPMG US by limiting

additional KPMG US depositions to two witnesses (McLamb and Boyer) and limiting the

duration of the depositions to one day each.

Rule 26(c) specifically empowers the Court to issue protective orders "to protect a party

or person from . . . undue burden and expense." FED. R. CIV. P. 26(c); see also FED. R. CIV. P. 1

("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive

determination of every action."). See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244

F.3d 189, 193 (1st Cir. 2001) ("a court 'may make any order which justice requires to protect a

party or person from . . . undue burden'") (quoting Fed. R. Civ. P. 26(c)); see also Poliquin v.

Garden Way, Inc, 989 F.2d 527, 531 (1st Cir. 1993) ("district court has broad discretion to

decide when a protective order is appropriate and what degree of protection is required")

(quoting Seattle Times v. Rhinehart, 467 U.S. 20, 36 (1984)); Santiago v. Fenton, 891 F.2d 373,

379 (1st Cir. 1989) ("Rule 26(c) . . . confers broad powers on the courts to regulate or prevent

discovery").

Limiting KPMG US's discovery burden at this stage is particularly appropriate because, having settled in principle with Plaintiffs, KPMG US is no longer a party to this action and any discovery requests made by the Non-Settling Defendants are subject to the rules governing discovery of non-parties. See FED. R. CIV. P. 45 (non-party discovery made through the use of a subpoena);[7] FDIC v. Becker, 166 F.R.D. 14, 16 (D. Md. 1996) (reasoning that a settling party cannot be forced to remain in the litigation "for discovery purposes" and that the remaining litigants could seek any information from the settling party through the "the manner parties normally seek discovery from non-parties"). As Massachusetts federal courts have recognized, discovery from non-parties may be more limited than that which is permitted from parties. See Addamax Corp. v. Open Software Found., Inc., 148 F.R.D. 462, 468 (D. Mass. 1993) ("[D]iscovery permitted to be obtained from non-parties may be more limited in some circumstances than discovery permitted to be obtained from parties."); Blount Int'l, Ltd. v. Schuylkill Energy Res. Inc., 124 F.R.D. 523, 526 (D. Mass. 1989) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." (citations omitted)).

In serving these numerous depositions notices, document requests, and requests for admission upon KPMG US, the Non-Settling Defendants have utterly failed to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." FED. R. CIV. P. 45(c)(1). Accordingly this court has broad discretion to quash their unduly burdensome discovery requests and issue an order protecting KPMG US. See FED. R. CIV. P. 45(c)(3)(A)(iv); FED. R. CIV. P. 26(b)(2) (providing that discovery "shall be limited" if: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more

---

[7] To date, only Bastiaen's Counsel has served KPMG US with subpoenas rather than deposition notices

10

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity . . . to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.")

### III.    THE 30(B)(6) DEPOSITION NOTICES SHOULD ALSO BE QUASHED BECAUSE THE FIFTEEN TOPICS ARE UNDULY BURDENSOME, HARASSING AND NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THIS CASE

The 30(b)(6) Deposition Notices served by Bastiaens and the L&H Director Defendants should also be quashed because they are overbroad, unduly burdensome, harassing and/or not designed to seek any relevant information.  The 30(b)(6) Deposition Notices (as revised by Bastiaens' 30(b)(6) notice dated October 6, seek testimony on fifteen (15) separate topics, which generally fall within the following four categories:

- *Anything having to do with this litigation.*  For instance, Topic 1 ("[a]ny and all matters concerning communications between KPMG LLP and the Defendants during the Class Period"); Topic 3 ("[a]ny and all matters concerning the subject matters contained within the Complaint"); Topic 9 ("[a]ny and all matters concerning accounting services provided by KPMG LLP ..."); Topic 10 ("[a]ny and all matters concerning LDCs and CLDCs related to L&H during the Class Period"); Topic 13 ("[a]ny and all matters concerning communications regarding L&H during the Class Period between KPMG LLP" and certain member firms of "KPMG International"); Topic 14 ("[a]ny and all matters related to L&H financial statements prepared during the Class Period"); and Topic 15 ("Any and all matters concerning KPMG LLP's billing and time records for L&H during the Class period, including but not limited to KPMG LLP's review of (a) L&H press releases and (b) L&H submissions to the SEC.")

- *Documents Produced by KPMG US.*  For instance, Topic 2 ("[a]ll documents in KPMG LLP's possession, custody or control concerning Defendants"); Topic 11 ("[a]ny and all matters concerning testimony regarding L&H given by any KPMG LLP employee, partner, associate, or agent to the SEC"); and Topic 12 ("[a]ny and all matters concerning testimony regarding L&H given by any KPMG LLP employee, partner ...").

- *Documents Regarding Anonymous Caller.*  For instance, Topics 6 and 7 (requesting "[a]ny and all matters concerning Richard Breslow ..."), and Topic 8 (requesting information already provided by KPMG US pursuant to Judge Collings' Order dated May 27, 2004).

- *L&H Settlement by KPMG US.*  Topic 4 ("[a]ny and all matters concerning the settlement between KPMG LLP and the Transactional Plaintiffs"); and Topic 5 (regarding same with respect to Class Plaintiffs).

It would be unduly burdensome and unjust for this Court to allow a 30(b)(6) deposition on the above four categories of topics. In a letter dated October 4, counsel for KPMG US explained that the above subject matters seek information already provided via interrogatory responses and documents produced in this case. See 10/4/04 Letter (Nguyen Decl. Ex. 41). Specifically, Topics 11 and 12 asked for all matters concerning testimony provided by KPMG US to the SEC and the Belgian authorities concerning L&H, but transcripts of such testimony already have been produced in this case. See KPMGUS 106572-112014; KPMGUS 122419-124236. (Indeed, when counsel for KPMG US informed Bastiaens' counsel of this fact, he stated that he had been unaware that such transcripts had been produced.) Moreover, KPMG US also pointed to its interrogatory responses dated June 15, 2004, which provided the information requested in Topic 8 (to the extent allowed by this Court). See KPMG LLP's Supplemental Responses and Objections to Interrogatory No. 2 of Class Plaintiffs' First Set of Interrogatories to KPMG LLP, dated June 15, 2004 (Nguyen Decl. Ex. 44). It is patently unreasonable (indeed abusive) for the Non-Settling Defendants to use Rule 30(b)(6) at this stage in the litigation to attempt to force KPMG US to summarize the vast documentary discovery and deposition testimony that has been exchanged over the past several years in this case.

This Court has broad discretion to quash subpoenas and issue protective orders in response to an unreasonably expansive Rule 30(b)(6) deposition notice. See Ameristar, 244 F. 3d at 193 (granting motion for protective order to quash subpoenas where no new, relevant information would be obtained); see also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41-42 (1st Cir. 2003) (subpoena quashed on grounds that subpoena requests were unduly broad and overly burdensome on non-party). The Rule 30(b)(6) notices served by Bastiaens and L&H Director Defendants' are harassing and unduly burdensome and should be quashed or, in the alternative, significantly limited.

12

With respect to the 30(b)(6) topics concerning KPMG LLP's settlement with the Class

and Transactional Plaintiffs, this Court should quash the 30(b)(6) deposition subpoena for the

additional reason that such topics are not relevant to any of the claims or defenses in this matter,

particularly at this stage of the proceedings. Rule 26(b) limits discovery to matters that are

relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b). The settlement agreements

between KPMG US and the Class and Transactional Plaintiffs are not relevant to prove or

disprove the allegations against the remaining defendants in this action. See McInnis v. A.M.F.,

Inc., 765 F.2d 240 (1st Cir. 1985). In the context of a 30(b)(6) deposition notice, "where

relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of

the discovery request." Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 445 (D. Kan. 2000).

In light of the strong public policy favoring settlements, a party seeking disclosure of a

settlement agreement must make "some particularized showing of a likelihood that admissible

evidence will be generated by the dissemination of the terms of a settlement agreement." Bottaro

v. Hatton Assocs., 96 F.R.D. 158, 160 (E.D.N.Y. 1982); see also Lesal Interiors, Inc. v.

Resolution Trust Corp., 153 F.R.D. 552, 562 (D.N.J. 1994) (applying heightened standard and

refusing disclosure); Fidelity Fed. Sav. & Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa.

1993) (switching burden of proof from the party opposing the discovery to the party seeking

disclosure); Morse/Deisel Inc. v. Trinity Indus., Inc., 142 F.R.D. 80 (S.D.N.Y. 1992) (applying

heightened standard); Doe v. Methacton Sch. Dist., 164 F.R.D. 175 (E.D. Pa. 1995) (applying

heightened standard and refusing disclosure). The Non-Settling defendants cannot meet this

standard. If the Non-Settling defendants are merely seeking disclosure of the settlement

agreement in order to determine the appropriate offset of a damage award pursuant to section

21D(g)(7)(B) of the Private Securities Litigation Reform Act, see SG Cowen Br. ¶ 14,[8] the issue

hardly merits consideration at this stage in the litigation (and certainly not via emergency

motion).  While the value of the settlement may be relevant to the calculation of the non-settling

defendants' ultimate share of liability at the conclusion of trial, the terms of the settlement are

irrelevant.  Cf. Bottaro, 96 F.R.D. at 160 (finding that the determination of a settled defendant's

liability for contribution cannot be made until a final judgment has been rendered, and "[e]ven

then, settlement would not be evidence relevant to any issue in this case other than the

ministerial apportionment of damages…[h]ence the amount of the settlement is not relevant to

any issue in this case at this time").   For these reasons, assuming arguendo that those notices

were timely, the 30(b)(6) deposition notices should be quashed in their entirety.

---

[8] Disclosure of the terms of KPMG US's settlement with plaintiffs may influence the Non-Settling Defendants' settlement approaches.  However, a non-settling party's interest in evaluating settlement strategies is not enough to overcome the settled parties' interest in maintaining the confidentiality of a settlement agreement See Centillion Data Sys., Inc. v. Ameritech, 193 F.R.D. 550, 553 (S.D. Ind. 1999)

## CONCLUSION

For the reasons set forth above, KPMG US respectfully requests that this Court deny SG

Cowen's Emergency Motion to Compel dated October 6, 2004, and grant KPMG US's cross-

motion for a protective order.

Dated: Boston, Massachusetts
       October 12, 2004

Respectfully submitted,

KPMG LLP

OF COUNSEL:                      By its attorneys,

                                 Kevin J. Lesinski (BBO #554140)
DAVIS POLK & WARDWELL            SEYFARTH SHAW
Michael P. Carroll               World Trade Center East
Michael Flynn                    Two Seaport Lane
Suong T. Nguyen                  Suite 300
Keith A. Berger                  Boston, MA 02210
Shannon K. Manigault             (617) 946-4810
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically and by first class mail on October 12, 2004

Kristin G. McGurn

15

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------x
IN RE LERNOUT & HAUSPIE                   :    Civil Action No. 00-CV-11589-PBS
SECURITIES LITIGATION                     :
------------------------------------------------------x
FILLER, *et al.*,                         :
       Plaintiffs,                     :    Civil Action No. 02-CV-10302-PBS
    v.                                :
LERNOUT, *et al.*,                        :
       Defendants.                     :
------------------------------------------------------x
STONINGTON PARTNERS, INC., *et al.*,      :
       Plaintiffs,                     :    Civil Action No. 02-CV-10303-PBS
    v.                                :
DAMMEKENS, *et al.*,                      :
       Defendants.                     :
------------------------------------------------------x
PAUL G. BAMBERG, *et al.*,                :
                                          :
       Plaintiffs,                     :    Civil Action No. 02-CV-10304-PBS
                                          :
    v.                                :
                                          :
KPMG LLP, *et al.*,                       :
                                          :
       Defendants.                     :
------------------------------------------------------x
JANET BAKER, *et al.*,                    :    (Consolidated with Civil Action
                                          :    02-CV-10305-PBS)
       Plaintiffs,                     :
                                          :
    v.                                :
                                          :
KPMG LLP, *et al.*,                       :
                                          :
       Defendants.                     :
------------------------------------------------------x

**KLYNVELD PEAT MARWICK GOERDELER BEDRIJFSREVISOREN'S
SURREPLY MEMO IN FURTHER OPPOSITION
TO SG COWEN'S MOTION TO COMPEL
AND IN SUPPORT OF KPMG-B'S MOTION FOR A PROTECTIVE ORDER**

In SG Cowen's Reply Memorandum in support of its motion to compel depositions from KPMG-B, SG Cowen suggests that it is undisputed that SG Cowen will suffer serious prejudice if the Court were to grant plaintiffs' motion to voluntarily dismiss the KPMG Defendants with prejudice, and that the Court, pursuant to Rule 41(a)(2), should therefore condition any such order of dismissal upon KPMG-B complying, as a party, with SG Cowen's discovery requests.  (SG Cowen Reply Mem. at 2-3.)  Even if this issue were properly before the Court (i.e., as an objection to a motion for voluntary dismissal), SG Cowen's argument would nonetheless fail because (1) the Court does not have discretion to set conditions for a voluntary dismissal with prejudice; and (2) even if the Court did have such discretion, the loss of the ability to pursue discovery from KPMG-B as a party clearly does not constitute the sort of "plain legal prejudice" that SG Cowen would have to show to justify the extraordinary step of denying, or placing conditions upon, a voluntary motion by plaintiffs to dismiss KPMG-B from the action. SG Cowen does not cite any cases that support the remarkable proposition they urge on the Court, and, in fact, the governing law is clearly to the contrary.

## 1.   **The Court Lacks Discretion to Impose the Conditions Sought by SG Cowen**

The First Circuit has held that "dismissal without prejudice should be permitted under the rule [Fed. R. Civ. P. 41(a)(2)] unless the court finds that the defendant will suffer legal prejudice." Puerto Rico Maritime Shipping Auth. V. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (emphasis added).  The rule generally contemplates prejudice to the defendant in expending costs to defend itself in a case that may later be re-filed, and the curative condition imposed by the court is often the payment of defendant's costs or attorney's fees. Id., 668 F.2d at 51.  Similarly, if a defendant has a dispositive motion pending, courts sometimes won't allow a plaintiff to avoid an adverse ruling on the motion by voluntarily dismissing their case without prejudice.

See, e.g., Pennsylvania Food Merchants Assoc. v. Houstoun, 999 F. Supp. 611 (M.D. Pa. 1998) (cited in SG Cowen's Reply Mem.).

However, a number of courts, including the District of Massachusetts, have held that they lack discretion to deny or set conditions on a plaintiff's motion to voluntarily dismiss its action with prejudice. This is because the concern of potential prejudice to the defendant is completely obviated by a dismissal with prejudice. In Shepard v. Egan, 767 F. Supp. 1158 (D. Mass. 1990), the plaintiff moved to dismiss with prejudice because she had entered into a settlement agreement with all the parties except a single defendant. That defendant opposed the motion. The court in Shephard[i] granted the motion to dismiss over the non-settling defendant's objection, stating that where the dismissal is with prejudice, the court lacks discretion to deny the motion:.

> "In this case, plaintiff has moved to dismiss her own claim with prejudice.
> At least one court has held that under these circumstances, the court is
> without discretion, and must grant the motion." Smoot v. Fox, 340 F.2d
> 301, 303 (6th Cir. 1964); see also 9 C. Wright & A. Miller, Federal
> Practice and Procedure, § 2367. The Court finds this position highly
> persuasive, because when a dismissal with prejudice is granted, it does not
> harm the defendant: the defendant receives all that he would have
> received had the case been completed. [citing Schwarz v. Folloder, 767
> F.2d 125, 129 (5th Cir. 1985).] . . . Further, it is difficult, both practically
> and logistically, to imagine a court denying a plaintiff's motion to dismiss
> her own action with prejudice. . . . the Court will not compel plaintiff to

---

[i]    SG Cowen relies on a Tenth Circuit decision, County of Santa Fe, New Mexico v. Public Service Co. of New Mexico, 311 F.3d 1031 (10th Cir. 2002), for the proposition that, under certain circumstances, the court may have discretion to deny or set conditions on a plaintiff's motion to dismiss with prejudice. However, SG Cowen fails to disclose that the Tenth Circuit decision explicitly declined to adopt the rule set forth in this court's decision in Shepard; indeed SG Cowen fails to address either Shepard or Century Manf. Co., the two decisions by this court which are clearly the more persuasive authority on the state of the law in this district. The County of Santa Fe decision also involved a very unique situation, bearing no resemblance to the facts of this case. In that case, an intervenor objected to the dismissal by the plaintiff County because the intervenor citizens group wanted to compel the County to enforce code violations against the defendant utility. "Given the particular circumstances of this case – where the relief sought by intervenors is the prosecution of a cause of action by the very plaintiff seeking dismissal with prejudice of that cause of action – this is a clear example of 'legal prejudice.'" 311 F.3d at 1048.

pursue a claim that she wishes to dismiss with prejudice." <u>Shepard</u>, 767 F. Supp. at 1165.

The District of Massachusetts court reached the same conclusion in <u>Century Manf. Co. v. Central Transport Int'l, Inc.</u>, 209 F.R.D. 647, 648 (D. Mass. 2002), in granting a motion to dismiss a third-party complaint with prejudice over the plaintiff's objection. The court reasoned that "in the instant case the parties have moved to dismiss the third-party complaint **with** prejudice. Under such circumstances, courts have found they are without discretion, and must grant the motion." <u>Id.</u> (citing <u>Shepard</u>). <u>See also</u>, <u>York v. Ferris State Univ.</u>, 36 F. Supp.2d 976 (W.D. Mich. 1998) (holding that court had no discretion to deny a motion to voluntarily dismiss with prejudice and refusing to condition the dismissal on plaintiff answering outstanding interrogatories from defendant). The contemplated motions by the Transactional Plaintiffs to voluntarily dismiss the KPMG Defendants pursuant to the settlement agreements, call for dismissals with prejudice. Accordingly, the Court lacks the authority to impose conditions on such a dismissal.

    2.    <u>**SG Cowen Has Failed to Identify Any "Plain Legal Prejudice"**</u>

Even assuming, *arguendo*, that the Court had the authority to deny the agreed upon dismissal with prejudice, or to impose conditions on it, SG Cowen has not established that it will suffer the requisite legal prejudice if KPMG-B is dismissed from the case. The inability to obtain discovery from a settling defendant or plaintiff as a party clearly does not constitute the

sort of "plain legal prejudice"[2] that would justify the extraordinary step of denying a plaintiff's

motion to voluntarily dismiss its action against settling defendants, or imposing conditions on

that dismissal that are not sought by plaintiff.

Dismissal without prejudice under Rule 41(a)(2) is generally allowed "unless the

defendant would suffer some plain legal prejudice other than the mere prospect of a second

lawsuit." Luke Brothers, Inc. v. Krusell, No. Civ. A. 94-11701, 1999 WL 50965, at *1 (D. Mass.

Jan. 30, 1996). SG Cowen does not cite any case that suggests a party's dismissal can be

conditioned on its continued participation in discovery as a party, and, in fact, the law is to the

contrary.   In Luke Brothers, some of the plaintiffs sought to voluntarily dismiss the action

against the defendants.  One defendant argued that it would be prejudiced because it would be

unable to obtain discovery from the four dismissed plaintiffs, which was necessary to defend it

against the claims of the remaining plaintiffs.  The court found this was not a ground to deny or

make the dismissal conditional, holding that the non-settling defendant could use traditional

discovery devices to obtain evidence from the non-parties. Id., at *2-3.

The court in Smithkline Beecham Corp. v. Pentech Pharmaceuticals, Inc., 261 F.

Supp.2d 1002, 1007 (N.D. Ill. 2003), reached the same conclusion.  In Smithkline, a non-settling

defendant, Asahi, argued that dismissal would harm it because the settling defendant would

cease cooperating with Asahi in providing documents and witnesses that might assist Asahi in its

---

[2]      Examples of  situations in which a partial settlement might cause "plain legal prejudice" to a non-
settling defendant include:  a partial settlement which purports to strip a nonsettling defendant of a legal
claim or cause of action (e.g., an action for indemnity or contribution); a settlement that invalidates the
contract rights of one not participating in the settlement; or the proposed settlement would eliminate a
nonsettling defendant's right to assert an in pari delicto defense against assigned claims. See Smithkline
Beecham Corp. v. Pentech Pharmaceuticals, Inc., 261 F. Supp.2d 1002, 1007 (N.D. Ill. 2003) (listing
examples).  Similarly, the absolute loss of a statute of limitations defense can constitute the type of clear
legal prejudice that precludes the granting of an unconditional dismissal without prejudice. Elbaor v.
Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002).

defense. Recognizing that this was true in every case in which a plaintiff settles with a defendant, the court held:

> "This is the kind of inevitable adverse consequence for the nonsettling defendant that the cases make clear does not justify the court in denying a plaintiff's motion to dismiss. [Citation omitted.] Rule 41(a)(2) would be unusable otherwise in cases of partial settlement."

Smithkline, 261 F. Supp.2d at 1007.

Just as in Shepard and Smithkline, SG Cowen will not suffer any "legal prejudice" as a result of its inability to obtain testimony from KPMG-B witnesses as parties. Testimony from KPMG-B witnesses in Belgium can be obtained through the procedures set up to take testimony from foreign non-parties, including letters rogatory issued by this Court and implemented by the appropriate judicial authorities in Belgium. As we pointed out in KPMG-B's Opposition Memorandum, proceeding with letters rogatory has the significant additional benefit of allowing a Belgian court to supervise and determine the appropriate scope of testimony from KPMG-B witnesses in light of the Belgian professional secrecy obligations that are binding on auditors. As we also pointed out, the exception to the Belgian professional secrecy obligations for "self defense", that allowed KPMG-B to turn over to plaintiffs audit work papers that were relevant to establish KPMG-B's defense, no longer applies since KPMG-B, as a result of the settlement, will no longer be defending the actions in this Court. Accordingly, in the absence of guidance from a Belgian court supervising testimony pursuant to letters rogatory, KPMG-B witnesses would be faced with the severe prospect of potential criminal and disciplinary sanctions if they were required to give deposition testimony in this matter. Indeed, this concern was a significant factor in KPMG-B's decision to settle these cases.

The Court should not deny plaintiffs and the KPMG Defendants this important benefit of their negotiated settlement by imposing conditions on a voluntary dismissal with prejudice which would put KPMG-B witnesses at risk of criminal sanctions in Belgium.

## CONCLUSION

For all of the foregoing reasons, and for the reasons pointed out in KPMG-B's Opposition to SG Cowen's Motion to Compel and in KPMG-B's Motion for a Protective Order, KPMG-B respectfully requests that the Court deny SG Cowen's Motion to Compel and issue a protective order dismissing depositions noticed to KPMG-B as a party.

Dated:  October 18, 2004

Respectfully submitted,

Michael J. Stone, Esq.
PEABODY & ARNOLD
30 Rowes Wharf
Boston, MA 02110
(617) 951-4702
*Counsel for Klynveld Peat Marwick*
*Goerdeler Bedrijfsrevisoren*

Of Counsel:

HOGAN & HARTSON LLP
By: /s/ Nicholas W.C. Corson
George A. Salter, Esq.
John A. Redmon, Esq.
Nicholas W.C. Corson, Esq.
875 Third Avenue
New York, NY 10022
(212) 918-3000

Certificate of Service

I, Nicholas W.C. Corson, hereby certify that on October 18, 2004, I caused a true copy of the foregoing KPMG-B's Motion and Cross Motion for a Protective Order, and the accompanying Declaration of Nicholas W.C. Corson to be served upon all counsel of record as listed on the attached service list, by first-class U.S. mail and electronic mail.

/s/ Nicholas W.C. Corson

In re Lernout & Hauspie Securities Litigation, et al.

### SERVICE LIST

| COUNSEL FOR FILLER, et al. | COUNSEL FOR STONINGTON PARTNERS, et al |
|---|---|
| Gregory P. Joseph, Esq.<br>Susan M. Davis, Esq.<br>Gregory P. Joseph Law Offices, LLC<br>805 Third Ave.<br>31st Floor<br>New York, NY 10033 | Max W. Berger, Esq.<br>Steven B. Singer, Esq.<br>Daniel D. Barnes<br>Bernstein Litowitz, Berger & Grossman LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 |
| **COUNSEL FOR BAMBERG, et. al.** | **COUNSEL FOR BAKER, et. al.** |
| Jack R. Pirozzolo, Esq.<br>Willcox, Pirozzolo & McCarthy<br>Professional Corporation<br>50 Federal Street<br>Boston, MA 02110 | Karen C. Dyer, Esq.<br>Boies, Schiller & Flexner LLP<br>255 S. Orange Avenue<br>Suite 905<br>Orlando, FL 32801<br><br>Alan K. Cotler, Esq.<br>Tracy Z. Frisch, Esq.<br>Sean M. Halpin, Esq.<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 10103-4301<br><br>Terence K. Anker, Esq.<br>Law Offices of Patridge, Anker & Horstmann LLP<br>200 Berkely St., 16th Floor<br>Boston, MA 02116 |

| **COUNSEL FOR CLASS PLAINTIFFS** | **COUNSEL FOR POL HAUSPIE AND NICO WILLAERT** |
|---|---|
| Jeffrey C. Block, Esq.<br>Michael T. Matraia, Esq.<br>Patrick T. Egan, Esq.<br>Berman, Devalerio Pease Tabacco Burt & Pucillo<br>One Liberty Square<br>Boston, MA 02109<br><br>S. Gene Cauley, Esq.<br>Curtis L. Bowman, Esq.<br>J. Allen Carney, Esq.<br>Tiffany Wyatt, Esq.<br>Cauley, Geller, Bowman & Coates, LLP<br>11001 Executive Center Drive<br>Suite 200<br>Little Rock, AR 72211<br><br><br>Lee S. Shalov, Esq.<br>Patrick L. Rocco, Esq.<br>Shalov, Stone & Bonner<br>485 7th Avenue<br>Suite 1000<br>New York, NY 10018 | Donald H. Chase<br>Morrison, Cohen, Singer & Weinstein, LLP<br>750 Lexington Avenue<br>New York, New York 10022<br><br>Robert P. Sherman<br>Gordon M. Jones, III<br>Nixon Peabody LLP<br>101 Federal Street<br>Boston, MA 02110 |
| **COUNSEL FOR GASTON BASTIAENS** | **COUNSEL FOR FRANCIS VANDERHOYDONCK** |
| Stephen Wald<br>Craig and Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 | Brian E. Pastuszenski<br>Christopher F. Robertson<br>Alison B. Vreeland<br>Testa, Hurwitz & Thibeault LLP<br>125 High Street<br>Boston, MA 02110 |

| **COUNSEL FOR ERWIN VANDENDRIESSCHE, DIRK CAUWELIER, MARC DEPAUW AND RVD SECURITIES N.V.** | **COUNSEL FOR KPMG LLP** |
|---|---|
| John Missing<br>Ada Fernandez Johnson<br>Debevoise & Plimpton<br>555 13th Street, N.W.<br>Ste. 1100E<br>Washington, DC 20004<br><br><br>Thomas E. Perich<br>Timothy M. Barouch<br>Thomas J. Gallitano<br>Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP<br>Ten Post Office Square<br>Boston, MA 02109 | Kevin J. Lesinski<br>Seyforth Shaw<br>World Trade Center East<br>Two Seaport Lane, Ste. 300<br>Boston, MA 02210<br><br>Michael P. Carroll<br>Dien-Suong Thi Nguyen<br>William J. Fenrich<br>Sean Knowles<br>Davis, Polk & Wardwell<br>450 Lexington Avenue<br>New York, Ny 10017 |

| **COUNSEL FOR PAUL BEHETS** | **COUNSEL FOR MERCATOR & NOORSTAR N.V.** |
|---|---|
| Erik Lund<br>Michael J. Stone<br>Posternak, Blankstein & Lund LLP<br>100 Charles River Plaza<br>Boston, MA 02114<br><br>Louis M. Solomon<br>Caroline Press<br>Solomon, Zauderer, Ellenhorn, Frischer & Sharp<br>45 Rockefeller Plaza<br>New York, NY 10111 | Robert M. Cohen<br>Janet B. Fierman<br>Cohen & Fierman LLP<br>4 Faneuil Hall Market Place<br>Boston, MA 02109<br><br>John W. Polk<br>Marc B. Tucker<br>Jennifer A. Semko<br>Kris Hansen<br>Baker & McKenzie<br>815 Connecticut Avenue, N.W.<br>Washington, DC 20006 |
| **COUNSEL FOR FLANDERS LANGUAGE VALLEY FUND B.V.A.** | **COUNSEL FOR JOZEF LERNOUT** |
| Robert J. Kaler<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | Gus P. Goldebella<br>Sarah E. Walters<br>Goodwin Procter LLP<br>103 Eisenhower Parkway<br>Roseland, NJ 07068 |

| **COUNSEL FOR LOUIS-H. VERBEKE** | |
| --- | --- |
| Andrew Good<br>Silverglate & Good<br>83 Atlantic Avenue<br>Boston, MA  02110<br><br>Roger E. Zuckerman<br>Steven M. Salky<br>Zuckerman Spaeder LLP<br>1201 Connecticut Avenue, N.W.<br>Washington, DC  20036 | |
| **COUNSEL FOR ELLEN SPOOREN** | |
| Michael P. Connolly<br>Murta Cullina Roche Carens & Degiacomo<br>99 High Street<br>Boston, MA  02110-2320<br><br>Frank C. Razzano, Esq.<br>J. Tara Holubar, Esq.<br>Dickstein Shapiro Morin & Oshinsky<br>2101 1 Street, N.W.<br>Washington, DC  20037 | |
| **COUNSEL FOR SG COWEN SECURITIES CORP.** | |
| Matthew J. Matule<br>Skadden Arps Slate Meagher & Flom LLP<br>One Beacon Street<br>Boston, MA  02108-3194<br><br>George A. Zimmerman<br>Skadden Arps Slate Meagher & Flom LLP<br>Four Times Square<br>New York, NY  10036 | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------x
IN RE LERNOUT & HAUSPIE              :         Civil Action No. 00-CV-11589-PBS
SECURITIES LITIGATION               :
-----------------------------------------------x
FILLER, et al.,                     :
                Plaintiffs,         :         Civil Action No. 02-CV-10302-PBS
        v.                          :
LERNOUT, et al.,                    :
                Defendants.         :
-----------------------------------------------x
STONINGTON PARTNERS, INC., et al.,  :
                Plaintiffs,         :         Civil Action No. 02-CV-10303-PBS
        v.                          :
DAMMEKENS, et al.,                  :
                Defendants.         :
-----------------------------------------------x
PAUL G. BAMBERG, et al.,            :
                                    :
                Plaintiffs,         :         Civil Action No. 02-CV-10304-PBS
                                    :
        v.                          :
                                    :
KPMG LLP, et al.,                   :
                                    :
                Defendants.         :
-----------------------------------------------x
JANET BAKER, et al.,                :         (Consolidated with Civil Action
                                    :         02-CV-10305-PBS)
                Plaintiffs,         :
                                    :
        v.                          :
                                    :
KPMG LLP, et al.,                   :
                                    :
                Defendants.         :
-----------------------------------------------x
```

## KLYNVELD PEAT MARWICK GOERDELER BEDRIJFSREVISOREN'S
## MOTION AND CROSS-MOTION FOR PROTECTIVE ORDER

Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG-B") submits this

Motion and Cross Motion for a protective order to quash the discovery requests issued to date to

KPMG-B by SG Cowen, Gaston Bastiaens, and the L&H Director Defendants (Vandendriessche, CAuwelier and DePauw) (collectively, the "Non-Settling Defendants") in the L&H actions,[1] together with any future discovery requests directed to KPMG-B as a party in the L&H cases.

In response to SG Cowen's emergency motion seeking to compel the depositions of KPMG-B witnesses Stefan Huysman and William Van Aerde, KPMG-B is submitting simultaneously herewith its Opposition to that emergency motion. As is more fully set forth in that Opposition, KPMG-B has reached agreements in principle to settle with all the plaintiffs in the L&H cases pending in this Court. Accordingly, KPMG-B should not be treated as a party and is not subject to discovery as a party. Thus, KPMG-B respectfully asks that the deposition notices and requests for admissions served on its counsel (or to be served in the future) by the Non-Settling Defendants be quashed and/or a protective order be issued protecting KPMG-B's witnesses from the enormous burden of traveling to the United States to testify in a case KPMG-B has settled.

---

[1]    The deposition notices and request for admissions issued by the Non-Settling Defendants to KPMG-B to date are attached as exhibits to the Declaration of Nicholas W.C. Corson, submitted herewith.

## CONCLUSION

For all the reasons stated in its Opposition, and in KPMG LLP's Opposition to SG Cowen's Emergency Motion and Cross Motion for a Protective Order, which KPMG-B hereby adopts and incorporates by reference, KPMG-B respectfully requests that the Court deny SG Cowen's Emergency Motion to Compel and grant KPMG-B's cross-motion for a protective order.

Dated:  October 12, 2004

Respectfully submitted,

Michael J. Stone, Esq.
PEABODY & ARNOLD
30 Rowes Wharf
Boston, MA 02110
(617) 951-4702

*Counsel for Klynveld Peat Marwick
Goerdeler Bedrijfsrevisoren*

Of Counsel:

HOGAN & HARTSON LLP

By: /s/ Nicholas W.C. Corson
George A. Salter, Esq.
John A. Redmon, Esq.
Nicholas W.C. Corson, Esq.
875 Third Avenue
New York, NY 10022
(212) 918-3000

Certificate of Service

I, Nicholas W.C. Corson, hereby certify that on October 12, 2004, I caused a true copy of the foregoing KPMG-B's Motion and Cross Motion for a Protective Order, and the accompanying Declaration of Nicholas W.C. Corson to be served upon all counsel of record as listed on the attached service list, by first-class U.S. mail and electronic mail.

/s/ Nicholas W.C. Corson

In re Lernout & Hauspie Securities Litigation, et al.

## SERVICE LIST

| COUNSEL FOR FILLER, et al. | COUNSEL FOR STONINGTON PARTNERS, et al |
|---|---|
| Gregory P. Joseph, Esq.<br>Susan M. Davis, Esq.<br>Gregory P. Joseph Law Offices, LLC<br>805 Third Ave.<br>31st Floor<br>New York, NY 10033 | Max W. Berger, Esq.<br>Steven B. Singer, Esq.<br>Daniel D. Barnes<br>Bernstein Litowitz, Berger & Grossman LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 |
| **COUNSEL FOR BAMBERG, et. al.** | **COUNSEL FOR BAKER, et. al.** |
| Jack R. Pirozzolo, Esq.<br>Willcox, Pirozzolo & McCarthy<br>Professional Corporation<br>50 Federal Street<br>Boston, MA 02110 | Karen C. Dyer, Esq.<br>Boies, Schiller & Flexner LLP<br>255 S. Orange Avenue<br>Suite 905<br>Orlando, FL 32801<br><br>Alan K. Cotler, Esq.<br>Tracy Z. Frisch, Esq.<br>Sean M. Halpin, Esq.<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 10103-4301<br><br>Terence K. Anker, Esq.<br>Law Offices of Patridge, Anker & Horstmann LLP<br>200 Berkely St., 16th Floor<br>Boston, MA 02116 |

| COUNSEL FOR CLASS PLAINTIFFS | COUNSEL FOR POL HAUSPIE AND NICO WILLAERT |
|---|---|
| Jeffrey C. Block, Esq.<br>Michael T. Matraia, Esq.<br>Patrick T. Egan, Esq.<br>Berman, Devalerio Pease Tabacco Burt & Pucillo<br>One Liberty Square<br>Boston, MA  02109<br><br>S. Gene Cauley, Esq.<br>Curtis L. Bowman, Esq.<br>J. Allen Carney, Esq.<br>Tiffany Wyatt, Esq.<br>Cauley, Geller, Bowman & Coates, LLP<br>11001 Executive Center Drive<br>Suite 200<br>Little Rock, AR 72211<br><br><br>Lee S. Shalov, Esq.<br>Patrick L. Rocco, Esq.<br>Shalov, Stone & Bonner<br>485 7th Avenue<br>Suite 1000<br>New York, NY  10018 | Donald H. Chase<br>Morrison, Cohen, Singer & Weinstein, LLP<br>750 Lexington Avenue<br>New York, New York  10022<br><br>Robert P. Sherman<br>Gordon M. Jones, III<br>Nixon Peabody LLP<br>101 Federal Street<br>Boston, MA 02110 |
| COUNSEL FOR GASTON BASTIAENS | COUNSEL FOR FRANCIS VANDERHOYDONCK |
| Stephen Wald<br>Craig and Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA  02210 | Brian E. Pastuszenski<br>Christopher F. Robertson<br>Alison B. Vreeland<br>Testa, Hurwitz & Thibeault LLP<br>125 High Street<br>Boston, MA  02110 |

| COUNSEL FOR ERWIN VANDENDRIESSCHE, DIRK CAUWELIER, MARC DEPAUW AND RVD SECURITIES N.V. | COUNSEL FOR KPMG LLP |
|---|---|
| John Missing<br>Ada Fernandez Johnson<br>Debevoise & Plimpton<br>555 13th Street, N.W.<br>Ste. 1100E<br>Washington, DC 20004<br><br>Thomas E. Perich<br>Timothy M. Barouch<br>Thomas J. Gallitano<br>Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP<br>Ten Post Office Square<br>Boston, MA 02109 | Kevin J. Lesinski<br>Seyforth Shaw<br>World Trade Center East<br>Two Seaport Lane, Ste. 300<br>Boston, MA 02210<br><br>Michael P. Carroll<br>Dien-Suong Thi Nguyen<br>William J. Fenrich<br>Sean Knowles<br>Davis, Polk & Wardwell<br>450 Lexington Avenue<br>New York, Ny 10017 |

| COUNSEL FOR PAUL BEHETS | COUNSEL FOR MERCATOR & NOORSTAR N.V. |
|---|---|
| Erik Lund<br>Michael J. Stone<br>Posternak, Blankstein & Lund LLP<br>100 Charles River Plaza<br>Boston, MA 02114<br><br>Louis M. Solomon<br>Caroline Press<br>Solomon, Zauderer, Ellenhorn, Frischer & Sharp<br>45 Rockefeller Plaza<br>New York, NY 10111 | Robert M. Cohen<br>Janet B. Fierman<br>Cohen & Fierman LLP<br>4 Faneuil Hall Market Place<br>Boston, MA 02109<br><br>John W. Polk<br>Marc B. Tucker<br>Jennifer A. Semko<br>Kris Hansen<br>Baker & McKenzie<br>815 Connecticut Avenue, N.W.<br>Washington, DC 20006 |

| COUNSEL FOR FLANDERS LANGUAGE VALLEY FUND B.V.A. | COUNSEL FOR JOZEF LERNOUT |
|---|---|
| Robert J. Kaler<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110 | Gus P. Goldebella<br>Sarah E. Walters<br>Goodwin Procter LLP<br>103 Eisenhower Parkway<br>Roseland, NJ 07068 |

**COUNSEL FOR LOUIS-H. VERBEKE**

Andrew Good
Silverglate & Good
83 Atlantic Avenue
Boston, MA  02110

Roger E. Zuckerman
Steven M. Salky
Zuckerman Spaeder LLP
1201 Connecticut Avenue, N.W.
Washington, DC  20036

**COUNSEL FOR ELLEN SPOOREN**

Michael P. Connolly
Murta Cullina Roche Carens & Degiacomo
99 High Street
Boston, MA  02110-2320

Frank C. Razzano, Esq.
J. Tara Holubar, Esq.
Dickstein Shapiro Morin & Oshinsky
2101 1 Street, N.W.
Washington, DC  20037

**COUNSEL FOR SG COWEN SECURITIES CORP.**

Matthew J. Matule
Skadden Arps Slate Meagher & Flom LLP
One Beacon Street
Boston, MA  02108-3194

George A. Zimmerman
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY  10036