IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LERNOUT & HAUSPIE SPEECH | ) | Case No. 00-4398 (JHW) |
| PRODUCTS N.V., | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT L. BAENA, LITIGATION TRUSTEE | ) | |
| OF THE LERNOUT & HAUSPIE SPEECH | ) | |
| PRODUCTS N.V. LITIGATION TRUST, | ) | |
| | ) | Adv. Pro. No. 04-54842 (JHW) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KPMG LLP and KLYNFELD PEAT MARWICK | ) | |
| GOERDELER BEDRIJFREVISOREN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**KPMG LLP'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO
<u>TRANSFER THE ACTION TO THE DISTRICT OF MASSACHUSETTS</u>**

Dated: November 15, 2004

Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com
Attorneys for KPMG LLP

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY  10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

DNC/103194-0002/1058833/2

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ..........................................................................................................................3

CONCLUSION .....................................................................................................................12

DNC/103194-0002/1058833/2

# TABLE OF AUTHORITIES

## Cases

PAGE

Kidd v. Andrews, __ F.Supp.2d __, 2004 WL 2293703
(W.D.N.Y. Oct. 12, 2004) ...........................................................................................7,8

In re Centennial Coal, Inc., 282 B.R. 140 (Bankr. D. Del. 2002) ..........................................4

Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735 (1st Cir. 1977) ...................................8

Cordell Engineering, Inc. v. Picker Int'l, Inc.,
540 F. Supp. 1316 (D. Mass. 1982) .................................................................................8

Decoster v. Vrouhas, 1999 WL 1318963 (Mass. Super. Ct. Jan. 25, 1999) ...........................9

Filler v. Lernout, 2002 WL 227079 (D. Del. Feb. 8, 2002) ....................................................8

Fleet Capital Corp. v. Mullins, 2004 WL 548240
(S.D.N.Y. March 18, 2004) .............................................................................................7

General Comm. of Adjustment GO-386 v. Burlington N. R.R.,
895 F. Supp. 249 (E.D. Mo. 1995) ..................................................................................7

Granfinanciera, S. A. v. Nordberg, 492 U.S. 33 (1989) ....................................................3,11

HLI Creditor Trust v. Keller Rigging Construction,
312 B.R. 44 (Bankr. D. Del. 2004) ..................................................................................3

Hunt Capital Group v. McHenry, 2001 WL 1617191 (D. Del Dec. 13, 2001) .....................11

Kellen Co. v. Calphalon Corp., 54 F. Supp.2d 218 (S.D.N.Y. 1999) .....................................7

Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947) ........................................3

In re Lernout & Hauspie Sec. Litig., 208 F. Supp. 2d 74 (D. Mass. 2002) ............................6

In re Lernout & Hauspie Secs. Litig. v. Lernout,
230 F. Supp. 2d 152 (D. Mass. 2002) ..............................................................................6

Lux v. County of Spotsylvania Bd. of Supervisors,
176 B.R. 416 (E.D. Va. 1993) .........................................................................................3

DNC/103194-0002/1058833/2

                                                                                                    PAGE

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981).............................................................3

PSA, Inc. v. Puerto Rico Telephone Company, Inc., Civil Action No.
02-1495-KAJ, Jordan, J. (D. Del. July 8, 2003) ................................................................4

Pursuit Athletic Footwear, Inc. v. Save Power Ltd.,
1996 WL 328596 (D. Del. June 7, 1996)..........................................................................10

Regions Bank v. Wieder & Mastroianni, PC,
170 F. Supp.2d 436 (S.D.N.Y. 2001)..................................................................................7

RJF Holdings III, Inc. v. Refractec, Inc., 2003 WL 22794987 ...........................................7
(E.D. Pa. Nov. 24, 2003)

In re Windsor Communications Group, Inc., 79 B.R. 210 (E.D. Pa. 1987) ....................3,4

**Statutes & Rules**

28 U.S.C. § 157(b)(2)........................................................................................................11

28 U.S.C. § 157(b)(2)(F)....................................................................................................4

28 U.S.C. § 157(c)(1).......................................................................................................11

28 U.S.C. § 157(e)............................................................................................................11

28 U.S.C. § 1404(a) ...........................................................................................................1

28 U.S.C. § 1412................................................................................................................1

Federal Rule of Bankruptcy Procedure 7087....................................................................1

Massachusetts Consumer Protection Act (Mass. Gen. L.C. 93A)..............................4,6,9

DNC/103194-0002/1058833/2

Defendant KPMG LLP ("KPMG US") respectfully submits this reply memorandum in further support of its motion to transfer this action from the United States Bankruptcy Court for the District of Delaware to the United States District Court for the District of Massachusetts (the "Massachusetts District Court") pursuant to 28 U.S.C. Sections 1404(a) and 1412 and Federal Rule of Bankruptcy Procedure 7087.[1]

## PRELIMINARY STATEMENT

The Litigation Trustee's opposition papers (the "Opposition" or "Opp. Br.") resort to ad hominem attacks on the integrity of opposing counsel and on the purported impartiality of the presiding federal judge in the United States District Court for the District of Massachusetts (the Honorable Patti B. Saris).[2] These attacks are unwarranted; and, more importantly, they completely fail to address the merits of the pending transfer motion. Rather than respond in kind, we will limit this reply brief to the legal merits and to the prevalent facts which the

---

[1] References herein to Defendant KPMP LLP's Memorandum in Support of Its Motion to Transfer the Action to the District of Massachusetts, dated October 4, 2004, are in the form "KPMG US Br. at __."

[2] For example:

- See Opp. Br. at 12 (stating that Judge Saris's familiarity with the facts of the case "may, in and of itself, be reason not to transfer the case");

- See Opp. Br. at 13 (suggesting that Judge Saris might not provide "impartial consideration" of the Trustee's claims and that Judge Saris's "familiarity" with the underlying facts and legal issues is just a "code word for prejudgment");

- See Opp. Br. at 3 (accusing KPMG US's motion papers of being "misleading" and for the most part "completely false" and "grossly misrepresent[ing]" the nature of the actions in the District of Massachusetts);

- See Opp. Br. at 8 (accusing KPMG US of "deception" and "outright misrepresentations");

- See Opp. Br. at 11 (stating that KPMG US's position regarding the factual and legal overlap of issues in this action and L&H related cases in Massachusetts is "made up out of whole cloth");

- See Opp. Br. at 15-16 (suggesting unnecessary delay on the part of Judge Saris because she "took almost eleven months" to decide KPMG US's motion to dismiss and because the Massachusetts Actions have not yet proceeded to trial).

Opposition fails to address.

Specifically, (1) the Massachusetts District Court is intimately familiar with the legal and factual issues present here, and has supervised litigation and discovery surrounding many of the same issues that will be litigated in this action as it proceeds; (2) notwithstanding the fact that KPMG US has reached settlements, and is in the process of negotiating settlement agreements, with plaintiffs in the various Massachusetts Actions, the Massachusetts Actions remain ongoing against others, including many of the so-called "Breaching Managers" whose alleged misconduct is central to the Litigation Trustee's claims against KPMG US; (3) the causes of action alleged herein are state law claims likely arising under the laws of the state of Massachusetts; (4) the Trustee himself alleges that "Massachusetts [is] the 'center of gravity'" of the alleged misconduct at issue; and (5) Delaware has no tie to the claims at issue.

An additional reason for the transfer to the Massachusetts District Court is the fact that KPMG US has a Seventh Amendment right to a trial by jury with respect to the claims asserted in this action and has not waived that right. Consequently, this action ultimately cannot proceed in the bankruptcy court forum. Indeed, just recently in connection with the Litigation Trustee's separate preference action against KPMG US, the United States District Court for the District of Delaware withdrew the reference with respect to that preference claim because there, too, KPMG US's jury trial right made continued proceedings in the bankruptcy court pointless. Here, <u>a fortiori</u>, this non-core proceeding should not remain in this Court, and we submit it is appropriate to transfer it to the Massachusetts District Court where litigation surrounding the collapse of L&H has been pending for years and continues to proceed.

For these reasons, KPMG US submits that the transfer of this action would be efficient, promote judicial economy, and simply makes good sense. As explained below in the argument

2

section, none of the arguments made by the Litigation Trustee is sufficient to overcome the showing made by KPMG US that transfer of this action to the District of Massachusetts is appropriate.

## ARGUMENT

1. The Litigation Trustee asserts that his choice of forum is "deserving of paramount consideration." Opp. Br. at 4. As a general matter, courts often do afford considerable weight to a plaintiff's choice of forum in determining a motion to transfer. See, e.g., Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947). However, here, the Litigation Trustee does not reside in the jurisdiction and has not even attempted to make a "real showing of convenience" as to his forum selection. See Koster, 330 U.S. at 524. In these circumstances, the courts give substantially less deference to a plaintiff's choice of forum. Id. Indeed, as the Court is aware, the Litigation Trustee initially indicated that he, too, believed it would be more efficient to transfer this matter to the Massachusetts District Court, but then declined to consent to the transfer because Defendant KPMG Belgium refused to waive its right to assert that the matter should be litigated in Belgium and therefore dismissed in any United States forum on forum non conveniens grounds.

2. Plaintiff's reliance on HLI Creditor Trust v. Keller Rigging Construction (In re Hayes Lemmerz Int'l.), 312 B.R. 44 (Bankr. D. Del. 2004) for the proposition that venue should be maintained where the bankruptcy case is *pending* is unavailing. Opp. Br. at 4. In HLI, the bankruptcy court declined to transfer a preference action to another jurisdiction. 312 B.R. at 48. However, as numerous courts have made clear, preference actions are "core [bankruptcy] proceedings." Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 63 (1989); Lux v. County of Spotsylvania Bd. of Supervisors, 176 B.R. 416, 418 (E.D. Va. 1993); In re Windsor

3

Communications Group, Inc., 79 B.R. 210, 211 (E.D. Pa. 1987); see also 28 U.S.C. § 157(b)(2)(F) (designating preference actions as core bankruptcy proceedings). Here, Plaintiff's choice has no direct relation to the operative, underlying facts of the case and the liquidating plan has long been confirmed. Accordingly, the weight given to Plaintiff's choice is significantly diminished. In re Centennial Coal, Inc., 282 B.R. 140, 144-45 (Bankr. D. Del. 2002); see also PSA, Inc. v. Puerto Rico Telephone Company, Inc. (In Re PSA, Inc.), Civil Action No. 02-1495-KAJ, Jordan, J. (D. Del. July 8, 2003) (attached to KPMG US Br.) ("The Bankruptcy plan in this case is now confirmed. Therefore, Debtor's argument that the case should remain here because of the bankruptcy proceedings is non-persuasive.").

3. The Complaint in this action alleges claims against KPMG US for professional malpractice, aiding and abetting breach of fiduciary duty, and violation of the provisions of the Massachusetts Consumer Protection Act. (Compl. ¶¶ 90-98, 107-14, 123-26). The basis of these claims, as alleged in Plaintiff's Complaint, is that L&H's management (the so-called "Breaching Managers") falsely inflated the Company's revenues and earnings, with the alleged assistance of KPMG Belgium and KPMG US. (Compl ¶¶ 1, 6-7, 22-23). Plaintiff further alleges that, as a result of the alleged fraud by the Breaching Managers, L&H incurred $340 million in debt that it could not repay in connection with its acquisitions of two companies, Dragon Systems, Inc. ("Dragon") and Dictaphone Corporation ("Dictaphone"). (Compl ¶¶ 68-77).

Notwithstanding the Trustee's efforts to suggest otherwise, these very same factual allegations have been at the core of the consolidated litigations involving L&H pending in the Massachusetts District Court before Judge Saris and Magistrate Judge Collings for the past four years. There, the litigation has centered on the facts surrounding the collapse of L&H, the role of the people the Litigation Trustee refers to as the "Breaching Managers" and the roles of

DNC/103194-0002/1058833/2

KPMG US and KPMG Belgium, if any, in that collapse, the facts surrounding, as well as the analysis of alleged misrepresentations related to, the Dictaphone and Dragon transactions, the services performed by KPMG Belgium and KPMG US, the discovery and jurisdictional issues related to KPMG Belgium, third-party discovery of scores of persons and entities who have relevant information regarding the collapse of L&H, as well as scores of other factual and legal issues. KPMG US Br. at 2. As a consequence, the Massachusetts District Court has devoted significant resources to understanding issues surrounding the collapse of L&H, the two acquisitions at the heart of the Litigation Trustee's action, as well as the relevant discovery related to these issues. It has also issued numerous opinions related to these issues. See In re Lernout & Hauspie Securities Litigation, No. 02-10304 (D. Mass.), Docket Sheet, attached hereto as Exhibit A (listing all opinions filed thus far in the related litigation ongoing in the Massachusetts District Court).

   4. Virtually all of the factual and legal issues surrounding the claims asserted herein have been the subject of litigation pending for several years in the Massachusetts District Court. See KPMG US Br. at 2, 4, 7, 9. As demonstrated in KPMG US's opening brief, the Trustee's Complaint is replete with similar (if not identical) allegations previously made in the related litigation before the Massachusetts District Court. KPMG US Br. at 4. The Complaint is based upon the same allegations of improper revenue recognition practices at L&H, pertain to the same 1998 and 1999 L&H financial statements, quote the same documents, and make the same allegation that KPMG US and KPMG Belgium actively participated in L&H's improper recognition of revenue. Id. at 4 & n.7.

   5. The Trustee cannot (and does not) contest the Massachusetts District Court's lengthy involvement in these matters and its significant devotion of resources to matters

involving the collapse of L&H.  Indeed, "[t]he Trustee acknowledges a significant overlap of the facts of this case with the facts at issue in the Massachusetts Actions." Opp. Br. at 13.  However, despite the similarity of issues, the Trustee argues that the parties in this and the other litigations are different.  This argument is hollow because it rests entirely on the mistaken notion that, for the purposes of evaluating the propriety of the transfer and the efficiencies associated with the proposed transfer, the fact of KPMG US's settlement with plaintiffs in the Massachusetts Actions somehow eviscerates the years of litigation against KPMG US and KPMG Belgium with respect to these "overlap[ping]" factual issues.  It does not; and it is beyond dispute that both KPMG Belgium and KPMG US have been parties in the actions proceeding in Massachusetts.  As a result, Judge Saris and Magistrate Judge Collings have already had to grapple with issues regarding both legal entities and their alleged involvement with L&H.  See, e.g., In re Lernout & Hauspie Sec. Litig., 208 F. Supp. 2d 74 (D. Mass. 2002) (detailing KPMG Belgium and KPMG US's relationship with L&H); In re Lernout & Hauspie Secs. Litig. v. Lernout, 230 F. Supp. 2d 152 (D. Mass. 2002) (same).

      6.     In addition, the Massachusetts District Court has dealt with a wide range of legal claims, including claims sounding in negligence, fraud claims brought under the Massachusetts Consumer Protection Act, and claims alleging breaches of duty in connection with assisting the "Breaching Managers" in their allegedly fraudulent activities.  Indeed, in addition to securities fraud claims, plaintiffs in the Massachusetts Actions have brought claims against KPMG Belgium and KPMG US (and various other related-party defendants) for common law fraud, aiding and abetting common law fraud, negligent misrepresentation, conspiracy to defraud, breach of fiduciary duty, breach of contract, negligence, violations of the Federal Racketeer

Influenced and Corrupt Organizations Statute, and respondeat superior liability.[3] The Trustee's effort to characterize the Massachusetts Actions as cases merely alleging violations of the federal securities laws is thus unavailing.

7.    Despite the Trustee's protestations to the contrary, Opp. Br. at 7, the first-filed rule applies when a common set of facts is present. Whether or not the parties are identical is not dispositive. "[W]here two actions involve substantially the same *issues*, the first suit should have priority absent the showing of a balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." Regions Bank v. Wieder & Mastroianni, PC, 170 F. Supp.2d 436, 439 (S.D.N.Y. 2001) (emphasis added). Hence, "[t]he first-filed rule may apply even if the two actions in question involve different parties." Fleet Capital Corp. v. Mullins, 2004 WL 548240, at *4 & n.5 (S.D.N.Y. March 18, 2004) (Exhibit C hereto) (citing Regions Bank, 170 F. Supp.2d at 441); RJF Holdings III, Inc. v. Refractec, Inc., 2003 WL 22794987, at * 2 (E.D. Pa. Nov. 24, 2003) (Exhibit D hereto) ("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." (citation omitted)); General Comm. of Adjustment GO-386 v. Burlington N. R.R., 895 F. Supp. 249, 251 (E.D. Mo. 1995) ("In instances wherein parallel litigation has been instituted by the same or different parties in different courts, the 'first-filed rule' gives priority to choice of venue of the party who first established jurisdiction."). The same is true when the legal theories are dissimilar. Kidd v. Andrews, __ F.Supp.2d __, 2004 WL 2293703, at *2 (W.D.N.Y. Oct. 12, 2004) (Exhibit E hereto) (applying first-filed rule despite different legal theories); see also Kellen Co. v. Calphalon Corp., 54 F. Supp.2d 218, 222 (S.D.N.Y. 1999).

---

[3] See KPMG US Br. at n.6 (referencing the complaints filed in the In re L&H Securities Litigation, Stonington, Filler, Baker and Bamberg actions); see also the Dictaphone Trust complaint, attached hereto as Exhibit B.

Accordingly, in <u>Filler v. Lernout</u>, 2002 WL 227079 (D. Del. Feb. 8, 2002) (attached to KPMG US Br.), the District Court for the District of Delaware relied exclusively on the first-filed rule in granting the defendants' motion to transfer the action to the Massachusetts District Court without seeing the need to address any other factors. There, four actions had been filed in the District of Delaware against Jo Lernout, Pol Hauspie, KPMG US, KPMG Belgium, and various other individuals and entities, alleging fraudulent transactions and accounting. However, the first such securities class action and common law action had been filed in the District of Massachusetts. 2002 WL 227079 at *1. The defendants moved to transfer the Delaware actions to Massachusetts on the grounds that the venue of the first case filed required that subsequent cases arising out of the same set of facts must take place in the same venue as the first case. Because the claims involved a common set of facts, even though not the same claims as those that were pending in Massachusetts, and even though the plaintiffs in the Delaware-filed actions were not parties in the Massachusetts actions, the court granted the motion. <u>Id</u>. at *2.

Here, too, given the "significant overlap of the facts" to which the Trustee has conceded, even accepting <u>arguendo</u> that the parties and legal theories are slightly different, that observation would be "a distinction without a difference." <u>Kidd</u>, 2004 WL 2293703, at *2.[4]

8. The allegations and claims asserted in the Trustee's Complaint underscore the appropriateness of the resolution of the legal and factual issues by the Massachusetts District Court. The Complaint alleges that Massachusetts is "the center of gravity" of the alleged

---

[4] Plaintiff's reliance on <u>Codex Corp. v. Milgo Electronic Corp.</u>, 553 F.2d 735, 739 (1st Cir. 1977), is unavailing. <u>See</u> Opp. Br. at 13 (relying on <u>Codex</u> to suggest that Judge Saris might not provide "impartial consideration" of the Trustee's claims and that the first-filed rule does not apply here). "The court in <u>Codex</u> carved out an exception to the [first-filed] rule . . . where (1) the first filed suit is one for patent infringement brought by the patent owner against the customer of an allegedly infringing manufacturer and (2) the manufacturer brings a later suit for a declaration of patent invalidity against the patent owner in a timely fashion, and in a more convenient forum." <u>Cordell Engineering, Inc. v. Picker Int'l, Inc.</u>, 540 F. Supp. 1316, 1318 (D. Mass. 1982). However, in non-patent cases, such as this one, the first-filed rule is generally preferred. <u>Id.</u> (citing <u>Codex</u>, 553 F.2d at 737).

misconduct at issue here. (Compl ¶ 97; see also Opp. Br. at 14 ("With regard to the 'center of gravity' of KPMG and KPMG Belgium's conduct occurring in Massachusetts, the Trustee acknowledges that this fact should be considered for purposes of the Transfer Motion. . . .")). Additionally, the Complaint alleges that L&H's U.S. presence was in Massachusetts and that the alleged negligent "auditing functions" occurred in Boston. (Compl. ¶ 97.) Indeed, Plaintiff himself has invoked a Massachusetts consumer protection statute, namely Mass. Gen. L.C. 93A, and other claims requiring the application of Massachusetts state law.[5]

9.   The Trustee makes much of the point that the discovery schedule in the Massachusetts Actions is set to close soon, suggesting that the transfer motion is premised on the idea that the Litigation Trustee would be subject to this same discovery schedule. See Opp. Br. at 8-9. But KPMG US obviously is not suggesting that transfer is appropriate because the Litigation Trustee should be forced to conduct discovery in the remaining days of the discovery schedule in the Massachusetts Actions.[6] Rather, as reflected above, the point is that the discovery conducted over the last several years in Massachusetts has been extensive and

---

[5] Plaintiff emphasizes that he is relying on a different provision of the Massachusetts Consumer Protection Act than a plaintiff in the Massachusetts Actions did, arguing that this difference makes transfer less appropriate than it otherwise would be. See Opp. Br. at 11. The Trustee's argument is unpersuasive. See supra at 7-8. Different provision or not, the claim still arises under a Massachusetts statute with which the Massachusetts District Court is more familiar. In addition, the invocation of the separate provision itself is inconsequential because of the way the statute operates. In Nisselson v. Lernout, No. 03-10843 (D. Mass), one of the related Massachusetts Actions, the trustee filed a claim against KPMG US for violation of Section 2 of the Massachusetts Consumer Protection Act. Here, Plaintiff has filed a claim against KPMG US for a violation of Section 11 of the same act. (See Compl. ¶¶ 90-98). "*General Laws c. 93A s. 2(a)* makes unlawful any 'deceptive acts or practices in the conduct of any trade or commerce.' *Under Section 11 of the statute,* 'any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property . . . as a result of the use or employment by another person who engages in trade or commerce of an unfair method of competition or an unfair or deceptive act or practice *declared unlawful by Section two*' may seek damages." Decoster v. Vrouhas, 1999 WL 1318963, at *4 (Mass. Sup. Ct. Jan. 25, 1999) (Exhibit F hereto) (emphasis added). Accordingly, the two provisions of the Massachusetts Consumer Protection Act are inextricably intertwined. To prove a violation of Section 11, one must first prove a violation of Section 2. Id.

[6] Moreover, Plaintiff's assertion that the discovery deadline for all parties is November 15, 2004 is simply incorrect. A number of actions are on entirely different schedules in which discovery has not yet even begun. See, e.g., Nisselson v. Lernout, No. 03-10843 (D. Mass.) (parties have stipulated to extension of time to answer amended complaint).

9

discovery in this action will overlap significantly with the discovery already taken in Massachusetts. Furthermore, as the Trustee concedes, a number of potential party and non-party witnesses reside in Massachusetts. See Opp. Br. at 14. While the Trustee emphasizes that others are resident in "Houston, Atlanta, New York, and Belgium respectively," see id., by the Trustee's own admission, Delaware is not one of the places in which potential witnesses reside. Accordingly, as compared to Delaware, transfer of this action to the Massachusetts District Court would also be more convenient to the parties and witnesses involved. See Pursuit Athletic Footwear, Inc. v. Save Power Ltd., 1996 WL 328596, at *9-*10 (D. Del. June 7, 1996) (attached to KPMG US Br.) (transferring venue due to the absence of connections with Delaware).

On May 30, 2003, this Court entered an order confirming a plan of Liquidation. (Compl ¶ 11). On April 2, 2004, the Liquidation Plan became effective and Plaintiff was appointed as the Litigation Trustee. (Compl ¶ 12). As Litigation Trustee, Plaintiff assumed responsibility for the prosecution of all claims of L&H and was vested with all right, title, and interest of L&H in those claims. (Compl ¶ 13). L&H itself has been in bankruptcy since November of 2000. (Compl ¶ 10). Having full knowledge that numerous related matters were simultaneously being litigated in the Massachusetts District Court,[7] L&H and its successor-in-interest, the Litigation Trustee, chose to wait until August 2, 2004 to file the instant Complaint in this Court, alleging non-core claims. At this point, litigation surrounding the collapse of L&H has long been

---

[7] The Trustee's involvement in the Massachusetts Actions also reflects the appropriateness of transferring this matter there. The Trustee has previously been involved in the production of documents to the parties in the Massachusetts Actions, including KPMG US. As a result, decisions made by the Trustee have had a direct impact on the production of documents in the Massachusetts Actions. Additionally, on October 15, 2004, the Trustee himself received a subpoena to testify in the Massachusetts Actions. See L&H Litigation Trust Subpoena, attached hereto as Exhibit G. Finally, a recent letter was sent to the Massachusetts District Court regarding whether the L&H Litigation Trustee is the appropriate holder of the Belgian secrecy privilege and whether Plaintiff is going to waive that privilege to permit KPMG Belgium to produce secrecy documents in the Massachusetts Actions. See Letter from G. Novack to Magistrate Judge Collings, dated 10/20/04, a true and correct copy of which is attached hereto as Exhibit H.

10

litigated in the District of Massachusetts, and it would be inefficient and inappropriate to ignore that fact simply because L&H and its successor waited until now to bring these claims, and decided to bring them in this forum.

10. Finally, transfer to the Massachusetts District Court would promote efficiency in light of the necessity that claims asserted against KPMG US herein cannot be adjudicated in the bankruptcy court. Because the matter is non-core, and because KPMG US has preserved its right to a jury trial by not filing a proof of claim, the limitations imposed by 28 U.S.C. § 157(c)(1) support a transfer of the Complaint to federal district court. Accordingly, this Court should grant the defendant's motion to transfer the Complaint to the Massachusetts District Court .

The allegations in the Complaint solely relate to pre-petition acts and do not relate to enumerated "core" proceedings under 28 U.S.C. § 157(b)(2). (See, e.g., Compl. ¶¶ 51, 54, 55, 57, 58). The Supreme Court in Granfinanciera recognized the Article III concerns raised by allowing for the adjudication of these claims by non-Article III courts. Granfinanciera, 492 U.S. at 52 (1989). There, the Court wrote that: "[W]e expressly stated [in Katchen v. Landy], that, if petitioner had not submitted a claim to the bankruptcy court, the trustee could have recovered the preference only by a plenary action, and that petitioner would have been entitled to a jury trial if the trustee had brought a plenary action in federal court." Id. at 57-58. Even if KPMG US were inclined to consent to a jury trial in this Court, Delaware bankruptcy judges have not been given the authority to preside over jury trials pursuant to 28 U.S.C. § 157(e). See Hunt Capital Group v. McHenry, 2001 WL 1617191, at *2 (D. Del. Dec. 13, 2001) (Exhibit I hereto). However, since KPMG US has not filed a proof of claim and KPMG US will not consent to a jury trial in bankruptcy court, this matter is not appropriately left in the bankruptcy court, and, for the reasons already set forth, should be transferred to the Massachusetts District Court.

11

## CONCLUSION

For all the reasons set forth above, and in KPMG US's opening brief, KPMG US respectfully requests that this Court enter an Order transferring this action to the Massachusetts District Court.

Dated: November 15, 2004

OF COUNSEL:
Michael P. Carroll
Michael S. Flynn
Suong T. Nguyen
Julian J. Moore
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

MORRIS, JAMES, HITCHENS & WILLIAMS

_____
Brett D. Fallon (#2480)
Douglas N. Candeub (#4211)
222 Delaware Avenue, 10th Floor
Post Office Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com
E-mail: dcandeub@morrisjames.com

Attorneys for KPMG LLP

12