# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d
2003 WL 22794987 (E.D.Pa.)
(Cite as: 2003 WL 22794987 (E.D.Pa.))

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.

RJF HOLDINGS III, INC.
v.
REFRACTEC, INC.
and
KREMER LASER EYE CENTER, INC.

No. Civ.A. 03-1600.

Nov. 24, 2003.

MEMORANDUM AND ORDER

SURRICK, J.

*1 Presently before the Court are Defendants' Motion to Dismiss Or, In the Alternative, To Transfer or Stay (Doc. No. 4), and Plaintiff's Motion to Strike Certain Portions of Defendants' Reply Brief to Plaintiff's Opposition to Defendants' Motion to Dismiss Or, In the Alternative, To Transfer or Stay (Doc. No. 9). For the following reasons, Defendants' Motion will be granted and Plaintiff's Motion will be denied.

Background

This is a patent infringement action. Plaintiff alleges that Defendant Refractec, Inc. ("Refractec") a California company headquartered in California, is the manufacturer of a device for performing ocular surgery known as the ViewPoint CK. Refractec sold ViewPoint CK devices to various doctors, hospitals, and eye clinics across the country. Defendant Kremer Laser Eye Surgery, Inc. ("Kremer"), a company that operates eye surgery centers located primarily in Pennsylvania, New Jersey, and Delaware, purchased ViewPoint CK devices, which it uses to perform eye operations. Plaintiff alleges that Kremer's use of the ViewPoint CK devices directly infringes two of its patents: U.S. Patent No. 5,413,574, entitled "Method of Radiosurgery of the Eye" (the " '574 Patent"), and U.S. Patent No. 5,423,815, entitled "Method of Ocular Refractive Surgery" (the " '815 Patent"). Plaintiff also alleges that Refractec is inducing infringement of both patents through its manufacture and distribution of the ViewPoint CK devices.

Dr. Richard J. Fugo, a resident of Pennsylvania, is the inventor of the ' 574 Patent and '815 Patent. Both patents were granted to Fugo in 1995. On April 13, 1999, representatives of Fugo sent a letter to Refractec stating Fugo's belief that Refractec was infringing Fugo's patents. (Doc. No. 8, Def.'s Reply to Mot. to Dis. Ex. B.) The letter requested that Refractec cease and desist. Over the next few years, Fugo and Refractec attempted to negotiate a licensing agreement that would give Refractec the right to use the '815 Patent in exchange for royalty payments. When they were unable to come to an agreement, Refractec filed an action in the District Court for the Central District of California against the then-owner of the '815 Patent, Fugo, seeking a declaration that Refractec was not infringing the '815 Patent (the "California Action").

The California Action was filed on March 6, 2003. (Doc. No. 4, Def.'s Mot. to Dis. Ex. A.) On March 11, 2003, Fugo transferred ownership of the '574 Patent and '815 Patent to Plaintiff, a holding company that he apparently created and owns. (Doc. No. 13, Pl.'s Reply to Mot. to Strike Ex. A & B.) On March 14, 2003, Plaintiff, a Delaware company headquartered in Pennsylvania, filed this action alleging infringement of the '574 Patent and '815 Patent and seeking declaratory and injunctive relief, and damages.

On April 3, 2003, after Plaintiff filed this action, Refractec amended its complaint in the California Action. In the amended complaint, Kremer joins Refractec as a plaintiff. Each seeks a declaration that they are not infringing the '574 Patent and '815 Patent. The amended complaint also names RJF Holdings III, Inc. ("RJF"), the present owner of the patents, as a defendant.

Discussion

1. The First to File Rule

*2 Defendants request that we stay, dismiss or transfer this action pursuant to the well-recognized

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

doctrine of federal comity known as the "first-to-file" rule. See *E.E.O.C. v. University of Pa.*, 850 F.2d 969, 971-72 (3d Cir.1988). The question of whether a patent infringement suit, like this one, should yield to a previously filed declaratory action asserting the same patent rights "raises the issue of national uniformity in patent cases," and therefore requires application of Federal Circuit caselaw. See *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed.Cir.1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Federal Circuit applies the "general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Id.* Exceptions to the general rule are not rare. However, there "must be sound reason that would make it unjust or inefficient to continue the first-filed action. Such reason may be the convenience and availability of witnesses, or absence of jurisdiction over necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* (citing *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081-83 (Fed.Cir.1989)).

II. Analysis

Even though the complaint in the California Action did not initially name two of the parties to the present action, the subsequent amendment of that complaint does not affect its status as the first-filed action. "The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 WL 88906, at *3 (E.D.Pa. Feb. 19, 1997). See also *Kahn*, 889 F.2d at 1082-83 (applying first-to-file rule even though different parties named in the competing actions); *Whelan v. United Pac. Indus., Inc.*, No. 02-2519, 2002 WL 31513432, at *2 (E.D.Pa. Nov. 1, 2002) (holding that "[a]lthough plaintiffs argue that the California complaint failed to name the patent owners as parties to the declaratory judgment action, such an easily correctable oversight does not prevent this Court from deferring to the first-filed suit"); *National Foam, Inc. v. Williams Fire & Hazard Control, Inc.*, No. 97-3105, 1997 WL 700496, at *1-2 (E.D.Pa. Oct. 29, 1997) (applying first-to-file rule even though defendant not named in initial complaint because the defendant "should have known that but for a mistake concerning the identity of the proper party, the initial complaint would have been brought against it") (quotations omitted). Plaintiff does not dispute that the subject of the California Action and this case are the same. [FN1] Accordingly, unless Plaintiff can show that an exception to the first-to-file rule applies, we will defer to the California Action.

> FN1. Indeed, all of Plaintiff's infringement claims are compulsory counterclaims to the claims in the California Action. See *Vivid Techs., Inc. v. American Sci. Eng'g, Inc.*, 200 F.3d 795, 802 (Fed.Cir.1999) ("[I]t is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived.").

*3 In arguing that an exception to the first-to-file rule applies, Plaintiff principally relies on *Serco Services Co. v. Kelley Co.*, 51 F.3d 1037 (Fed.Cir.1995). In *Serco*, Kelley Company, Inc. ("Kelley"), sent Serco Services Company, Inc. ("Serco"), a letter asserting that Serco was infringing Kelley's patent. The letter demanded a reply and threatened legal action. Serco failed to reply, but Kelley did not file a patent infringement action. Several months later, Kelley sent Serco a second letter, dated September 8, 1993, demanding that Serco respond by September 20 or face a patent infringement suit. On September 20, Serco responded by letter denying Kelley's infringement claims. Meanwhile, on September 17, Serco had filed an action in the District Court for the Northern District of Texas seeking a declaration that it was not infringing Kelley's patent. On September 20, Kelley filed a patent infringement suit against Serco in the District Court for the Eastern District of Wisconsin. Kelley later filed a motion in the federal court in Texas to dismiss the Texas declaratory action, arguing that the Texas action was filed in anticipation of Kelley's infringement action, and that convenience factors favored litigating the parties' dispute in Wisconsin. The court agreed and dismissed the Texas action.

On appeal, the Federal Circuit ruled that the district court had not abused its discretion in dismissing the Texas action. The court noted the general rule that the first-filed action is normally preferred. *Serco*, 51 F.3d at 1039. In *Serco*, however, two factors supported dismissing the first-filed suit. First, the district court's determination that the Texas action was anticipatory was a factor weighing in favor of its dismissal, even though the impact of forum shopping in patent cases has been tempered by the creation of the Court of Appeals for the Federal Circuit. *Id.* at 1040. Independently, however, the Federal Circuit

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 22794987 (E.D.Pa.)
**(Cite as: 2003 WL 22794987 (E.D.Pa.))**

Page 3

found that the presence of convenience factors favoring the Wisconsin action was "sound reason" to dismiss the first-filed Texas action. The court noted that all of Kelley's witnesses were located in Wisconsin, while Serco's witnesses were scattered throughout the country. Also, while some of Serco's documents were located at its Canadian headquarters, all of Kelley's documents were located in Wisconsin. The presence of these convenience factors supported the court's decision to dismiss the first-filed Texas action. *Id.*

The circumstances in this case differ from those in *Serco* in several respects. First of all, the California Action is not anticipatory in the same sense that the Texas action was anticipatory in *Serco*. In that case, Serco filed the Texas action knowing that a patent infringement action against it by Kelley was imminent. Thus, Serco engaged in forum shopping, a fact that was properly considered by the district court as a factor weighing in favor of dismissing the Texas action.

*4 In this case, we cannot conclude that Refractec engaged in forum shopping. Plaintiff has presented no evidence to suggest that Refractec knew that a patent infringement action by Plaintiff was imminent at the time Refractec filed the California Action. To the contrary, Plaintiff argues in its opposition brief that "[a]t the time Refractec filed the California Action (i.e., March 6, 2003), it was not in reasonable apprehension of [a patent infringement] suit from Dr. Fugo or RJF." [FN2] (Doc. No. 7, Pl.'s Opp. to Mot. to Dis. at 17.) Thus, we cannot conclude that the California Action was anticipatory.

> FN2. Plaintiff makes this statement in support of its argument that the California Court lacks subject matter jurisdiction over the California Action, a topic on which we express no opinion.

This case is also different from *Serco* in that convenience factors do not favor litigating this dispute in Pennsylvania. If anything, convenience factors favor litigating this dispute in California. California is the location of the allegedly infringing manufacturer, Refractec, as well as the documents, manufacturing equipment, and witnesses responsible for the design, manufacture, and sale of the allegedly infringing product, the ViewPoint CK device. (Def.'s Mot. to Dis., Decl. of Peter T. Christensen ¶¶ 2, 4.) Plaintiff argues that convenience factors favor Pennsylvania because the doctors working for Kremer are located there and the doctors' testimony will be crucial in establishing direct infringement of Plaintiff's patents. [FN3] However, Defendants point out that the manner in which the ViewPoint CK devices are utilized for surgery is carefully prescribed in instructions and materials developed and distributed by Refractec, and that all of these materials emanate from Refractec's California headquarters. (Def.'s Reply to Mot. to Dis., Decl. of Mitch Campbell ¶ 5.) In sum, while Pennsylvania may be *a* convenient forum for this dispute, it is not clear to us that it is more convenient than California. We will not defer to a later-filed action when to do so "merely serves to shift inconveniences from one party to another." *Kahn,* 889 F.2d at 1083 (quoting *Weight Watchers Int'l v. The Stouffer Corp.,* No. 88-7062, 1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989)).

> FN3. This is because Plaintiff claims the use of the ViewPoint CK devices directly infringes its patents, rather than the manufacture of the devices.

Finally, Plaintiff argues that Pennsylvania is a more appropriate forum for this dispute because the California court lacks both personal jurisdiction over RJF, and subject matter jurisdiction over the Defendants' declaratory judgment action. Our review of the docket in the California Action reveals that the defendants there have not answered or otherwise responded to the complaint. Objections to the jurisdiction of the California court should be presented to and decided by that court. *See Peregrine Corp. v. Peregrine Indus., Inc.,* 769 F.Supp. 169, 173 (E.D.Pa.1991); *Enzo Biochem, Inc. v. Calgene, Inc.,* No. 93-110-JJF, 1993 WL 266515, at *2 (D.Del. May 18, 1993). If it turns out that the California court lacks jurisdiction over a necessary party or the subject matter of that action, then we may reconsider our decision to stay this action. Until that determination is made, we conclude that this matter should be stayed. [FN4] An appropriate order follows.

> FN4. Though Plaintiff moved to strike certain portions of Defendants' reply brief, the objected to portions were not necessary or considered for this decision. Accordingly, Plaintiff's motion to strike is denied as moot.

*ORDER*

*5 AND NOW, this 24th day of November, 2003, upon consideration of Defendants' Motion to Dismiss Or, In the Alternative, To Transfer or Stay (Doc. No. 4), and Plaintiff's Motion to Strike Certain Portions of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Defendants' Reply Brief to Plaintiff's Opposition to Defendants' Motion to Dismiss Or, In the Alternative, To Transfer or Stay (Doc. No. 9), and all papers filed in support thereof and in opposition thereto it is ORDERED as follows:

1. Defendants' Motion to Stay is GRANTED. This case shall be STAYED and placed on the Civil Suspense Docket until further order of the Court.

2. Plaintiff's Motion to Strike is DENIED as MOOT.

IT IS SO ORDERED.

2003 WL 22794987 (E.D.Pa.)

Motions, Pleadings and Filings (Back to top)

• 2:03CV01600 (Docket) (Mar. 14, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.