# **EXHIBIT E**

2004 WL 2293703                                                                    Page 1
--- F.Supp.2d ---
**(Cite as: 2004 WL 2293703 (W.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
W.D. New York.

Bobbie KIDD, Plaintiff,
v.
Anginelle ANDREWS, individually and as
Superintendent of the Albion
Correctional Facility, et al., Defendants.

No. 02-CV-6244L.

Oct. 12, 2004.

**Background:** State inmate brought individual action under § 1983 against superintendent of correctional facility, inspector general of State Department of Correctional Services (DOCS), and correctional officer who allegedly raped and impregnated her. Superintendent and inspector moved to enjoin inmate from participating in class action of current or former DOCS inmates who had been sexually assaulted, abused and harassed by correctional officers. Inmate moved for default judgment against correctional officer.

**Holdings:** The District Court, Larimer, J., held that:
(1) under first-filed rule, inmate would be enjoined from prosecuting class action as named plaintiff, and
(2) default judgment against officer who had not answered or moved against complaint was warranted.
Motions granted.

**[1] Federal Courts** ☞1149.1
170Bk1149.1 Most Cited Cases
"First filed rule" states that where action is brought in one federal district court and later action embracing same issue is brought in another federal court, first court has jurisdiction to enjoin prosecution of second action, unless there are special circumstances which justify giving priority to second action.

**[2] Federal Courts** ☞1150
170Bk1150 Most Cited Cases
Under first-filed rule, state inmate, who had initiated individual action under § 1983 against superintendent of correctional facility, inspector general of State Department of Correctional Services (DOCS), and correctional officer who allegedly raped and impregnated her, would be enjoined from continuing to prosecute, in another district, class action brought by class of current or former DOCS inmates who had been sexually assaulted, abused and harassed by correctional officers; inmate made same claims against same defendants arising out of same facts, regardless of distinction in remedies, which involved damages in individual action and declaratory and injunctive relief in class action, inmate filed complaint seeking individual damages prior to commencement of class action, inmate was named plaintiff and not merely member of class, and inmate would not be prejudiced if she ceased to be named plaintiff. 42 U.S.C.A. § 1988.

**[3] Federal Civil Procedure** ☞2415
170Ak2415 Most Cited Cases
In former state inmate's § 1983 action seeking damages against correctional officer and other defendants, default judgment against officer, who had been served with summons and complaint but had not answered or moved against complaint, was warranted. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 55(a), 28 U.S.C.A.

**[4] Federal Civil Procedure** ☞2421
170Ak2421 Most Cited Cases
In former state inmate's § 1983 action seeking damages against superintendent of correctional facility, inspector general of State Department of Correctional Services (DOCS) and correction officer, no damage award would be entered against officer, against whom default judgment had been entered, until claims against superintendent and inspector general had been resolved. 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc.Rule 55(a), 28 U.S.C.A.

Ivar Goldart, Falk & Klebanoff, PC, New York City, Jeffrey P. Falk, Falk & Klebanoff, PC, West Hempstead, NY, Clark J. Zimmermann, Jr., Trevett, Lenweaver & Salzer, P.C., Rochester, NY, for Plaintiff.

Charles D. Steinman, Rochester, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, District Judge.

*1 Plaintiff, Bobbie Kidd, commenced this action under 42 U.S.C. § 1983 on August 8, 2002. Plaintiff,

a female inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that she was raped and impregnated in August 2001 by defendant Dean Schmidt, who at the time was a correction officer at Albion Correctional Facility ("Albion"). Kidd alleges that defendants Anginelle Andrews and Richard Roy, who at all relevant times were the superintendent of Albion and the DOCS inspector general respectively, failed to take appropriate action to protect her from Schmidt or to take action against him. She seeks several million dollars in damages, as well as attorney's fees under 42 U.S.C. § 1988.

On January 28, 2003, Kidd and a number of other women filed a class action complaint in the Southern District of New York. The complaint in that case, *Amador v. Superintendents of DOCS*, No. 03 Civ. 0650 ("*Amador*"), alleges that the plaintiffs are all current or former DOCS inmates who have been sexually assaulted, abused and harassed by correctional officers. The defendants include those officers, as well as supervisory defendants (Andrews and Roy among them) who have allegedly failed to take action against the officers or to protect the plaintiffs. The *Amador* complaint also contains allegations about Schmidt raping Kidd. The *Amador* plaintiffs seek declaratory and injunctive relief. Most of them also seek damages, but Kidd is not listed among the plaintiffs who seek damages in *Amador*.

Defendants Andrews and Roy move in this action to enjoin plaintiff from continuing to participate as a plaintiff in *Amador*. Plaintiff opposes the motion. In addition, plaintiff has moved for a default judgment against defendant Schmidt, who has not answered the complaint. For the reasons that follow, both motions are granted.

## DISCUSSION

### I. Defendants' Motion to Enjoin Plaintiff from Participating as a Plaintiff in *Amador*

"As between federal district courts ... the general principle is to avoid duplicative litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). "Courts already heavily burdened with litigation with which they must of necessity deal should ... not be called upon to duplicate each other's work in cases involving the same issues and the same parties." *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir.1970).

[1] Ordinarily, where two cases have been commenced concerning the same claims, the later-filed suit must give way to the first. "The 'first filed' rule states that 'where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action,' unless 'there are special circumstances which justify giving priority to the second' action." *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991) (quoting *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir.1974), and *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969)).

*2 In general, then, "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second." *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir.1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir.1986)). This rule seeks to advance judicial economy, protect the plaintiff's choice of forum and avoid duplicative litigation. *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79-80 (2d Cir.1989); *Comedy Partners v. Street Players Holding Corp.*, 34 F.Supp.2d 194, 196 (S.D.N.Y.1999). It also protects parties from the considerable expense and potential for inconsistent judgments that duplicate litigation entails. *Comedy Partners*, 34 F.Supp.2d at 196-97. See also *Fleet Capital Corp. v. Mullins*, 2004 WL 548240, at *4 (S.D.N.Y. Mar.18, 2004) ("The purposes behind this rule are to avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments").

[2] I see no reason to depart from this rule here. There is no sound reason why defendants should have to defend against the same claims, by the same plaintiff, in two courts, nor is there any good reason why two courts should adjudicate those same claims. Since plaintiff filed the complaint in this action prior to the commencement of *Amador*, then, I find it proper to enjoin her from continuing to prosecute *Amador* as a named plaintiff in that action.

Plaintiff contends that this case is sufficiently distinct from *Amador* that the first-filed rule should not apply. The primary basis for that assertion is that in *Amador*, plaintiff seeks declaratory and injunctive

relief only, whereas here she seeks damages.

That is a distinction without a difference. "[T]he whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim; and, *a fortiori,* he cannot divide the grounds of recovery." United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476 (1904). See also United States v. Alfano, 34 F.Supp.2d 827, 833-34 (E.D.N.Y.1999) ("if claims arise out of the same factual grouping, transaction, or series of transactions, they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief") (applying New York law relating to *res judicata* ); Richardson v. City of New York, 1988 WL 156324, at *4 (S.D.N.Y. Oct.14, 1988) ("There is a strong policy favoring the litigation of related claims in the same tribunal"); Torres v. 100 North Lasalle Partnership, 1985 WL 3143, at *3 (N.D.Ill. Sept.25, 1985) ("a litigant cannot split claims for legal and equitable relief") (applying Illinois law).

*3 Also, it makes no difference that *Amador* is a class action. Under the principles stated above, it would be improper for a plaintiff to file an action for damages in one district, and then, in a different district, file an individual action seeking equitable relief against the same defendants arising out of the same facts. I see no reason why a different result should obtain simply because the later-filed action is a class action.

Furthermore, as the Second Circuit has pointed out, "any exception [to the first-filed rule] for cases where the same party is plaintiff in both actions would entail the danger that plaintiffs may engage in forum shopping or, more accurately, judge shopping. When they see a storm brewing in the first court, they may try to weigh anchor and set sail for the hopefully more favorable waters of another district." Semmes Motors, 429 F.2d at 1203. Those considerations, too, weigh against allowing plaintiff to proceed in both fora simultaneously.

Plaintiff does cite some authority that participating in a class action seeking equitable relief does not bar class members from pursuing individual damage claims. That principle, though, relates to individual damage claims brought *subsequent* to a class action, not simultaneously with it. See, e.g., Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir.1996) ("the general rule is that a class action suit seeking only declaratory and injunctive relief does not bar *subsequent* individual damage claims by class members, even if based on the same events") (emphasis added), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997); In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 209 F.R.D. 323, 339 (S.D.N.Y.2002) ("courts generally allow plaintiffs in class actions to sue for injunctive relief on behalf of the class and then bring damages claims in *subsequent* individual actions") (emphasis added). Allowing subsequent individual actions for damages does not present the same danger of inconsistent adjudications that would exist if a party were allowed to pursue individual and class actions simultaneously. See Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (to allow individual suits during pendency of a class action would interfere with the orderly administration of the class action and risk inconsistent adjudications) (en banc).

I recognize that there is some authority that the pendency of a class action seeking only equitable relief does not bar a class *member* from pursuing an individual claim for damages. See, e.g., McNeil v. Guthrie, 945 F.2d 1163, 1166 n. 4 (10th Cir.1991); Spears v. Johnson, 859 F.2d 853, 854 (11th Cir.1988), vacated on other grounds in part, 876 F.2d 1485 (11th Cir.1989); Norris v. Slothouber, 718 F.2d 1116, 1117 (D.C.Cir.1983); Milburn v. Coughlin, 1993 WL 190279, at *3 (S.D.N.Y. May 28, 1993). Kidd, however, is not merely a member of the class in *Amador;* she is a named plaintiff. She is, therefore, litigating essentially the same claims in two different fora at the same time, which the case law makes clear she may not do. See Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir.2000) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time"); Indianapolis Motor Speedway v. Polaris Industries, Inc., 2000 WL 777895, at *1 (S.D.Ind. Apr.28, 2000) ("There is a strong legal presumption against having related actions pending simultaneously in different courts"). [FN1]

*4 Furthermore, there is no reason to think that plaintiff will be prejudiced if she ceases to be a named plaintiff in *Amador.* As plaintiff herself notes, evidence relating to her rape by Schmidt and to defendants' acts or omissions may very well be presented in that action, regardless of whether Kidd is actually a plaintiff in that case. There is no reason why Kidd could not testify in *Amador.* And as a class member, plaintiff would presumably benefit from any

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

class-wide injunctive relief that may be ordered in *Amador*. [FN2]

## II. Plaintiff's Motion for a Default Judgment against Schmidt

[3] Plaintiff has moved for a default judgment against defendant Schmidt. Schmidt was served with the summons and complaint in February 2004, but has not answered or moved against the complaint. A default was entered against him on March 30.

Federal Rule of Civil Procedure 55(a) provides for the entry of default judgment whenever the party against whom a judgment of affirmative relief is sought has failed to plead. *See, e.g., Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 513-14 (2d Cir.2001). Since those criteria have been met here, plaintiff's motion is granted as to Schmidt's liability.

Courts have held, however, that "where liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been resolved." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1324 (7th Cir.1983). The reason for this rule is to avoid inconsistent damage awards on a single claim involving joint and several liability. *Id.; see also Rich v. Maidstone Financial, Inc.*, 2002 WL 31867724, at *1 n. 2 (S.D.N.Y. Dec.20, 2002) ("even if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments") (quoting *Lite-Up Corp. v. Sony Music Entertainment, Inc.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999)).

[4] Here, some of plaintiff's claims are asserted against all three defendants, and she seeks compensatory damages of five million dollars against all of them. To avoid the possibility of inconsistent judgments, then, no damage award will be entered against Schmidt until plaintiff's claims against Andrews and Roy have been resolved. Presumably, if liability is established at a trial against Andrews and Roy, damages will be determined at that trial against all the defendants, including Schmidt.

## CONCLUSION

The motion to enjoin plaintiff by defendants Anginelle Andrews and Richard Roy (Docket # 17) is granted, and plaintiff is enjoined from participating as a plaintiff in *Amador v. Superintendents of DOCS*, No. 03 Civ. 0650 (S.D.N.Y.).

*5 Plaintiff's motion for a default judgment against defendant Dean Schmidt (Docket # 29) is granted in part. The Clerk of the Court is directed to enter judgment by default in favor of plaintiff and against Schmidt on plaintiff's First through Eighth Causes of Action, as to Schmidt's liability only. Judgment as to damages shall not be entered at this time.

IT IS SO ORDERED.

FN1. In addition, in most of those cases, the class members sought *only* equitable relief, so the individual plaintiff could only have sought monetary relief in an individual action. *See, e.g., Spears*, 859 F.2d at 855; *Norris*, 718 F.2d at 1117. Here, most of the *Amador* plaintiffs do seek both legal and equitable relief. Presumably, plaintiff chose not to do so in that action only because she had already commenced this action.

FN2. Plaintiff could, of course, move to transfer this action to the Southern District of New York, and then move to consolidate it with *Amador*. *See, e.g., Spears*, 859 F.2d at 855 (directing that individual plaintiff's § 1983 action be transferred to district where class action was pending, and noting that the transferee district could then dismiss any of the plaintiff's claims that overlapped with those brought by the class representatives, consolidate those claims with the class claims, or stay them pending resolution of the class claims). Such a course of action would seemingly be more convenient for all concerned, although the matter may be complicated somewhat by the fact that plaintiff has separate counsel in this action and in *Amador*. At any rate, plaintiff has not sought such relief, and absent such a motion, the Court is not prepared to transfer this case *sua sponte*.

2004 WL 2293703 (W.D.N.Y.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.