# EXHIBIT I

Westlaw.

Not Reported in F.Supp.2d
2001 WL 1617191 (D.Del.)
(Cite as: 2001 WL 1617191 (D.Del.))

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.


United States District Court, D. Delaware.

HUNT CAPITAL GROUP, L.L.., David E. Webb,
Steven Johnson, David Earl Webb and
Roy Carter Plaintiffs,
v.
Carroll D. MCHENRY, Marjean Henderson, Quad-
C, Inc., Quaker Capital Management
Corporation, the Mainstay Funds, on Behalf of its
High Yield Corporate Bond
Fund Series, Aspen Partners, Northstar Investment
Management Corp., Wayland
Investment Fund, L.L.C., Terry S. Parker, John A.
Sprague and Richard T.
Weatherholt Defendants.

**No. Civ.A. 01-255-SLR.**

Dec. 13, 2001.


MEMORANDUM ORDER

ROBINSON, District J.

I. INTRODUCTION

*1 This fraud action arises from a Chapter 11 bankruptcy action, *In re Heartland Wireless Communications, Inc.,* 98-2692, filed in the District of Delaware bankruptcy court on December 4, 1998. As a result of a plan of reorganization filed by Heartland Wireless Communications, Inc., (the "Debtor"), plaintiffs Hunt Capital Group, L.L.C., David E. Webb, Steven Johnson, David Earl Webb and Roy Carter ("Hunt Capital") filed a state court action in Oklahoma alleging there was fraud perpetrated in the bankruptcy action which undervalued their stock. As owners of the common stock of the Debtor, Hunt Capital asserted defendants Carroll D. McHenry, Marjean Henderson, Quad-C, Inc., Quaker Capital Management Corp., the Mainstay Funds, Aspen Partners, Northstar Investment Management Corp ., Wayland Investment

Fund, L.L.C., Terry S. Parker, John A. Sprague and Richard T. Weatherholt ("McHenry Group" [FN1]) engaged in fraud on the bankruptcy court to undervalue the Debtor.

> FN1. According to Hunt Capital, defendants were either members of the Ad Hoc Committee, the Creditors' Committee, officers, directors or note holders of the Debtor.


McHenry Group removed the state court action to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U .S.C. § § 1334 and 1452. Hunt Capital objected to the removal and moved to abstain and remand to state court.

The District Court for the Eastern District of Oklahoma found transfer of this action to Delaware was appropriate, and that the Delaware bankruptcy court was the proper court to determine the issues underlying Hunt Capital's motion to remand or abstain.

Presently before the court is McHenry Group's motion to refer the civil action to bankruptcy court (D.I.31) and Hunt Capital's motion to remand or abstain from deciding this action. (D.I.7) For the reasons that follow, the motions will be denied.

II. DISCUSSION

Hunt Capital initially challenges the court's very jurisdiction to review this case because, they argue, there is neither diversity nor a federal claim. McHenry Group asserts this case is directly related to the bankruptcy action and would not exist but for that proceeding. Although the Oklahoma district court expressly refers this issue to the Delaware bankruptcy court to resolve, it is implicit throughout the opinion that the court concluded jurisdiction was evident and arose from the bankruptcy matter. According to the court,

this action is a case or proceeding under Title 11 in that it "relates to" the bankruptcy case before the Delaware Bankruptcy Court. Plaintiffs' allegations, although disguised in terms of individual liability claims against the Removing Defendants based on state law violations, is in reality a collateral attack

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 1617191 (D.Del.)
**(Cite as: 2001 WL 1617191 (D.Del.))**

on the plan of reorganization as confirmed by the Delaware Bankruptcy Court. In bringing suit against the Removing Defendants, Plaintiffs are attempting [to] alter the terms of the plan by adjusting its distribution scheme, i.e. they are seeking to recover funds disbursed to the Removing Defendants through the Debtor's plan. Plaintiffs' allegations of misconduct strike at the core of the reorganization proceedings before the Delaware Bankruptcy Court and should be addressed by that Court.

**\*2** (D.I.26) Based on the record, it is evident that the Oklahoma state action arose directly from the Debtor's filing of bankruptcy and the related proceedings. The disposition of the state claims will directly affect the bankruptcy estate. *Compare, In re Diaconx Corp.,* 65 B.R. 139 (Bankr.E.D.Pa 1986). In fact, an August 23, 2001 order of the bankruptcy court specifically stays the proceedings in the underlying matter pending resolution of issues herein. (D.I.34)

Having resolved the jurisdictional issue, the question becomes whether the court should accept McHenry Group's contention that the Oklahoma District Court's decision and Section 157(a) of Title 28 of the United States Code mandate referral to the bankruptcy court. Because a jury trial has been requested, and Hunt Capital will not consent to a jury trial before the bankruptcy court, Hunt Capital argues the case cannot be referred to the bankruptcy court.

The court agrees. The bankruptcy judges in this court have not been given the authority to conduct jury trials. Therefore, this action will not be referred to the bankruptcy court but will be tried in this court. *See,* 28 U.S.C. § 1334.

CONCLUSION

At Wilmington, this 13th day of December, 2001 Hunt Capital's motion to remand (D.I.7) and McHenry Group's motion to refer (D.I.31) are denied.

2001 WL 1617191 (D.Del.)

Motions, Pleadings and Filings (Back to top)

• 1:01CV00255 _____ (Docket) (Apr. 17, 2001)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.