UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT L. BAENA, LITIGATION TRUSTEE OF THE LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. LITIGATION TRUST<br><br>Plaintiff,<br><br>- v -<br><br>KPMG LLP and KLYNVELD PEAT MARWICK GOERDELER BEDRIJFSREVISOVEN,<br><br>Defendants. | Civil Action No. 04-12606 PBS |

**DEFENDANT KPMG LLP'S UNOPPOSED MOTION FOR LEAVE TO FILE
A MEMORANDUM OF LAW IN EXCESS OF 20 PAGES**

Defendant KPMG LLP ("KPMG US") hereby moves for leave of this Court to file a Memorandum of Law in Support of KPMG LLP's Motion to Dismiss the Complaint, which is in excess of the twenty-page limit provided in Local Rule 7.1(B)(4). The Memorandum of Law contains 26 pages. As grounds for this Motion, KPMG US states:

1. This case involves multiple allegations: (1) malpractice; (2) aiding and abetting breaches of fiduciary duties; and (3) violation of the Massachusetts Consumer Protection Act.

2. The Plaintiff is Litigation Trustee (the "Trustee") for the bankrupt Belgian company, Lernout and Hauspie Speech Products N.V. ("L&H"). He is a successor-in-interest to, and stands in the shoes of, L&H.

3. The case arises out of L&H's acquisitions of Dictaphone Corporation ("Dictaphone") and Dragon Systems, Inc. ("Dragon") over four years ago. The Trustee alleges that L&H's auditor, Klynveld Peat Marwick Goerdeler Bedrijfsrevisoven ("KPMG Belgium") and KPMG US are liable for over $300 million in debt that L&H borrowed to acquire these companies. Thus, he seeks to recover what L&H owed its creditors prior to the bankruptcy.

4. L&H is widely alleged to have perpetrated a fraud on everyone, including its auditors, by overstating reported revenue. Plaintiff alleges, among other things, that L&H's alleged fraud impacted its acquisition of Dictaphone and Dragon. The Trustee now seeks to shift the blame from its predecessor-in-interest, L&H, to KPMG Belgium and KPMG US. The complexity of L&H's alleged fraud, the magnitude of the losses, and the multiplicity of actions and proceedings related to the Trustee's claims require a detailed presentation of the Trustee's allegations as well as a thorough analysis of the factual and legal bases that warrant dismissal of each of the Trustee's claims. These include concepts of standing, the doctrines of imputation and *in pari delicto*, multiple statutes of limitations, and the predicates for suit pursuant to the Massachusetts Consumer Protection Act.

5. KPMG US, although it has made every effort to do so, is unable to explicate the complex facts and legal theories at issue in less than 26 pages.

6. Counsel for the Plaintiff has assented to this Motion.

WHEREFORE, KPMG US respectfully requests that the Court allow it to file a Memorandum of Law in excess of twenty pages.

Dated: January 7, 2005

        Respectfully Submitted,

        KPMG LLP,
        By its attorneys,

        /s/ Kristin G. McGurn
        Kevin J. Lesinski (BBO #554140)
        William J. Hanlon (BBO # 551878)
        Kristin G. McGurn (BBO #559687)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane
        Suite 300
        Boston, MA 02210-2028
        Telephone:   (617) 946-4800
        Telecopier:   (617) 946-4801

        Michael P. Carroll
        Michael S. Flynn
        Diem-Suong T. Nguyen
        Reshma M. Saujani
        Shannon K. Manigault
        DAVIS POLK & WARDWELL
        450 Lexington Avenue
        New York, NY 10017
        (212) 450-4000

**Certification of Complaince with Local Rule 7.1(A)(2)**

Undersigned counsel for KPMG US hereby certifies that a via telephonic communications on January 7, 2005 between David W. Trench, Esq., counsel for Scott L. Baena, Litigation Trustee of the Lernout & Hauspie Speech Products, N.V. Litigation Trust and Michael S. Flynn, Esq., counsel for KPMG US, Plaintiff's counsel indicated that the Plaintiff does not oppose the relief sought by this motion.

        /s/ Kristin G. McGurn

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically and by first-class mail on January 7, 2005.

    /s/ Kristin G. McGurn

BO1 15689859.1