UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

SCOTT L. BAENA, Litigation Trustee of :
the Lernout & Hauspie Speech Products, :
N.V. Litigation Trust, : 04-CV-12606-PBS
:
        Plaintiff, :
:
   v. :
:
KPMG LLP and :
KLYNVELD PEAT MARWICK :
GOERDELER BEDRIJFSREVISOREN, :
:
        Defendants. :

---

### REPLY DECLARATION OF NICHOLAS W.C. CORSON
### IN SUPPORT OF DEFENDANT KLYNVELD PEAT MARWICK GOERDELER
### BEDRIJFSREVISOREN'S MOTION TO DISMISS THE COMPLAINT

NICHOLAS W.C. CORSON, declares pursuant to 28 U.S.C. § 1746 that:

1.    I am an attorney with Hogan & Hartson, LLP, which represents defendant Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren ("KPMG-B") in this action. I have been admitted *pro hac vice* in this matter. I am over the age of 18 and am fully competent to testify.

2.    Attached hereto as Exhibit A is a true and correct copy of a letter dated January 14, 2005, sent from Frank Seys, one of the Belgian Curators of L&H appointed in the Belgian bankruptcy proceeding, to Jozef Lievens, Belgian counsel for KPMG-B. Attached is both the original of the letter and a free translation into English.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York this 25th day of February, 2005.

                                                                                              Nicholas W.C. Corson

# EXHIBIT A

*Free translation*

8970 Poperinge, 14 January 2005

Mr. Jozef Lievens
Counsel
Pres. Kennedypark 37
8500 KORTRIJK

Fax: 056/22 62 23

e-mail: jozef.lievens@eubelius.com

Dear Counsel,

Ref:      Bankruptcy Lernout & Hauspie Speech Products nv
My ref:   19083
Your ref:

I have the impression that there is a misunderstanding.

The *"plan of liquidation"* contains the following clause (page 60): *"The claims of creditors that filed general, unsecured claims in the Belgian Case in accordance with Belgian law, will be transferred to[t] the Chapter 11 Case and will be deemed to[t] have timely filed a proof of claim in the Chapter 11 Case. Such claims will, if consistent with the Bankruptcy Code, be allowed in the Chapter 11 Case as Class 3 Unsecured Claims."*

This means that the creditors who have timely filed proof of an unsecured claim in Belgium can be considered creditors in the Chapter 11 Case with a view to participation in the distribution of the US assets, though subject to the claim being eligible for acceptance in the US *("if consistent with the bankruptcy code"* – see further the provisions of the plan of liquidation).

The plan administrator has asked for the cooperation of the (Belgian) trustees in bankruptcy in providing an overview of the accepted claims and those that are still pending, which could qualify for the distribution in the Chapter 11 Case.

This does not mean that we will not be dealing with the disputes that are not yet definitely resolved. The Belgian Bankruptcy legislation obliges us to do so.

With a view to a fair distribution of the assets of Lernout & Hauspie Speech Products amongst all the creditors, the Chapter 11 plan contains an arrangement whereby the creditors who have only filed proofs of claim in the Belgian bankruptcy proceeding are also included in the distribution of the US assets.

The passage you refer to in your letter of 10 December 2004 deals with this issue.

The fact that we reply to certain questions from the (U.S.) plan administrator does not mean that we move away from the fundamental fact referred to in the liquidation plan that *"the curators do not support the plan."*

Yours sincerely,


Frank Seys

14/01/2005  14:48   3257338461         ADV BOEDTS SEYS                    PAG. 01

**HERMAN BOEDTS**

**FRANK SEYS**

Advocaten

Tel. 057.333.828
Fax 057.338.461

DX 8975 POP
boedts.seys@pandora.be

8970 POPERINGE, 14 januari 2005
Burgemeester Bertenplein 31

Mr. Jozef LIEVENS
Advocaat
Pres. Kennedypark 37
8500 KORTRIJK

Fax : 056/22 62 23
e-mail : jozef.lievens@eubelius.com

Waarde Confrater,

Betreft :   Faillissement LERNOUT & HAUSPIE SPEECH PRODUCTS N.V.
M. ref. :   19083
Uw ref. :

Ik heb de indruk dat er een misverstand bestaat.

Het "plan of liquidation" bevat de volgende bepaling (blz.60): *"The claims of creditors that filed general, unsecured claims in the Belgian Case in accordance with Belgian law, will be transferred tot the Chapter 11 Case and will be deemed tot have timely filed a proof of claim in the Chapter 11 Case. Such claims will, if consistent with the Bankruptcy Code, be allowed in the Chapter 11 Case as Class 3 Unsecured Claims".*

Dat betekent dat de schuldeisers die tijdig in België een aangifte gedaan hebben in het gewoon passief, eveneens als schuldeiser zullen kunnen beschouwd worden in de Chapter 11Case met het oog op deelneming in de verdeling van de in de Verenigde Staten aanwezige activa, evenwel onder voorbehoud dat de vordering aldaar aanvaard kan worden ("if consistent with the bankruptcy code" – zie verder de bepalingen van het plan of liquidation).

Door the plan administrator is de medewerking van de curatoren gevraagd om een overzicht te maken van de aanvaarde schuldvorderingen en de nog niet afgehandelde schuldvorderingen, die eventueel kunnen in aanmerking komen voor de verdeling in de Chapter 11 Case.

Dat betekent niet dat wij de nog niet definitief opgeloste betwistingen alhier niet verder zullen afhandelen. Het Belgische faillissementsrecht verplicht ons daar overigens toe.

Het Chapter 11-plan bevat een regeling om, met het oog op een billijke verdeling van de activa van Lernout & Hauspie Speech Products onder alle schuldeisers, ook de schuldeisers die alleen in de Belgische faillissementsprocedure aangifte van schuld-

**Advocaten Herman Boedts en Frank Seys** 2.

vordering gedaan hebben, in de verdeling van de in de Verenigde Staten aanwezige activa te betrekken.

Daarover gaat de passage waarnaar u verwijst in uw brief van 10 december 2004.

Het feit dat wij antwoord geven op bepaalde vragen van de plan administrator betekent niet dat wij terugkomen op het in het liquidation plan vermelde fundamentele gegeven dat "the curators do not support the plan".

Met confraternele groeten,

Frank SEYS