UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT L. BAENA, LITIGATION TRUSTEE OF THE LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. LITIGATION TRUST,<br><br>Plaintiff,<br><br>- v -<br><br>KPMG LLP and KLYNVELD PEAT MARWICK GOERDELER BEDRIJFSREVISOVEN,<br><br>Defendants. | Civil Action No. 04-12606-PBS |

**KPMG LLP'S UNOPPOSED MOTION FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

DAVIS POLK & WARDWELL

Michael P. Carroll
Michael S. Flynn
Sean C. Knowles
Julian J. Moore
450 Lexington Avenue
New York, NY  10017

Dated:  May 19, 2005

SEYFARTH SHAW LLP

Kevin J. Lesinski (BBO #554140)
William J. Hanlon (BBO # 551878)
Kristin G. McGurn (BBO #559687)
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

*Attorneys for KPMG LLP*

Defendant KPMG LLP ("KPMG US") respectfully submits this unopposed motion, pursuant to Local Rule 7.1(b)(3), for leave to submit an opinion by Judge Nathaniel M. Gorton of the United States District Court for the District of Massachusetts, In re Advanced RISC Corporation, 2005 U.S. Dist. LEXIS 7239 (D. Mass. Mar. 29, 2005). In re Advanced RISC Corporation was issued shortly after the March 25, 2005 oral argument on the motions to dismiss, and supports KPMG US's position that the doctrines of imputation and *in pari delicto* should bar all of the Litigation Trustee's claims asserted against KPMG US.

During the March 25 oral argument, the Court inquired whether the doctrines of imputation and *in pari delicto* are applicable to negligence-based claims, such as professional malpractice and breach of fiduciary duty. In further response to the Court's query in this regard, In re Advanced RISC Corporation is another in a long series of cases applying these doctrines to bar claims sounding in both negligence and fraud. In re Advanced RISC Corporation, 2005 U.S. Dist. LEXIS 7239 at *2-*3, *13-*14 (applying *in pari delicto* to bar bankruptcy trustee's claims against financial professionals for negligence and *respondeat superior*). Numerous courts, including this Court, have applied these doctrines specifically to bar claims for accounting malpractice, breach of fiduciary duty, and/or the Massachusetts Consumer Protection Act (M.G.L. c. 93A). See, e.g., Nisselson v. Lernout, Civil Action No. 03-10843 (PBS), Memoranda and Orders dated August 9, 2004 and August 13, 2004 (dismissing all of trustee's claims against KPMG US, including claims of negligent misrepresentation with regard to KPMG US's audit work, violation of the Massachusetts Consumer Protection Act and breach of fiduciary duty); Official Committee of Unsecured Creditors v. Lafferty, 267 F.3d 340, 345-46, 360 (3d Cir. 2001) (barring, *inter alia*, professional malpractice and breach of fiduciary duty claims on grounds of *in pari delicto*); Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1094 (2d Cir. 1995) (holding that

trustee was "precluded from asserting the professional malpractice claims alleged in the Complaint" on grounds of *in pari delicto*); In re Agribiotech, Inc., 2005 U.S. Dist. LEXIS 6466, *37-*41 (D. Nev. April 1, 2005) (rejecting the so-called "would-a, could-a, should-a test" as a basis to defeat application of the doctrines of imputation and *in pari delicto* and barring, *inter alia*, professional malpractice claims); American Tissue v. Arthur Andersen, L.L.P., 275 F. Supp.2d 398, 405 (S.D.N.Y. 2003) (holding that because the dominant managers of the corporation orchestrated and/or tolerated the alleged fraud, the company cannot now attempt to "implicate third-party professionals in wrongs in which these dominant individuals are directly responsible[,]" including through claims of professional malpractice and breach of fiduciary duty for allegedly failing to detect the alleged fraud).[1]

Judge Gorton's opinion in In re Advanced RISC Corporation is also instructive on the application of the doctrines of imputation and *in pari delicto* in the context of claims brought by a corporate successor, such as a bankruptcy trustee. It holds that a bankruptcy trustee, such as the Litigation Trustee here, is subject to the doctrines of imputation and *in pari delicto*. 2005 U.S. Dist. LEXIS 7239, at *9. According to Judge Gorton, numerous circuit court opinions "have unanimously held the in pari delicto doctrine to be applicable to bankruptcy trustees in analogous scenarios." Id. at *11 (citing decisions from the Second, Third, Sixth, and Tenth

---

[1] The Litigation Trustee's argument that the *in pari delicto* doctrine should not bar malpractice claims in the context of an issuer with publicly registered securities is not only without support, but is belied by the application of the doctrine in numerous cases involving public securities offerings: See, e.g., Lafferty, 267 F.3d at 345 (alleged fraud involved scheme to register, offer and sell additional debt securities); In re Dublin Sec., 133 F.3d 377, 379-80 (6th Cir. 1997) (on the grounds of *in pari delicto* barring, *inter alia*, professional malpractice claims against attorneys for involvement in allegedly fraudulent securities offerings); In re Agribiotech, 2005 U.S. Dist. LEXIS 6466, at *12-*19, *36-*39 (notwithstanding allegations of stock sales by insiders for personal gain, barring, on the grounds of *in pari delicto*, *inter alia*, professional malpractice claims against accountants for alleged malpractice in connection with audits of publicly traded company).

Circuits).[2]  In addition, Judge Gorton follows numerous courts in holding that a trustee is subject to all defenses applicable to a debtor corporation.  2005 U.S. Dist. LEXIS 7239, at *9-*11.[3]

Finally, Judge Gorton's opinion is instructive regarding the application of the doctrines of imputation and *in pari delicto*.  As Judge Gorton explained, when applying the imputation and *in pari delicto* doctrines, one must first look to state law to "determine[] the circumstances under which the misconduct of corporate actors may be imputed to the corporation."  In re Advanced RISC Corporation, 2005 U.S. Dist. LEXIS 7239, at *7-*8.  The Massachusetts Supreme Judicial Court has held that "knowledge of officers and directors having substantial control of all activities of a corporation is imputed to the corporation."  Demoulas v. Demoulas, 428 Mass. 555, 585 (1998).[4]

Here, as KPMG US has demonstrated in its papers and at oral argument, and as this Court previously has recognized, the "Breaching Managers" controlled L&H.  See In re Lernout & Hauspie Sec. Litig., 208 F. Supp.2d 74, 78 & n.3, 90-91 (D. Mass. 2002) ("Lernout, Hauspie,

---

[2] Shortly after Judge Gorton issued his opinion, the Eighth Circuit similarly concluded that "the equitable defense of *in pari delicto* is available in an action by a bankruptcy trustee against another party if the defense could have been raised against the debtor."  Grassmueck v. American Shorthorn Ass'n., 402 F.3d 833, 836-37 (8th Cir. Mar. 31, 2005); see also In re Senior Cottages, 320 B.R. 895, 901-02 & n.12 (Bankr. D. Minn. Feb. 18, 2005) (granting motion to dismiss because bankruptcy trustee subject to *in pari delicto* doctrine); In re Agribiotech, Inc., 2005 U.S. Dist. LEXIS 6466, at *21-*26, *30-*32, *48 (holding trustee subject to the imputation and *in pari delicto* doctrines).

[3] In re Advanced RISC Corporation thus further underscores the lack of merit of the Litigation Trustee's vague tolling argument with respect to the applicable statutes of limitation.  The applicable bankruptcy provision (11 U.S.C. § 108) provides the debtor or trustee the greater of (a) two years from the filing of the bankruptcy petition or (b) the time remaining under the applicable limitations period.  As demonstrated in the papers on the motion to dismiss and as the Litigation Trustee himself concedes, the applicable limitations period for both malpractice and breach of fiduciary duty claims began to run at the latest in November 2000 and thus expired at the latest by November 2003.  KPMG US Br. at 20; KPMG US Rep. Br. at 7-8.  The Complaint in this action was not filed until nine (9) months later in August 2004.  The bankruptcy context is of no assistance to the Litigation Trustee, and there is no additional equitable tolling of which the Litigation Trustee can avail itself.

[4] Should this Court conclude that Delaware law should apply, such a holding has no impact on this analysis because Delaware and Massachusetts law are in accord.  See Bellanca Corp. v. Bellanca, 53 Del. 378, 384-85 (Del. 1961); Poole v. Newark Trust Co., 40 Del. 163, 174-75 (Del. 1939); In re HealthSouth Corp. S'holders Litig., 845 A.2d 1096, 1108 n.22 (Del. Ch. 2003); Cha Plake Holdings v. Chrysler Corp., 2002 Del. Super. LEXIS 31, at *101-*02 (Del. Super. Jan. 10, 2002).

Bastiaens, and Willaert each exercised control over the decision-making processes of L&H."); KPMG US Rep. Br. at 4-7; KPMG Belgium Rep. Br. at 7-8. The Litigation Trustee himself alleges that the "Breaching Managers" committed fraud to aggrandize L&H by "inflat[ing] L&H's revenues and earnings" (Compl. ¶¶ 22, 30). Their conduct and knowledge is, therefore, properly imputed to the Litigation Trustee. Young v. Deloitte & Touche, 2004 Mass. Super. LEXIS 359, at *29 (Mass. Super. Sept. 20, 2004); see also In re Advanced RISC Corporation, 2005 U.S. Dist. LEXIS 7239, at *8-*9 (imputing misdeeds similar to the allegations here to the corporation because "'knowledge of officers and directors having substantial control of all activities of a corporation is imputed to the corporation'" (quoting Demoulas v. Demoulas, 428 Mass. 555, 584 (1998)).[5]

Accordingly, in light of the recent authority, and for all the reasons stated in KPMG US's memoranda of law in support of its motion to dismiss, KPMG US respectfully requests that this Court dismiss all of the Litigation Trustee's claims with prejudice.

---

[5] In light of his conclusions with respect to imputation and *in pari delicto*, Judge Gorton did not reach the question of whether alleging "deepening insolvency" was sufficient to withstand a standing challenge. If the Court decides, like Judge Gorton, to bar the claims on the basis of imputation and *in pari delicto*, it likewise need not reach the question of "deepening insolvency." In any event, as KPMG US has demonstrated in its briefs and at oral argument, the question whether or not the theory of "deepening insolvency" is cognizable is an open one. Moreover, even assuming *arguendo* that it is cognizable, the Complaint here does not properly allege "deepening insolvency," but only asserts as damage the exact amount owing to creditors of L&H at the time of L&H's bankruptcy filing. KPMG US Rep. Br. at 2-3. The authorities are uniform that a trustee lacks standing to recover for harm to creditors or shareholders. See KPMG US Br. at 6-8; KPMG US Rep. Br. at 1-3. Thus, KPMG US submits that the Litigation Trustee's lack of standing provides a separate, independent basis for dismissal of this action in its entirety.

Dated: May 19, 2005　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Kevin J. Lesinski

| | |
|---|---|
| Michael P. Carroll | Kevin J. Lesinski (BBO #554140) |
| Michael S. Flynn | William J. Hanlon (BBO # 551878) |
| Sean C. Knowles | Kristin G. McGurn (BBO #559687) |
| Julian J. Moore | SEYFARTH SHAW LLP |
| DAVIS POLK & WARDWELL | World Trade Center East |
| 450 Lexington Avenue | Two Seaport Lane |
| New York, NY 10017 | Suite 300 |
| (212) 450-4000 | Boston, MA 02210-2028 |
| | Telephone:   (617) 946-4800 |
| | Telecopier:   (617) 946-4801 |

### Local Rule 7.1 Certification

　　　I, Michael S. Flynn, certify pursuant to Local Rule 7.1(a)(2) that on May 18, 2005, I conferred with counsel for the Litigation Trustee regarding this motion for leave. Counsel for the Litigation Trustee indicated that the Trustee is not opposed to the motion for leave, but reserves his right to respond to KPMG US's discussion of significance of the supplemental authority being submitted. On May 19, 2005, I conferred with counsel for Defendant KPMG Belgium, who indicated that KPMG Belgium is not opposed to the motion.

Dated: May 19, 2005　　　　　　　　　　　　　　　　　　　　-  /s/ Michael S. Flynn  -

---

**CERTIFICATE OF SERVICE**

　　I hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically and by first-class mail on May 19, 2005.

　　　　/s/ Kevin J. Lesinski

---

5