UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT L. BAENA, LITIGATION TRUSTEE OF THE LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. LITIGATION TRUST,<br><br>Plaintiff,<br><br>- v -<br><br>KPMG LLP and KLYNVELD PEAT MARWICK GOERDELER BEDRIJFSREVISOVEN,<br><br>Defendants. | Civil Action No. 04-12606-PBS |

# KPMG LLP'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S SUBMISSION REGARDING ADDITIONAL AUTHORITY

Pursuant to Local Rule 7.1(b)(3), KPMG LLP respectfully moves this Court for leave to file a short response to Plaintiff's submission regarding KPMG LLP's unopposed motion to file additional authority. KPMG LLP believes that its proffered response, which is attached hereto as Exhibit A, will be of assistance to the Court in its consideration of KPMG LLP's pending motion to dismiss this action.

For the reasons expressed in KPMG LLP's prior submissions to the Court, KPMG LLP believes that there are several independent grounds on which this action should be dismissed in its entirety. The attached proffered response to the Plaintiff's latest submission focuses upon the Plaintiff's further misconstruction of one of those grounds – namely, the *in pari delicto* doctrine. KPMG LLP believes it is efficient and fair for the Court to consider its short response in connection with the Court's evaluation of the pending motion to dismiss.

In connection with the submission of additional authority by KPMG LLP and Plaintiff's submission commenting on that additional authority, counsel for KPMG LLP conferred with counsel for

the Plaintiff.  Counsel for each party agreed that he had no objection to the other party filing papers with the Court, but each side explicitly reserved its right to submit its substantive views with respect to the merits and relevance of the arguments made by the opposing party.  Accordingly, KPMG LLP hereby respectfully seeks to submit to the Court – if the Court elects to accept it – a brief response to Plaintiff's latest submission regarding certain of the legal issues underlying the pending motion to dismiss.

**WHEREFORE**, KPMG LLP respectfully requests that the Court accept for filing KPMG LLP's brief submission attached as Exhibit A hereto.

Dated:  June 15, 2005                                  Respectfully Submitted,

                                                              /s/ Kristin G. McGurn

| | |
|---|---|
| Michael P. Carroll | Kevin J. Lesinski (BBO #554140) |
| Michael S. Flynn | William J. Hanlon (BBO # 551878) |
| Sean C. Knowles | Kristin G. McGurn (BBO #559687) |
| Julian J. Moore | SEYFARTH SHAW LLP |
| DAVIS POLK & WARDWELL | World Trade Center East |
| 450 Lexington Avenue | Two Seaport Lane, Suite 300 |
| New York, NY 10017 | Boston, MA 02210-2028 |
| (212) 450-4000 | Telephone:    (617) 946-4800 |
| | Telecopier:    (617) 946-4801 |

**Local Rule 7.1 Certification**

I, Michael S. Flynn, certify pursuant to Local Rule 7.1(a)(2) that on May 18, 2005, I conferred with counsel for the Litigation Trustee with respect to KPMG LLP's submission of additional authority and we agreed that the Litigation Trustee would not oppose the submission of additional authority, but reserved its right to express its view on the merits and relevance of that authority.  On June 2, 2005, I conferred with counsel for the Litigation Trustee with regard to his responsive submission.  I indicated that KPMG US did not oppose the filing of his responsive submission, but, like the Litigation Trustee, reserved its right to express its view on the merits and relevance of that submission.

Dated: June 15, 2005                                                                   -   /s/ Michael S. Flynn   -

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail on June 15, 2005.

    /s/ Kristin G. McGurn

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT L. BAENA, LITIGATION TRUSTEE OF THE LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. LITIGATION TRUST,<br><br>Plaintiff,<br><br>- v -<br><br>KPMG LLP and KLYNVELD PEAT MARWICK GOERDELER BEDRIJFSREVISOVEN,<br><br>Defendants. | Civil Action No. 04-12606-PBS |

## KPMG LLP'S RESPONSE TO PLAINTIFF'S SUBMISSION REGARDING ADDITIONAL AUTHORITY

DAVIS POLK & WARDWELL

Michael P. Carroll
Michael S. Flynn
Sean C. Knowles
Julian J. Moore
450 Lexington Avenue
New York, NY  10017

Dated:  June 15, 2005

SEYFARTH SHAW LLP

Kevin J. Lesinski (BBO #554140)
William J. Hanlon (BBO # 551878)
Kristin G. McGurn (BBO #559687)
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

*Attorneys for KPMG LLP*

The Litigation Trustee's response to Defendant KPMG LLP's (KPMG US's) submission of supplemental authority misconstrues the relevant authorities with respect to the doctrines of imputation and *in pari delicto* and further underscores the applicability of those doctrines in this case.

1.  The Litigation Trustee does not dispute that the so-called "Breaching Managers" controlled L&H. Nor does the Litigation Trustee take issue with the numerous authorities cited by KPMG US dismissing claims against accountants and other professionals in a circumstance where the alleged fraud is imputed to the plaintiff. Instead, the entire crux of the Litigation Trustee's argument is that L&H is different because it was a publicly traded corporation with outside directors and an audit committee, certain members of whom were not involved in the alleged fraud. The Litigation Trustee continues to cite no authority for the proposition that publicly traded companies with audit committees are immune from the well-established doctrines of imputation and *in pari delicto*.

2.  The Litigation Trustee continues to rely solely on vague references to Section 10A of the 1934 Securities and Exchange Act to suggest to this Court that it create a new doctrine exempting publicly traded companies with audit committees from the dictates of the well-established doctrines of imputation and *in pari delicto*. As KPMG US has pointed out, no case has ever carved out the exception being proposed by the Litigation Trustee and nothing in Section 10A or its legislative history – which provides no private right of action at all – suggests that that Section was intended to limit application of the *in pari delicto* doctrine. There is simply nothing in the uniform authorities on this point or in Section 10A that exempts publicly traded companies with audit committees from the application of this doctrine. The Litigation Trustee is

asking this Court – without any support – to either rewrite Section 10A and/or decide as a matter of first impression that the *in pari delicto* doctrine has no application in such circumstances.

       3.       In addition, one need look no further than this Court's opinion in <u>Nisselson v. Lernout</u> to refute the Litigation Trustee's erroneous assertion that "[t]here's never been a case where *in pari delicto* has been applied in the context of a publicly traded corporation with outside directors and an outside audit committee." <u>See</u> Litigation Trustee Response to Supplemental Authority, at 2-3 (citation omitted). There, this Court applied the doctrine in a case involving L&H. The alleged fraudulent conduct of officers and directors of L&H – a public company with an audit committee – served to bar the claims of L&H's subsidiary, Dictaphone Corporation. <u>See</u> <u>Nisselson v. Lernout</u>, Civil Action No. 03-10843 (PBS), Memoranda and Orders dated August 9, 2004 and August 13, 2004. Here, the circumstance is even more direct – L&H itself (in the form of its successor) is seeking to assert claims in the face of fraud its controlling officers and directors are alleged to have committed.

       4.       Similarly, in the seminal case of <u>Cenco v. Seidman & Seidman</u>, 686 F.2d 449 (7th Cir. 1982), the Seventh Circuit made clear that the *in pari delicto* doctrine has application in the context of a publicly traded corporation, even where seven of the nine members of the board of directors were not involved in the fraud. <u>See</u> <u>id.</u> at 451, 454-58. As in <u>Cenco</u>, here, it is not disputed that "fraud permeat[ed] the top management of [the Company]." <u>Id.</u> at 456. Indeed, the Litigation Trustee itself has pled as much. <u>See</u> (Compl. ¶¶ 22-42); <u>see also</u> KPMG US Rep. Br. at 4-7; KPMG Belgium Rep. Br. at 7-8. In <u>Cenco,</u> as here, where "the fraud permeates the top management of the company and if, moreover, the managers are not stealing from the company . . . but instead are turning the company into an engine of theft against outsiders[,]" the company's claims against others are subject to the defense of *in pari delicto*. <u>Id.</u> at 454, 455-57.

2

5.      All of the Litigation Trustee's efforts to distinguish the authorities KPMG US has cited, including the recent decision in In re Advanced RISC Corporation, 2005 U.S. Dist. LEXIS 7239 (D. Mass. Mar. 29, 2005), fail to address the fundamental point that the Complaint in this action alleges that those who controlled L&H orchestrated the alleged fraud.[1]  In those circumstances, the fraud (and the knowledge underlying it) are imputed to the corporation, which is, in turn, barred from seeking to blame others for the fraud it itself committed.

6.      The Litigation Trustee's efforts to avoid application of the doctrines of imputation and *in pari delicto* wrongly focuses on the alleged failures of KPMG US.  Consistent with the policies underlying the imputation doctrine, courts generally do not consider the behavior of the accounting firm or other professionals when deciding whether to attribute the conduct or knowledge of management to a client company.[2]  The focus is properly on the wrongdoing of management.[3]  "[I]t makes sense that the application of a rule designed to prevent a plaintiff

---

[1] The Litigation Trustee's discussion of Young v. Deloitte &Touche, 2004 WL 2341344 (Mass. Super. Sept. 20, 2004), is misleading. It suggests that the court there rejected an *in pari delicto* argument. It did not. The defendant in that case, Deloitte & Touche, made a statute of limitations argument, and in so doing sought to have certain knowledge of when claims arose imputed to the plaintiff. The court agreed and applied the imputation doctrine. KPMG US merely cited the case for the uncontroversial proposition that the doctrine of imputation is followed in Massachusetts. The block quote offered by plaintiffs in its response brief relates not to a rejection of an *in pari delicto* argument, but to the assertion by Deloitte that the complaint contained insufficient allegations of reliance and causation. See 2004 WL 2341344, at *11.

Similarly, the Litigation Trustee's discussion of In re Agribiotech, Inc., 2005 U.S. Dist. LEXIS 6466 (D. Nev. April 1, 2005), misses the point. KPMG US cited it merely to rebut the Litigation Trustee's assertion that the doctrine has no application in the context of publicly traded companies. The Trustee concedes Agribiotech was publicly traded.

[2] See, e.g., Hirsch v. Arthur Andersen 72 F.3d 1085, 1094-96 (2d Cir. 1995); FDIC v. Ernst & Young, 967 F.2d 166, 171-72 (5th Cir. 1992); CBI v. Ernst & Young, 318 B.R. 761, 765-66 (S.D.N.Y. 2004); Breeden v. Kirkpatrick & Lockhart, LLP, 268 B.R. 704, 709 (S.D.N.Y. 2001).

[3] For example, the Southern District of New York has found that whether an accountant aided and abetted fraud or simply committed malpractice, the imputation analysis remains unchanged. "[T]he essential triggers of the rule are . . .: [that] the dominant managers of the [company] … orchestrated and/or tolerated and endorsed a fraud on creditors and a bankruptcy trustee has subsequently attempted to implicate third-party professionals in wrongs for which these dominant individuals are directly responsible." Breeden v. Kirkpatrick & Lockhart, LLP, 268 B.R. 704, 710 (S.D.N.Y. 2001).

from recovering damages for a wrong that he himself essentially took part in would not depend on the nature of the accusations leveled against third-parties." Complete Mgmt. v. Arthur Andersen, 2003 U.S. Dist. LEXIS 12977, at *7 (S.D.N.Y. July 22, 2003) (internal citations omitted). Imputation of conduct or knowledge to a plaintiff company "is not limited to situations where the defendant is innocent of wrongdoing, either intentional or negligent. Rather, its premise is that, while the defendant is engaged in negligence or intentionally wrongful conduct, because the plaintiff also engaged in wrongful conduct, recovery is precluded." MCA Financial Corp. v. Grant Thornton, 263 Mich. App. 152, 162 (Mich. App. 2004); see also In re Advanced RISC Corp., 2005 U.S. Dist. LEXIS 7239, at *8-*9 (imputing misdeeds similar to the allegations here to the corporation because "'knowledge of officers and directors having substantial control of all activities of a corporation is imputed to the corporation'" (quoting Demoulas v. Demoulas, 428 Mass. 555, 584 (Mass. 1998)).

      7.     Finally, the Litigation Trustee concedes that the bankruptcy tolling provision provides no assistance to it in this case. Nonetheless, as with its arguments with respect to *in pari delicto*, it seeks to persuade the Court to adopt a new rule for this case – here, some sort of equitable tolling. There is simply no support for the Litigation Trustee's position, as we have previously demonstrated.[4]

---

[4] While the Litigation Trustee's response rehashes its deepening insolvency arguments, KPMG US submits that the Litigation Trustee adds nothing new and that KPMG US's prior arguments in this regard are fully responsive.

| | |
|---|---|
| Dated: June 15, 2005 | Respectfully Submitted, |
| | _____/s/ Kristin G. McGurn_____ |
| Michael P. Carroll | Kevin J. Lesinski (BBO #554140) |
| Michael S. Flynn | William J. Hanlon (BBO # 551878) |
| Sean C. Knowles | Kristin G. McGurn (BBO #559687) |
| Julian J. Moore | SEYFARTH SHAW LLP |
| DAVIS POLK & WARDWELL | World Trade Center East |
| 450 Lexington Avenue | Two Seaport Lane, Suite 300 |
| New York, NY 10017 | Boston, MA 02210-2028 |
| (212) 450-4000 | Telephone:     (617) 946-4800 |
| | Telecopier:    (617) 946-4801 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first-class mail on June 15, 2005.

  /s/ Kristin G. McGurn

BO1 15721019.1